1

2

3

4

5

6

7             IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   DERRICK L. SLEDGE,                    )
                                          )
11             Plaintiff(s),              )        No. C 07-4622 CRB (PR)
                                          )
12        v.                              )        ORDER OF SERVICE
                                          )
13   DAVID BALKIND, et al.,               )
                                          )
14             Defendant(s).              )
     ─────────────────────────────        )

15

16            Plaintiff, a state prisoner at the Correctional Training Facility in Soledad,

17   California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983

18   alleging that he was falsely charged with participating in a riot and denied due

19   process at the subsequent disciplinary hearing that found him guilty.  Among

20   other things, plaintiff alleges that the evidence against him was fabricated and

21   insufficient, and that the assigned investigative employee did not perform

22   adequately.  Plaintiff also alleges that his underlying administrative appeals were

23   mishandled.

24                              **DISCUSSION**

25   A.       Standard of Review

26            Federal courts must engage in a preliminary screening of cases in which

27   prisoners seek redress from a governmental entity or officer or employee of a

28   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Liberally construed, plaintiff's allegations of denial of due process in connection with the disciplinary proceedings against him appear to state a cognizable claim under § 1983 and will be served on the named defendants.  See Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974) (due process guarantees various procedural requirements in connection with disciplinary proceedings, including notice and an opportunity to be heard); see also Burnsworth v. Gunderson, 179 F.3d 771, 773-74 (9th Cir. 1999) (due process requires that discipline imposed be supported by some evidence).

Plaintiff's allegations of false charges are dismissed because it is well-established that prisoners have no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986).  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.  See Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

2

Plaintiff's allegations that his underlying administrative appeals were mishandled are also dismissed.  It is well-established that there is no constitutional right to a prison administrative appeal or grievance system, <u>see</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988), and that a state's creation of a prison administrative appeal or grievance system does not implicate a liberty interest protected by the Due Process Clause, <u>see</u> <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir. 1996); <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (same).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.     The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants.  The clerk also shall serve a copy of this order on plaintiff.

2.     In order to expedite the resolution of this case, the court orders as follows:

a.     No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

/

3

b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

4

d.    Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

e.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:  January 11, 2008

_____
CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.07\Sledge, D1.or1.wpd

5