1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  KYLE A. LEWIS, State Bar No. 201041
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5500
    Fax:  (415) 703-5843
8   Email:  Kyle.Lewis@doj.ca.gov

9  Attorneys for Defendants R. Schnorr, M. Vela, and
   M. Arfa.

10

11                    IN THE UNITED STATES DISTRICT COURT

12                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                            SAN FRANCISCO DIVISION

14  DERRICK LEE SLEDGE,                        C 07-4622 CRB (PR)

15                            Plaintiff,

16          v.

17  DAVID BALKIND, R. SCHNORR, J. T. WHITE, N.
    A. ELLIS, M. VELA, S. R. STINSON, M. ARFA,
18  and JOHN MARSHALL

19                            Defendants.

20

21          DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
              MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES   2

   I.  INTRODUCTION   2

   II.  STATEMENT OF ISSUES   3

       A.  Plaintiff's Due Process Claim Must Be Dismissed as He Fails to State a Claim Under Which Relief May Be Granted.   3

       B.  Plaintiff's Suit is Barred by the Prior Invalidation Rule.   3

       C.  Defendants Are Entitled to Qualified Immunity.   3

       D.  Plaintiff Fails to Sufficiently Plead His Claim for Punitive Damages.   3

STATEMENT OF THE CASE   4

ARGUMENT   5

   I.  STANDARD OF REVIEW   5

   II.  PLAINTIFF FAILS TO STATE A CLAIM FOR DENIAL OF DUE PROCESS IN CONNECTION WITH THE DISCIPLINARY PROCEEDINGS AGAINST HIM.   6

       A.  The Procedural Due Process Protections Afforded to Prison Inmates With Respect to Disciplinary Proceedings Are Well-Established.   6

       B.  Plaintiff's Complaint Fails to State a Claim that Defendants Denied Him Due Process During Disciplinary Proceedings Against Him.   7

           1.  Plaintiff's Complaint Fails to State a Claim that Defendant Schnorr Denied Him Due Process in Connection with Disciplinary Proceedings Against Him.   8

           2.  Plaintiff's Complaint Fails to State a Claim that Defendant Vela Denied Him Due Process in Connection with the Disciplinary Proceedings Against Him.   8

           3.  Plaintiff's Complaint Fails to State a Claim that Defendant Arfa Denied Him Due Process in Connection with the Disciplinary Proceedings Against Him.   9

       C.  Plaintiff's Complaint Fails to State a Claim that He Was Denied Due Process in the Decision Resulting from His Disciplinary Proceeding.   9

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.

*Sledge v Balkind, et al.*
C 07-4622 CRB (PR)

i

**TABLE OF CONTENTS  (continued)**

Page

III.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE
ALLOWING THE ACTION TO CONTINUE WOULD NECESSARILY
IMPLY THE INVALIDITY OF THE DISCIPLINARY PROCEEDINGS
AGAINST PLAINTIFF.                                                          11

IV.  DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.          12

V.   PLAINTIFF FAILS TO STATE SUFFICIENT FACTS TO SUPPORT
A CLAIM FOR PUNITIVE DAMAGES.                                        14

CONCLUSION                                                                       15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.

*Sledge v Balkind, et al.*
C 07-4622 CRB (PR)

ii

# TABLE OF AUTHORITIES

Page

<u>Cases</u>

*Anderson v. Creighton*
    483 U.S. 635 (1987) .......... 13

*Baker v. McCollan*
    443 U.S. 137 (1979) .......... 6

*Balistreri v. Pacifica Police Dep't*
    901 F.2d 696 (9th Cir. 1990) .......... 5, 9

*Bell Atlantic Corp. v. Twombly*
    127 S. Ct. 1955, 1965-65 (2007) .......... 5

*Cato v. Rushen*
    824 F.2d 703, 705 (9th Cir. 1994) .......... 10

*Dang v Cross*
    422 F.3d 800, 807 (9th Cir. 2005) .......... 14

*Edwards v. Balisok*
    520 U.S. 641 (1997) .......... 11, 12

*Harlow v. Fitzgerald*
    457 U.S. 800, 818 (1982) .......... 12, 13

*Heck v. Humphrey*
    512 U.S. 477 (1994) .......... 11, 12

*Hunter v. Bryant*
    502 U.S. 224 (1991) .......... 12, 13

*Jeffers v. Gomez*
    267 F.3d 895 (9th Cir. 2001) .......... 13

*Ky. Dep't of Corrs. v. Thompson*
    490 U.S. 454, 460 (1989) .......... 6

*Lee v. City of Los Angeles*
    250 F.3d 668, 688 (9th Cir. 2001) .......... 5

*Mitchell v Dupnik*
    75 F.3d 517, 527 (9th Cir. 1996) .......... 14

*Morrissey v. Brewer*
    408 U.S. 471, 489 (1972) .......... 7

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001) .......... 5

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.

*Sledge v Balkind, et al.*
C 07-4622 CRB (PR)

iii

# TABLE OF AUTHORITIES  (continued)

**Page**

*Preiser v. Rodriguez*
411 U.S. 475 (1973) ....................................................... 12

*Saucier v. Katz*
533 U.S. 194 (2001) ..................................................... 13, 14

*Sandin v. Conner*
515 U.S. 472, 484, 487 (1995) ........................................ 6

*Swords to Plowshares v. Smith*
294 F. Supp. 2d 1067, 1069-70 (N.D. Cal. 2002) ................. 5

*Superintendent v. Hill*
472 U.S. 445, 455 (1985) .............................................. 10

*Terflinger v. Winslow*
No. C 00-1631, 2001 U.S. Dist. LEXIS 15442 (N. D. Cal. 2001) ... 11

*Walker v. Sumner*
14 F.3d 1415, 1420 (9th Cir. 1994) ................................... 7

*Wilkinson v. Dotson*
544 U.S. 74 (2005) ...................................................... 12

*Wolff v. McDonnell*
418 U.S. 539 (1974) .................................................... 6-9

**Constitutional Provisions**

United States Constitutional Amendment XIV ...................... 6, 12

**Statutes**

California Code of Regulations, Title 15
§ 3005(c) ................................................................. 4
United States Code, Title 28
§ 1915A .................................................................. 4
United States Code, Title 42
§ 1983 ........................................................ 3, 4-5, 11, 14

**Court Rules**

Federal Rule of Civil Procedure
Rule 12(b)(6) .......................................................... 1, 3-5

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.

*Sledge v Balkind, et al.*
C 07-4622 CRB (PR)

iv

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  KYLE A. LEWIS, State Bar No. 201041
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5500
    Fax:  (415) 703-5843
8   Email:  Kyle.Lewis@doj.ca.gov

9  Attorneys for Defendants R. Schnoor, M. Vela, and
   M. Arfa.[1/]

10                  IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

14  **DERRICK LEE SLEDGE,**                        C 07-4622 CRB (PR)

15                                Plaintiff,       **DEFENDANTS' NOTICE OF
                                                   MOTION AND MOTION TO
16            v.                                    DISMISS; MEMORANDUM
                                                   OF POINTS AND
17  **DAVID BALKIND, R. SCHNORR, J. T. WHITE,**    **AUTHORITIES IN SUPPORT**
    **N. A. ELLIS, M. VELA, S. R. STINSON, M. ARFA,**
18  **and JOHN MARSHALL**

19                                Defendants.

20

21       **TO PLAINTIFF DERRICK LEE SLEDGE, IN PRO SE:**

22       **PLEASE TAKE NOTICE** that Defendants R. Schnorr, M. Vela, and M. Arfa (Defendants)

23  move this Court to dismiss Plaintiff Derrick Lee Sledge's (Plaintiff) suit under Federal Rule of Civil

24  Procedure 12(b)(6) on the grounds that Plaintiff fails to state a claim against Defendants for denial

25  ─────────────────────────────────────────────

26       1. Defendants David Balkind, J. T. White, N. A. Ellis, S. R. Stinson, and John Marshall have
    not been served by Plaintiff at this time and the Office of the Attorney General is not appearing on
27  their behalf.

28

    Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                    *Sledge v Balkind, et al.*
                                                                        C 07-4622 CRB (PR)

                                        1

1   of due process in connection with the disciplinary hearings against him; that Plaintiff's Complaint

2   is barred by the prior invalidation rule; and that Defendants are entitled to qualified immunity.

3   Defendants also move the Court for a determination that Plaintiff has not adequately alleged a basis

4   for the award of punitive damages.

5         This motion is based upon this Notice, the Memorandum of Points and Authorities, the

6   Proposed Order, and the pleadings and records on file in this case. In the event that the Court denies

7   this motion, in whole or in part, Defendants respectfully request that the Court grant them additional

8   time to file a motion for summary judgment.

9                     **MEMORANDUM OF POINTS AND AUTHORITIES**

10                             **I. INTRODUCTION**

11         On December 13, 2006, Plaintiff Derrick Lee Sledge, a state prison inmate, was identified

12   as a participant in a large prison yard fight. Plaintiff was subsequently charged with a

13   disciplinary violation, a hearing was conducted, and Plaintiff was found guilty of participating in

14   the fight. Throughout his disciplinary proceedings, Plaintiff was afforded all Constitutionally-

15   mandated due process protections, resulting in a legally sound conviction and sentence.

16         Plaintiff now brings suit against various prison officials alleging that he was denied due

17   process in connection with the disciplinary proceedings against him. However, as the following

18   will demonstrate, Plaintiff was not denied due process and his suit fails to state a claim under

19   which relief may be granted. Furthermore, Plaintiff's suit is premature and barred by the prior

20   invalidation rule regarding civil claims arising from a criminal conviction. Lastly, the defendant

21   prison officials are entitled to qualified immunity and Plaintiff's claim for punitive damages

22   against them are without sufficient justification. For these reasons, the Court should dismiss

23   Plaintiff's suit or otherwise grant Defendants' requested relief.

24   / / /

25   / / /

26   / / /

27

28

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                   *Sledge v Balkind, et al.*
                                                                        C 07-4622 CRB (PR)

## II. STATEMENT OF ISSUES

**A.   Plaintiff's Due Process Claim Must Be Dismissed as He Fails to State a Claim Under Which Relief May Be Granted.**

Plaintiff submitted documentation to the Court demonstrating that he has received all Constitutionally-mandated due process protections in connection with his disciplinary proceedings. Additionally, many of the claims made against Defendants do not involve due process violations connected to his disciplinary proceedings and were dismissed by the Court in its screening order. Should Plaintiff's suit under Federal Rule of Civil Procedure Rule 12(b)(6) be dismissed where Plaintiff has failed to state a claim against Defendants for which relief can be granted?

**B.   Plaintiff's Suit is Barred by the Prior Invalidation Rule.**

Plaintiff's suit alleges that constitutional rights to due process during disciplinary proceedings were denied him in violation of 42 U.S.C. § 1983. Plaintiff was found guilty of a disciplinary violation and lost good time credits, but has not demonstrated that the conviction or sentence has been invalidated. Allowing Plaintiff's suit to proceed would necessarily imply the invalidity of these findings and results. Should Plaintiff's suit be dismissed unless he can demonstrate that the conviction or sentence has already been invalidated?

**C.   Defendants Are Entitled to Qualified Immunity.**

Plaintiff has failed to demonstrate that Defendants violated his due process rights in connection with the disciplinary proceedings against him. Additionally, documents filed by Plaintiff demonstrate that Defendants acted reasonably and afforded him procedural due process as required by law. Are Defendants entitled to qualified immunity where they have not violated Plaintiff's rights and acted reasonably with respect to the disciplinary proceedings against him?

**D.   Plaintiff Fails to Sufficiently Plead His Claim for Punitive Damages.**

Plaintiff demands punitive damages for the alleged due process violations committed by Defendants in their official capacity. However, Plaintiff's complaint fails to allege that Defendants acted with the requisite evil motive or callous indifference. Should Plaintiff's claim

///

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                    *Sledge v Balkind, et al.*
                                                                   C 07-4622 CRB (PR)

3

1 | for punitive damages against Defendants in either their personal or official capacity be dismissed

2 | where these damages are not sufficiently plead?

3 | **STATEMENT OF THE CASE**

4 |     Plaintiff is a prisoner in the California Department of Corrections and Rehabilitation

5 | currently incarcerated at the Correctional Training Facility, Soledad, California.  On October 12,

6 | 2007, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 in the San Francisco

7 | Division of the United States District Court for the Northern District of California.  (Court

8 | Docket (CD) # 4.)  Before filing this Complaint, Plaintiff filed a document titled "Affidavit" on

9 | September 6, 2006, containing various reports, correspondence, and materials allegedly related to

10 | this matter.  (CD # 1.)

11 |     Plaintiff alleges violations of his civil rights stemming from an incident that occurred on

12 | December 13, 2006, at the California Men's Colony, San Luis Obispo, California, when Plaintiff

13 | was identified as a participant in a large prison yard fight.  (CD # 1 at D1-D2; CD # 4 at 3.)[2]  As

14 | a result of participating in the yard fight, Plaintiff was charged with a disciplinary violation and

15 | received a disciplinary hearing on January 13, 2007.  (CD # 1 at D2.)  At the disciplinary hearing

16 | Plaintiff was found guilty of violating Cal. Code Regs. 15 § 3005(c), Participation in a Riot, and

17 | assessed lost good time credits and restricted privilege status.  (CD # 1 at D3.)

18 |     On January 11, 2008, this Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A,

19 | and found that Plaintiff stated a cognizable claim for denial of due process in connection with the

20 | disciplinary proceedings against him against all named Defendants.  (CD # 6 at 2.)  The Court

21 | dismissed Plaintiff's allegations that he was falsely charged with a disciplinary violation and that

22 | his underlying administrative appeals regarding participation in the yard fight were mishandled.

23 | (*Id*. at 2-3).  Defendants now move to dismiss Plaintiff's suit under Federal Rule of Civil

24 | Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, to dismiss the

25 | suit as barred by the prior invalidation rule, for a determination that Defendants are entitled to

26 |

27 |     2. When possible, citations to documents produced and filed by Plaintiff are made using the exhibit and page numbering system employed by Plaintiff.

28 |

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                                           *Sledge v Balkind, et al.*
C 07-4622 CRB (PR)

4

1 │ qualified immunity, and that Plaintiff's request for punitive damages is not supported by the

2 │ allegations of the Complaint.

3 │ **ARGUMENT**

4 │ **I.**

5 │ **STANDARD OF REVIEW**

6 │ Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the

7 │ claims alleged in the pleadings.  A case should be dismissed under Rule 12(b)(6) if it fails to

8 │ state a claim upon which relief can be granted.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct.

9 │ 1955, 1964-65 (2007).  A dismissal under Rule 12(b)(6) is proper where there is either a "lack of

10 │ cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

11 │ theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When assessing

12 │ the legal sufficiency of a plaintiff's claims, the court must accept as true all material allegations

13 │ of the complaint and all reasonable inferences that may be drawn therefrom.  *Navarro v. Block*,

14 │ 250 F.3d 729, 732 (9th Cir. 2001).

15 │ A court may consider documents outside of the pleadings in support of a Rule 12(b)(6)

16 │ motion to dismiss if the documents are referenced in plaintiff's complaint, are "central" to

17 │ plaintiff's claim, and whose authenticity are not at issue.  *See Lee v. City of Los Angeles*, 250

18 │ F.3d 668, 688 (9th Cir. 2001) (finding that courts may consider documents which are not

19 │ physically attached to the plaintiff's complaint if their authenticity is not contested and the

20 │ complaint necessarily relies on them).  Courts may also take judicial notice of public records

21 │ outside the pleadings, including court records in related or underlying cases which have a direct

22 │ relation to the matters at issue without converting the motion into one for summary judgment.

23 │ *Swords to Plowshares v. Smith*, 294 F. Supp. 2d 1067, 1069-70 (N.D. Cal. 2002) (internal

24 │ quotations and citations omitted).

25 │ In a § 1983 action, a plaintiff's allegations must show (1) that the conduct complained of

26 │ was committed by a person acting under color of state law; and (2) that the conduct deprived the

27 │ plaintiff of a constitutional right.  *See Balistreri*, 901 F.2d at 699.  Where there is no allegation of

28 │ ///

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.

*Sledge v Balkind, et al.*
C 07-4622 CRB (PR)

1  facts which show the violation of a federally protected right, defendants are entitled to prevail as

2  a matter of law.  *See Baker v. McCollan*, 443 U.S. 137, 140 (1979).

3  ## II.

4  ### PLAINTIFF FAILS TO STATE A CLAIM FOR DENIAL OF DUE PROCESS IN CONNECTION WITH THE DISCIPLINARY

5  ### PROCEEDINGS AGAINST HIM.

6  **A.    The Procedural Due Process Protections Afforded to Prison Inmates With Respect to Disciplinary Proceedings Are Well-Established.**

7

8       The Fourteenth Amendment to the Constitution provides that "no state shall deprive any

9  person of life, liberty or property without due process of law."  U.S. Const. amend. XIV.  In

10  analyzing a claim that procedural due process rights have been violated, a court must first

11  determine whether the alleged injured party has been deprived of a liberty or property interest

12  protected by the Constitution, and if so, "whether the procedures attendant upon that deprivation

13  were constitutionally sufficient." *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)

14  (citations omitted).  With respect to disciplinary proceedings against prisoners in a correctional

15  institution setting, inmates are entitled to due process before being disciplined when the

16  discipline imposed will inevitably affect the duration of their sentence. *See Sandin v. Conner*,

17  515 U.S. 472, 484, 487 (1995) .

18       In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court addressed the minimum

19  procedural protections required by the Fourteenth Amendment when substantial liberty interests

20  are being deprived in the prison setting.  The Court noted that the inmate has a strong interest in

21  assuring that disciplinary penalties are not imposed arbitrarily, but that this interest must be

22  accommodated in the distinctive setting of a prison, where disciplinary proceedings "take place

23  in a closed, tightly controlled environment peopled by those who have chosen to violate the

24  criminal law and who have been lawfully incarcerated for doing so." *Id.* at 561.

25       *Wolff* established five procedural requirements for disciplinary proceedings.  First, "written

26  notice of the charges must be given to the disciplinary-action inmate in order to inform him of

27  the charges and to enable him to marshal the facts and prepare a defense." *Id.* at 564.  Second,

28  / / /

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                    *Sledge v Balkind, et al.*
                                                                     C 07-4622 CRB (PR)

6

1    "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the

2    inmate to prepare for the appearance before the [disciplinary committee]." *Id.*  Third, "there

3    must be a 'written statement by the fact finders as to the evidence relied on and reasons' for the

4    disciplinary action." *Id.* at 564-65, quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

5    Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and

6    present documentary evidence in his defense when permitting him to do so will not be unduly

7    hazardous to institutional safety or correctional goals." *Id.* at 566.  Finally, "[w]here an illiterate

8    inmate is involved . . . or [where] the complexity of the issue makes it unlikely that the inmate

9    will be able to collect and present the evidence necessary for an adequate comprehension of the

10   case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . .

11   . from the staff or from a sufficiently competent inmate designated by the staff." *Id.* at 570.  A

12   prisoner's right to due process is satisfied where the minimum requirements set forth in *Wolff* are

13   met.  *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994).

14   **B.    Plaintiff's Complaint Fails to State a Claim that Defendants Denied Him
         Due Process During Disciplinary Proceedings Against Him.**

15

16       Plaintiff's Complaint fails to state a claim that he was denied due process by Defendants in

17   connection with the disciplinary proceedings against him.  To the contrary, the documents

18   referenced in Plaintiff's complaint and filed with this Court by Plaintiff (CD # 1) demonstrate

19   that Plaintiff was provided with the appropriate due process protections throughout his

20   disciplinary proceedings.  These documents demonstrate that Plaintiff was afforded all

21   Constitutionally-mandated procedures throughout his disciplinary process, resulting in a valid

22   conviction based on sufficient evidence.

23       For example, in the report of the hearing on Plaintiff's Rules Violation Report (CD # 1, at

24   D2-D3), the Hearing Official states that "SLEDGE acknowledged receiving copies of the CDC-

25   115 and all other pertinent documentation more than 24 hours prior to the hearing.  A review of

26   the CDC-115 indicates that all of the time constraints have been met."  Regarding witnesses, the

27   Hearing Official noted "that SLEDGE does not request the presence of any staff or inmate

28   / / /

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                                                              *Sledge v Balkind, et al.*
                                                                                                                  C 07-4622 CRB (PR)

7

1  witnesses at the hearing." Furthermore, Plaintiff's Serious Rules Violation Report reflects that

2  he did not request a Staff Assistant be assigned to him during his disciplinary proceedings. (CD

3  # 1, Ex. 1.) The Rules Violation Report also states that the Hearing Official assessed Plaintiff's

4  mental health and educational level and determined that Plaintiff did not meet the criteria for

5  assignment of a Staff Assistant. (CD # 1 at D2.) These actions clearly satisfy the procedural due

6  process requirements for disciplinary proceedings established by *Wolff* and its progeny. *Wolff*,

7  418 U.S. at 564-70.

8           **1.    Plaintiff's Complaint Fails to State a Claim that Defendant Schnorr Denied
                     Him Due Process in Connection with Disciplinary Proceedings Against Him.**

9

10          In his Complaint, Plaintiff makes vague and inconclusive allegations regarding Defendant

11  Schnorr's actions that are completely unrelated to the disciplinary proceedings against him.

12  Plaintiff seems to claim that Defendant Schnorr was complicit in bringing false charges against

13  Plaintiff, and that he allowed the yard riot to occur. (CD # 4 at 3a-3b.) Even liberally construed,

14  these allegations are not related to the disciplinary proceedings against Plaintiff and do not touch

15  upon the due process considerations required by established case law. *See Wolff*, 418 U.S. at

16  554-56.[3/] Therefore, as to Defendant Schnorr, this motion to dismiss should be granted because

17  Plaintiff fails to state a claim for denial of due process in connection with the disciplinary

18  proceedings against him.

19          **2.    Plaintiff's Complaint Fails to State a Claim that Defendant Vela Denied Him
                     Due Process in Connection with the Disciplinary Proceedings Against Him.**

20          The allegations in Plaintiff's Complaint regarding Defendant Vela likewise fail to allege

21  that this defendant violated Plaintiff's due process rights in connection with his disciplinary

22  proceedings. Plaintiff claims that Defendant Vela produced an intentionally vague schematic

23  depicting Plaintiff's position after the yard fight in order to conceal or support a Correctional

24

25  ───────────────────────────────

26          3. At best, Plaintiff's allegations implicate Defendant Schnorr for involvement in fabricating
    a disciplinary violation report of the yard riot. However, in screening the Complaint the Court

27  specifically dismissed Plaintiff's allegations regarding false charges. Nor did the Court find a
    cognizable claim that Defendants allowed the riot to take place. (CD # 6 at 2).

28

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                    *Sledge v Balkind, et al.*
                                                                    C 07-4622 CRB (PR)

1  Officer's fabricated version of the event. (CD # 4 at 3C). Plaintiff further contends that

2  Defendant Vela caused him to not receive due process regarding his administrative appeals. (Id.)

3  Neither of these allegations involve the denial of due process rights in connection with the

4  disciplinary proceedings against Plaintiff.[4]  Therefore, as to Defendant Vela, this motion to

5  dismiss should be granted because Plaintiff fails to state a claim for denial of due process in

6  connection with the disciplinary proceedings against him.

7          **3.    Plaintiff's Complaint Fails to State a Claim that Defendant Arfa Denied Him
              Due Process in Connection with the Disciplinary Proceedings Against Him.**

8

9          Plaintiff's allegations against Defendant Arfa also fail to allege any violation of Plaintiff's

10  due process rights regarding the disciplinary hearings against him. First, Plaintiff's claims

11  against Defendant Arfa arise from Defendant's alleged actions at the Plaintiff's Institution

12  Classification Committee (ICC) hearing held on February 14, 2007.[5]  (CD # 4 at 3d.) Plaintiff

13  makes no connection between this ICC hearing and the disciplinary proceedings conducted

14  against Plaintiff arising from the yard fight. Second, the assertions against Defendant Arfa are

15  incredibly vague and do not allege a cognizable legal theory against the Defendant. *See*

16  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). It is impossible for

17  Defendant Arfa to determine what alleged actions the Defendant committed, let alone what due

18  process rights were denied Plaintiff in connection with the disciplinary proceedings against him.

19  Therefore, as to Defendant Arfa, this motion to dismiss should be granted.

20          **C.    Plaintiff's Complaint Fails to State a Claim that He Was Denied Due Process in
              the Decision Resulting from His Disciplinary Proceeding.**

21

22          In addition to the procedural requirements espoused in *Wolff*, due process requires that there

23  must also be "some evidence" in the record as a whole which supports the decision of the

24  _____

25          4.  To the contrary, these allegations raise claims that were specifically dismissed by the
    Court in its screening order. (CD # 6 at 2-3).

26

27          5.  This ICC hearing was conducted more than one month after the disciplinary hearing held
    on January 13, 2007, where Plaintiff was found guilty. (CD # 4 at D3).

28

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                    *Sledge v Balkind, et al.*
                                                                    C 07-4622 CRB (PR)

1   disciplinary hearing officer. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The "some

2   evidence" standard is not particularly stringent and is satisfied where "there is any evidence in

3   the record that could support the conclusion reached." *Hill*, 472 U.S. at 455-56. In determining

4   the sufficiency of evidence presented against a prisoner in a disciplinary hearing, a court should

5   not make its own assessment of the credibility of witnesses or reweigh the evidence. *Id.* at 455.

6   The relevant question is whether there is any evidence in the record that could support the

7   conclusion reached by the disciplinary decision-maker. *Id.* at 455-56. In certain situations, there

8   must also be some indicia of reliability of the information that forms the basis for prison

9   disciplinary actions. *See Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1994).

10       At Plaintiff's disciplinary hearing, the Hearing Officer found him guilty of a rules violation

11   based on a variety of information contained in the incident report and other documentation

12   regarding the yard riot. (CD # 1 at D2-D3.) This evidence included the written report containing

13   a Correctional Officer's visual observation of Plaintiff fighting with another inmate, Plaintiff's

14   attempt to evade prison staff by running from the scene of the fight to an adjacent tennis court,

15   medical records following the riot depicting scratches and abrasions suffered by Plaintiff, and a

16   schematic of the adjacent tennis court showing Plaintiff's location and corroborating the

17   Correctional Officer's account of his attempt to evade staff after the fight began. (CD # 1 at D2-

18   D3 & Exs. 20-22, 43-46.) Therefore, the evidence considered by the Hearing Officer in the

19   Plaintiff's case clearly meets the "some evidence" standard established by the Supreme Court in

20   *Hill*. *Superintendent v. Hill*, 472 U.S. at 455-56.[6]

21       In sum, the documents filed by Plaintiff demonstrate the procedural fairness of the

22   disciplinary proceedings against him. Plaintiff was afforded all Constitutionally-mandated

23

---

24       6. Further support regarding the appropriate nature of evidence supporting a finding of guilt
in a prison disciplinary proceeding is found in a recent unreported decison, *Martin v. Tilton*, 2008

25   WL 474393 (S.D. Cal. 2008). Applying the *Hill* "some evidence" standard, the district court
determined there was ample evidence to support an inmate's guilt for the offense of "Mutual Combat

26   Without Serious Injury" where a prison officer observed the petitioner "engaged in what appeared

27   to be mutual combat," the combatants "continued to fight until responding staff arrived," and both
parties sustained injuries as a result of the altercation.

28

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                                        *Sledge v Balkind, et al.*
                                                                                                        C 07-4622 CRB (PR)

10

1  protections throughout the disciplinary process and he was ultimately found guilty of a

2  disciplinary violation based on sufficient evidence. For these reasons, the court should dismiss

3  Plaintiff's claim for denial of due process in connection with the disciplinary proceedings against

4  him.[7/]

5                                          **III.**

6      **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE
        ALLOWING THE ACTION TO CONTINUE WOULD NECESSARILY**
7      **IMPLY THE INVALIDITY OF THE DISCIPLINARY PROCEEDINGS
        AGAINST PLAINTIFF.**
8
    Plaintiff's Complaint should be dismissed because the due process claims raised against
9
    Defendants are barred by the prior invalidation rule established in *Heck v. Humphrey*, 512 U.S.
10
    477 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for allegedly
11
    unconstitutional conviction or imprisonment, or for other harm caused by actions whose
12
    unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that
13
    the conviction or sentence has been reversed on direct appeal, expunged by executive order,
14
    declared invalid by a state tribunal authorized to make such determination, or called into question
15
    by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). As a
16
    result, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider
17
    whether a judgment in favor of the plaintiff would necessarily imply the invalidity of this
18
    conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can
19
    demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.
20
        The procedural rule established in *Heck* has been extended to actions challenging the result
21
    of a prison disciplinary hearing that resulted in the loss of good time credits. In *Edwards v.*
22
    *Balisok*, 520 U.S. 641, 648 (1997), the Supreme Court held that a prisoner may not use a civil
23

24  _____

25      7.  Although the court has previously screened Plaintiff's Complaint and issued an order of
    service, the court remains empowered to dismiss the action for failure to state a claim. For example,
26  in *Terflinger v. Winslow*, the court granted defendants' motion to dismiss for failure to state a claim
    for deliberate indifference, even though the initial screening had found plaintiff's claim cognizable.
27  *Terflinger v. Winslow*, 2001 WL 1159784 (N.D. Cal. 2001).
28

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                    *Sledge v Balkind, et al.*
                                                                     C 07-4622 CRB (PR)

                                          11

1  rights action to challenge the result of a disciplinary hearing that deprived him of good time

2  credits, if success on the challenge necessarily would necessarily imply the invalidity of the

3  punishment imposed. *See also Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (stating that

4  restoration of good time credits would necessarily challenge the duration of the inmate's

5  confinement). This rule applies "no matter the relief sought (damages or equitable relief), no

6  matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

7  proceedings), if success in that action would necessarily demonstrate the invalidity of

8  confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

9          Here, Plaintiff lost ninety days of good time credit as a result of the rule violation

10 stemming from his participation in the yard fight. (CD # 1 at D3). If Plaintiff were to succeed on

11 his due process claim against Defendants, it would necessarily imply the invalidity of the

12 punishment imposed as a result of the disciplinary proceeding. This is precisely the situation

13 addressed by the Supreme Court's holding in *Heck,* and Plaintiff's Complaint is barred, even if

14 Plaintiff did not request expungement of the rule violation or restoration of good time credits in

15 his request for relief. *See Edwards*, 520 U.S. at 644, 648 (although the prisoner did not request

16 restoration of good time credits, the alleged bias of the hearing officer in violation of the

17 Fourteenth Amendment's Due Process Clause, if established, would necessarily imply the

18 invalidity of that punishment). Based on the foregoing, Plaintiff's Complaint must be dismissed

19 unless he establishes that his rule violation and the punishment imposed have been invalidated.

20                                              **IV.**

21           **DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

22          Dismissal in this case is proper because Plaintiff's Complaint shows on its face that

23 Defendants are entitled to qualified immunity. Qualified immunity shields an official from

24 liability for civil damages unless that person's conduct violated clearly established law, of which

25 a reasonable official would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus,

26 it gives officials "ample room for mistaken judgments by protecting all but the plainly

27 incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229

28 / / /

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                      *Sledge v Balkind, et al.*
                                                                      C 07-4622 CRB (PR)

1 (1991) (internal quotation marks and citation omitted).

2    Qualified immunity ensures that officials are on notice that their conduct is unlawful

3 before they are subjected to suit. *Saucier v. Katz*, 533 U.S. 194, 205–06 (2001). It therefore

4 prevents officials from being distracted from their governmental duties or inhibited from taking

5 necessary discretionary action. *Harlow*, 457 U.S. at 816. It also prevents "deterrence of able

6 people from public service," and can preserve the efficiency of government as the costs, time,

7 and effort needed for officials to defend suits can be "peculiarly disruptive of effective

8 government," especially in light of discovery obligations. *Harlow*, 457 U.S. at 817. In reference

9 to prisons, qualified immunity allows officials to utilize their expertise—based on years of

10 observation and practice—to maintain order without fear of liability for doing what seemed

11 "reasonable" at the time. *See Jeffers v. Gomez*, 267 F.3d 895, 910, 917 (9th Cir. 2001). Because

12 qualified immunity is immunity from suit rather than a mere defense to liability, its application

13 should be decided early in a case. *Hunter*, 502 U.S. at 227–28.

14    In *Saucier*, the Supreme Court established a two-step sequential test to determine whether

15 a government official is entitled to qualified immunity. First, a court must decide whether the

16 alleged facts demonstrate that a government official's conduct may have violated a constitutional

17 right. *Id.* at 201. If there was no constitutional violation, the government official is entitled to

18 qualified immunity. *Id.* If a constitutional right could have been violated, the next step is to

19 determine whether, at the time the alleged wrong was committed, the constitutional right was

20 clearly established. *Id.* at 201–02. The analysis for determining whether a right is clearly

21 established is whether a reasonable official would have understood that his or her conduct was

22 unlawful in the situation. *Id.* at 201–02 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640

23 (1987)).

24    As discussed above, Plaintiff has not alleged sufficient facts to support a cognizable legal

25 theory that Defendants Schnorr, Vela, and Arfa were involved in the disciplinary proceedings

26 against him, much less violated his due process rights in connection with those disciplinary

27 proceedings. Furthermore, the documents filed by Plaintiff with the Court demonstrate that he

28 / / /

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                    *Sledge v Balkind, et al.*
                                                                    C 07-4622 CRB (PR)

13

1  was afforded all of the required procedural due process protections.   Thus, where this is no

2  violation of a constitutional right, Defendants are entitled to qualified immunity under the

3  threshold test of *Saucier*. *Id.* 533 U.S. at 201.

4         Assuming, for the sake of argument, that Defendants violated Plaintiff's due process rights

5  in connection with the disciplinary proceedings against him, Plaintiff's allegations show that

6  Defendants acted as reasonable officials in light of the circumstances.   As demonstrated by

7  Plaintiff's documents in the Court file, Defendants took reasonable actions to ensure that

8  Plaintiff was afforded his due process rights throughout his disciplinary proceedings.   Moreover,

9  the state of the law at the time when Defendants acted did not clearly establish that their actions

10  would violate due process in the prison disciplinary context.  *Saucier* requires this inquiry to "be

11  undertaken in light of the specific context of the case, not as a broad general proposition."  533

12  U.S. at 201.  Here, Defendants reasonably believed that they were providing Plaintiff with the

13  appropriate due process considerations in connection with the disciplinary proceedings against

14  him.  Because Defendants Schnorr, Vela, and Arfa's conduct was not clearly unlawful and was

15  reasonable, Defendants are entitled to qualified immunity.

16                                         **V.**

17           **PLAINTIFF FAILS TO STATE SUFFICIENT FACTS TO SUPPORT
                      A CLAIM FOR PUNITIVE DAMAGES.**

18

19         Government officials sued in their official capacities are immune from punitive damages

20  under 42 U.S.C. § 1983.  *Mitchell v Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).  Thus, Plaintiff is

21  not entitled to punitive damages against Defendants in their official capacity.

22         A jury may, however, award punitive damages against a Defendant in his individual

23  capacity when the defendant's conduct is driven by evil motive or intent or when his actions

24  involve a reckless or callous indifference to the constitutional rights of others.  *Dang v Cross*,

25  422 F.3d 800, 807 (9th Cir. 2005).  However, Plaintiff's complaint fails to allege that Defendants

26  acted with the requisite evil motive or callous indifference.  Therefore, Plaintiff is not entitled to

27  / / /

28

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                          *Sledge v Balkind, et al.*
                                                                          C 07-4622 CRB (PR)

1  punitive damages against Defendants in either their personal or official capacity, and Plaintiff's

2  request for punitive damages must be dismissed.

3

4                                    **CONCLUSION**

5          Altogether, Plaintiff's Complaint fails to state a claim against Defendants Schnorr, Vela,

6  and Arfa for due process violations in connection with the disciplinary proceedings against him,

7  and should be dismissed under Federal Rules of Civil Procedure 12(b)(6).  Moreover, Plaintiff's

8  Complaint should be dismissed as required by the prior invalidation rule.  Lastly, Defendants are

9  entitled to qualified immunity and the allegations in the Complaint are insufficient to justify a

10  claim for punitive damages.  Based on the foregoing, Defendants request that this Court grant

11  this motion and dismiss this action.

12

13          Dated:  April 10, 2008

14                          Respectfully submitted,

15                          EDMUND G. BROWN JR.
                            Attorney General of the State of California

16                          DAVID S. CHANEY
17                          Chief Assistant Attorney General

                            FRANCES T. GRUNDER
18                          Senior Assistant Attorney General

19                          JONATHAN L. WOLFF
                            Supervising Deputy Attorney General

20

21                          /S/ KYLE A. LEWIS
22                          KYLE A. LEWIS
                            Deputy Attorney General

23                          Attorneys for Defendants Schnorr, Arfa, and Vela

24     SledgeTOC.wpd
       SF2008400524
25

26

27

28

Defs.' Not. Mot. & Mot. to Dismiss; Mem. P. & A.                          *Sledge v Balkind, et al.*
                                                                          C 07-4622 CRB (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Derrick Lee Sledge v. David Balkind, et al.**

Case No.:    **C 07-4622 CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **April 10, 2008**, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Derrick L. Sledge  (P-43766)          Derrick L. Sledge  P-43766
CTF - Soledad                          Correctional Training Facility
P.O. Box 689;  XW-132L                 CTF/CW-134 L
Soledad, CA  93960                     P.O. Box 686
Pro Per                                Soledad, CA 93960

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 10, 2008**, at San Francisco, California.

| R. Panganiban | /S/ R. Panganiban |
|---|---|
| Declarant | Signature |

40239693.wpd