Derrick L. Sledge, P-43766
CTF/CW-134L
P.O. Box 689
Soledad, Calif. 93960
   IN Pro Se.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

**FILED**

JUN 1 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Derrick Lee Sledge
                    Plaintiff,

V.

David Balkind, R. Schnoea,
J.T. White, N.A. Ellis, M. Vela,
S.R. Stinson, M, ARFA, And
John Marshall
                    Defendants.

C 07-4622 CRB(PR)

## MOTION FOR LEAVE TO FILE
## AN AMENDED COMPLAINT

   Plaintiff Derrick L. Sledge, pursuant to
Rule 15(a) And 19(a), Fed. R. Civ. P., Requests
leave to file "An Amended Complaint for

PAGE 1.

Reconsideration/Redress the parties named as "Defendants in the original submitted complaints in theirs individual capacity Along with Attached Exhibits-(named Amended-(A.) Exhibits-(Ex.), for Substantiating evidence in support thereof...

Plaintiff in his Original Complaint preparation were And still is deprived Adequate Assistance, legal material And moreso being personally impaired to such legal Knowledgment; And still suffer mental Anguish from the many Violations imposed on him by All named defendant; To had priorly correctly identified And Advocated the violations/Retaliations this plaintiff became subject under...

## I. JURISDICTION

1.    This is A Civil Action Authorized by 42. U.S.C. Section 1983 to "Amend" the deprivation under the Color of State laws of Rights Secured by the Constitution of the United States. Plaintiff seek declaration Relief pursuant to 28 U.S.C. Section 2201 And 2202. Plaintiffs' Claims for injunctive Relief Are Authorized by 28 U.S.C. Section 2283 And 2284 And Rule 65 of the Federal Rules of Civil Procedure.

Page 2.

## II. PLAINTIFF

2.    Plaintiff, Derrick L. Sledge, has always been in the custody of Calif. Dept. of correction And Rehab.-(CDCR). However the events of these violations occurred At Calif. Men's Colony-East; C-Quad. And Plaintiff in retaliation been tranferred to Correctional Training Facility-(CTF), at Soledad Calif.

## III. DEFENDANTS

3.    Defendant, David Balkind on 12/13/06 was a Correctional Officer-(C/o), At CMC-E, C-Quad at the time of this incident of A "staff Control Racial Riot." Whom with malice And Sadistic intention, fabricated a serious Rule Violation Report (CDC-115), Against plaintiff (See Original complaint-(OC), Exhibits (Ex.) pages-(pgs.) 20-23). For the sole purposes to impose years of severe hardship living.
        This was an Act of deliberately indifference by him believing in CDCR/CMC-E policy And previous events where his Superiors never question Officers falsified Allegation (Against an inmate) And even when actions being "perverse" to the Rules And Regulation

Page 3.

defined in C.C.R. 15 subchapter 4- General
Institution Regulation, Article 2 security /
Safety; and Article 4, Disorders and Emergencies
C/o. Balkind deceitfulness rest on this
incident being falsely label as being a
"Participation Racial Riot" being demonstrated
under a code of silent CDCR/CMC-E Policy.

To which constitute too much more
than a due process violation, being how this
defendant was given many opportunities
After the facts, to justly state he'd erroneously
identified Plaintiff as an actual fighter.

Also should be Review how CDCR/CMC-E
has manipulated its Rules to disallow Plaintiff
from filing a Citizen Complaint in greater
Attempts to further conceal C/o Balkinds
misconducts ect.... (See A. Ex. pgs. 213-224).

4.    Defendant, R, Schnora was a Cor-
Rectional Officer Sergeant, Assigned to C-Quad
Yard- Program on 12/13/06 incident. Whom
Acted with severe negligence and prejudice
in violation of plaintiff Eighth Amendment
Rights, by failing not too called "Yard Down"
ect... for the safety and Protection of
plaintiff and many others.

First, Corruptably, Stg. Schnora
somehow convinced All pre / primary and

Page 4.

1  Responding Officers to Fabricate the timing of
2  this entire incident to (1405), falsely perceived
3  too been under one simultaneous event, con-
4  trarily to conceal that there was ample time
5  from when C/o Carlson was initially confronted
6  with a group of white inmates lying about theirs
7  friend (I'm Foletti) bleeding head injury
8  caused by a seizure doing normal yard activities
9  program (See O. Ex. pgs. 31-32). And Stg.
10  Schnora being told by Medical Staff that such
11  injury wasn't from a seizure (See O. Ex. pgs.
12  29-30). And then all other Officers being
13  instructed "only" to stand in front of the
14  buildings (See O. Ex. pgs. 33-34 Statements
15  from the Tower precise observation); Substain-
16  tiating there was sufficiently enough time to "call
17  Yard Down" then investigate which was always the
18  protocol.
19       Secondly, corruptably Stg. Schnora
20  somehow convince his staff to participate
21  along with his Racial Discrimination, negligence
22  under deceiptfulness by alleging this incident
23  being a participated Racial Riot, when in
24  actuality it was Blacks individual inmates
25  acting in self-defense protection forced by
26  Officers presently neglect toward theirs safety.
27  (Noted C-Quad was Mental illness Health
28  Services Program CCCMS). - As Officers watch

Page 5.

white inmates gather combat support (Again
See O. Ex. pgs. 33-34).

   Plaintiff facts are also support by
how CDCR/CMC-E has manipulated its rules
to also disallowed/denied plaintiff from
filing a Citizen Complaint against Stg. Schnoea
(See A. Ex. pgs. 225-235) In attempt too
Conceal multiple of violations from being
prevailed!!

5.    Defendant, J. F. White, was C-Quad
Captain at the time of this incident. Which was
under prejudicial conflict of Interest, became
Plaintiff Institutional Classification Committee-
(ICC) only judgement of reweight them
Fabricated facts for keeping plaintiff Retained
in Administration Segragation Unit (See
A. Ex. pgs. 76-93 / at p. 84). Too Continue
living under hardship, unhumane living
Condition (See A. Ex. pgs.
   Captain White prejudice has been
demonstrated by his severe negligence to not
had convincingly review how C/o Balkind false
Accusation against plaintiff (See O. Ex. pgs.-
20-22 compaired to primary officers Report
O. Ex. pgs. 24-28 saying that I/m Lutz observed/
secured fighting someone other than plaintiff)
   Captain White Sadistic-Prejudice Also

Page 6.

1  caused him to be blinded how plaintiff
2  was seperated by C-Quad two (different)
3  10 ft. high, 10 yard long fences posted on the
4  Basketball/Tennis Court from where C/o
5  Balkind falsely alleged witness seening
6  plaintiff fighting I/m Lutz (See O. Ex.
7  pgs 20-22 and then O. Ex. pgs. 43-44). As
8  being Plaintiff final Schematic location.
9        Captain White violation should be
10  considee under causation - Johnson v Duffy
11  (9th Cir. 1978) 588 F.2d 740; and heer v
12  Murphy (9th Cir. 1988) 844. F.2d 628. For
13  it was he who had days previously placed
14  C-Quad on lock down program when both
15  I/m Foletti (wht.) and I/m Riley (Blk.) gotten
16  into a fits fight, only to be permitted normal
17  program with the general population upon
18  the same time (See A. Ex. pg. at p. 19).
19        This review court must accept all
20  facts as true since it was again CDCR/
21  CMC-E manipulation to not record plaintiff
22  ICC-Hearing and then disallow/denied
23  plaintiff from a Citizen Complaint due
24  process (See A. Ex. pgs. 236-243).

25
26  6.        Defendant, N.A Ellis was on 12/30/06
27  Assigned by CMC-E as plaintiff (along with
28  All other inmates Accused) Investigative

Page 7.

1  Employee (IE). IE· Ellis conducted the
2  investigation / interviews in the most
3  intentional sadistically way possible to
4  hinder actual facts from being prevailed
5  moreso his co-workers c/o Balkind and Stg.
6  Schnora violations.
7        IE-Ellis conducted all critical
8  ASU-inmates interviews, unprofessional,
9  unjust and in violation of confidentiality-
10 Contrarily for the safety concerns of inmates
11 when he conducted these interview in the
12 open, in the physical present of theirs
13 "Hostle" Cellmate and ASU/SHU hallways
14 doorways, so that everyone could easily
15 listen; where Prison Politics is law -
16 Which procedure automatically "Forced" everyone
17 to remain-silent and give only "No commit"
18 statement to secure theirs safety (See O. -
19 Ex. pgs. 2 to 15 of ASU/SHU inmates statements).
20       IE- Ellis purposely discarded Plaintiff
   pgs. 52-55?!
21 declaration (See Original Complaint Ex.↑ Plaintiff
22 personal gave this declaration to him in pursuit
23 of plaintiff true innocence discovery, even over
24 IE-Ellis loud objection explainations, letting
25 everyone in this ASU/SHU section to acknowledge me
26 giving a Officer notes, to put my life in more dannger
27       IE-Ellis misconduct was designated to
28 conceal prevailing evidence of c/o Balkind Fabrications

Page 8.

And Stg. Schnora Neglect from becoming documented
so that the final CDC-115 Hearing Lt. S. R Stinson
could And would completely denied this plaintiff
every Hearing Right.

This Court must again Accept everyone
of plaintiff Claims as being true and correct
by the way CDCR/CMC-E has manipulated its
policy to "denied" plaintiff from submitting
Neither A CDC-602 Nor Citizen Complaint on
IE-Ellis. (See A. Ex. Pgs. 110-123).

7.     Defendant CMC-E Appeal Coordinator-
M. Vela, who Refused continuance not to
process Crucial 602's submitted by plaintiff
Under prejudice, deliberate indifference
And A Conflict of Interest. Mrs Vela was
Assigned on 12/13/06 to schematic All inmate
true position/location; However upon
Plaintiff location Mrs Vela made it
maliciously vague (See O. Ex. pgs. 43-44) by
not implicating that plaintiff was inside the
Basketball Court that possess two 10feets
high by 20 feets long fences. To help
defendant D. Balkind Fabrication to
Appear Real.

Mrs. Vela then Abused her discretion
by manipulating the CDC-602 Rules by
forcing plaintiff to Alway First obtain

Page 9.

Additional documentation too Attach before
having the 602 Process, even though the
official Addressing the CDC 602 Would had to
obtain plaintiff Central File / Original file that
possess that original documentation being
Requested. This malice practice is designated
As A conspiracy to cause delay And prevent
Violation from being Redress immediately for
or with the next hearing.

    This practice is a severe disadvantage
on inmates liberty interest And his due
process clauses. Which Mrs Vela had a
Responsibility to either correct or/And
Assistence that inmate or/And being such
deficiency to her Superiors Attention, All of
which Mrs. Vela fail to do.

    Please Review each of MRS. Vela
CDC-852 Screening Reasons under both
Original (O.) And Amended (A). Exhibits (Ex.)
A.    For instance: Plaintiff initial 602 was
submitted on 12/24/06, Which Mrs. Vela Refused
to process until Plaintiff was finally provide A
Copy of the 12/21/06-ICC, 128g chrono. That forced
A month later delay to occur, then the first level
wasn't due until 3/13/07 - Which by then plaintiff
had already obtain, A prejudicial investigator
employee (IE. Ellis), (See O. Ex. pgs 1- 15), A
Final CDC-115 partial ecl... Hearing Official (See O.

Page 10.

1  Ex. D1-D3); The Final ICC Hearing (See A. Ex.-
2  pgs. 187-212) and Property violation deprivation on
3  purpose ( See A Ex. pgs. 94 - 109 ). In which
4  every stage Resulted in violation to not even
5  having the initial violations Redress.
6  B.    Another example: Plaintiff submitted
7  the IE-Ellis violation CDC-602, before he
8  was given the Final CDC-115 (Prejudice) Hearing.
9  Again Mrs. Vela wouldn't process the 602 until
10 After he somehow obtain a copy of the IE-Report.
11 However Plaintiff wasn't provided this copy until
12 After he was corruptibly found guilty. Then Mrs.
13 Vela still Refused to process such crucial IE
14 violations (See A. Ex. pgs. 110-123), moreso Review
15 the multitude of denials by Mrs. Vela over
16 Plaintiff due diligences. This Staff went to the
17 extreme of discrediting the initial 602 that show
18 I submitted the IE-Ellis 602 on 01/12/07 because
19 I kept a 2/15/07 I/m Request for interview (See
20 A. Ex. 113-114). What is so dishonest was I wasn't
21 given a copy of the IE-Report copy until after I
22 was already found guilty.
23 C.    Final Example: From the day Plaintiff was
24 Placed in ASU 12/13/07 until after fully completion
25 of the SHU-Term and been Retaliated transferred
26 To CTF and there after on 4/10/08 was I finally, when
27 given my personal "Required" property - meaning all this
28 time I was deprived from Family/Friend communication

Page 11.

1  Court Access, Religious practice ect... (See A

2  Ex. 159-166). Moreso Mrs. M. Vela dishonestly

3  Screen-out my personal property lost item of my

4  expense Brother 500 Typewrite, where an officer

5  in Retaliation give it to Another inmate. When I

6  first notified Official was in the 12/21/02 ICC

7  Hearing violation CDC-602 was Submitted on 12/24/06

8  (See A. Ex. pg    Section B Action Requested). However

9  on 2/06/07, I had to Again submit Another 602 (See

10  A. Ex. pg.    Section B) Request an investigation

11  into personal Items now being missing. Now being

12  deprived Required personal property And now missing

13  property. I was then order to Attach a copy of my

14  Receipt to the 602 (See A. Ex. pg. 128) even though

15  the 602 Reviewer official Need to Review the Original

16  Copy. Still I was denied this 602 after Attaching my

17  copy Anyhow As I was timed delay (See A. Ex. pgs

18  124-157) And All (A. Ex. 167-186) to see Mrs Vela continuously Screen-

19  out deliberate indifference). Ect.... Abuse of

20  Authority.

21      Again this Court must accept plaintiff

22  Claims As true And Correct by how CDCR/CMC-E

23  has manipulated it Rules by disallowing/denied

24  plaintiff from filing a Citizen Complaint 602

25  Against Mrs. Vela (See A Ex. pgs. 244 - 270)

26

27  8.    Defendant Lt. S. R. Stinson, Assigned by

28  CDCR/CMC-E As plaintiff Final CDC-115 Hearing

Page 12.

1    Official, whom initiated this Hearing with
2    pure prejudice, by stating it was no need for
3    me to Request a postponement to call witnesses
4    or too address my accuser (c/o Balkind / I'm Lutz
5    never stated we was fighting) ect...," Because one
6    of his officer said he saw me, " Therefore I'm
7    Guilty (Id), " if I don't like it Appeal it (Id)".
8         I was then order away, And everything
9    Stated on the Hearing Disposition (see O. Ex. –
10   pgs. D1–D3) was done without me being there.
     D1 – D3
11   (Falsified by Lt. S. R. Stinson).
12        Defendant Sadism was not only establish
13   under plaintiff Due Process Rights violation
14   because such conduct also imposed more harsher
15   Cruel and Unusual punishment under ASU/SHU
16   Living incorperate within Plaintiff 25 yrs. to Life
17   Sentence.
18        · Again this Court must accept plaintiff
19   Claims As true And Correct by how CMC-E has
20   manipulated its Rules by disallowing / denied
21   plaintiff from filing A Citizen Complaint 602s
22   Against other defendant prevented him from filing
23   one Against Final 115- Hearing Lt. S. R Stinson
24
25   9. ·    Defendant, M. ARFA was Assigned by
26   CMC-E to be Chairperson in plaintiffs I CC-Hearing.
27   This Higher Standard Official Conducted, this Hearing
28   unprofessionally And with malicious intention. This

Page 13.

1  defendant never Reviewed impartially Any of the
2  Fabricated information presented Against plaintiff;
3  Moreso defendant was negligence to see how the
4  Final CDC-115 Hearing Lt. Stinson found Plaintiff
5  guilty with him being permitted to be in the Hearing -
6  All because this defendant full Attention was focus
7  on A young psych-Tech lady And her Activities
8  for Valentine's Day. (See A. Ex. pgs. 187 to 212)

9
10  10.  Defendant CMC-E Warden John Marshall
11  on 12/13/06 minute After this Staff Control
12  Riot, came upon C-Quad yard to inventory the
13  Situation, too personally witness the Contradiction
14  Among his Officers initial fabricating facts of
15  this incident being of A Racial Riot when there was
16  over 60 inmates in this Area both black And white
17  And only 6 was Alleged to be saw fighting And
18  Secured (See. O. Ex. pgs. 37 to 44', 105 inmates in these Area)
19       OR Warden Marshall learning upon later
20  discovery that convincingly show how one inmate
21  Acted Alone And the other Black Acted in self
22  defense for his Staff neglect to had Called the
23  Yard Down (See. O. Ex. pg. 19 - on 12/18/06). Still
24  permitting his Official for being prosecuted for
25  participating.
26       Also Warden Marshall Received out-side
27  Responses from plaintiff due diligence Requests for
28  out-side Assistance to prevent CMC-E officials

Page 14

1  from denying plaintiff 602-Appeals due process
2  while at the same time covering-up the truth
3  of this matter. (See. A. Ex. pgs. 271-290) of
4  plaintiff seeking out-side Assistence); Now ●see
5  (See A. Ex pgs. 292-311 of the Responses plaintiff
6  Received back); Now see / Review Warden Marshall
7  Respond (See O. Ex. pgs 71 And 75) which was
8  only Co-worker of the Officers/Officials Plaintiff
9  was seeking An investigation on. For Additional
10 Support Review O. Ex. pgs 63 to 75; And there is
11 two Offices of Internal Affaire (Bakerfield CA.)
12 And Sacramento. Ca - both of which Plaintiff
13 coRResponded with.
14          Such Warden Marshall malice Activity
15 given sole Responsibilities to Staff that were
16 Also operating under the same of Code of Silent
17 Policy only help conceal Plaintiff violations Claims.
18

III. FACTS

19
20
21 11.    On 12/13/2006 Calif. Men's Colony-East
22 (CMC-E); C-Quad A Mental Health Program
23 (CCCMS) Yard. Black inmates became entrapped
24 into A Self defense ● combat, because C-Quad
25 Officers was intentionally Negligent to intervene
26 by Not Calling the yard down, After witnessing An
27 inmate being brough off the Yard with head injuey-
28 bleeding.

Page 15.

1    Plaintiff has present evidence by way
2  of other officer incident reports where they
3  Admit witnessing white inmates grouping-up
4  (See O. Ex. pg. 24 And 33) And officers only
5  standing in front of these buildens (At p. 33).
6    On 12/11/06 or three About inmate Riley
7  Blk. (gangmember) gotten into a fits fight with
8  wht. inmate Folett1, while C-Quad had already been
9  on lock-down program.
10    On 12/13/06 inmate Riley decided on his
       (See O. Ex. pg. 19)
11  own to Assault Folett1. Why these two inmate was
12  permitted to normal program with general
13  population is against CDCR/CMC-E policy. Moreso
14  CDCR/CMC-E Also possess A policy to identify such
15  misconduct by Association/Affiliation with gang-
16  member (Crips), Blood And muslum ect... which
17  was not Applied in this case, only the color of
18  black individual Skin. (Review Evidence used
19  to prosecute inmate Riley with).
20    Only when this Angry white group
21  Notice how staff wasn't trying to intervene; They
22  went over to A Black CMC-E MAC Name Byone
23  Johnson And when he would Assist to help them
24  locate Riley one of the white inmate AssAulted
25  him.
26    Plaintiff who was standing A few yard
27  Away was permitted to peacefully escort Johnson
28  Away from this Angry white group And then

Page 16

1  too greater distance himself farther away to
2  an enclosed area with other non-participant
3  (Again) by two 10ft. high by 20ft long fences.
4       This white group still being not
5  satisfied, decided to attack any innocence, weak
6  looking Black inmate close-by; which then
7  Resulted into a few individual fighting.
8       Its Plaintiff belief that he was permitted
9  to escort his friend "Mac Johnson from this white
10 group because of Plaintiff Holy characteristic that
11 he had established among them over a 7yrs.
12 period.
13      Plaintiff neither fought anyone nor did
14 anybody hit or fought Plaintiff. And prior to them
15 individual fighting beginning Plaintiff was far
16 enough away to had not been implicated as I
17 was of an actual fightee or any other misconduct.
18      Officer Balkind purposely lied on Plaintiff
19 as an initiation to be accepted under CMC-E
20 C-Quad Code of Silent Policy. Officer Balkind only
21 implicated Plaintiff by second guessing the fighting
22 started on the tennis court where Plaintiff
23 would always be instant of being overly friendly
24 which he desire from me.
25      Officer Balkind Fabrication was Rejected
26 by everyone of them other Officers who Actuall
27 Responded - primary to this fighting Area  All
28 being present before Balkind; Aswell of  these other officers
                                              personally

Page 17

1  Knowing Plaintiff for over 4 yrs as Plaintiff
2  Job supervior.
3          CMC-E, C-Quad Official has discovered
4  fact-finding but has only use such discovery
5  in an attemp too criminal Prosecute inmate
6  Riley with.
7          Plaintiff was never implicated as being
8  a Crip-Gangmember to be associated with
9  Riley; which is how CDCR/CMC-E Policy identify
10 group fighting participation.
11         Plaintiff was falsely found guilty / by
12 due process violation for the color of his skin
13 even though the Fabricated some evidence standard
14 didn't support the finding of guilt ect... Plaintiff
15 possessed no fighting mark was no Pepper sprayed
16 with the others and was far away from this
17 fighting zone with no other officer saying they
18 saw me fighting or/and running, ect...
19
20              IV. EXHAUSTION OF LEGAL REMEDIES
21
22 13.     Plaintiff diligently attempted to used the
23 the prisoner grievance procedure available at
24 CMC-E / CTF, to try and solve the problems.
25 However all claims present was either ignored
26 or rejusted under prejudice, and abuse of
27 discretion or conceal even moreso that true
28 discovery would not be prevailed.

Page 18

1   Plaintiff Actual innocence pursuit was
2   denied without him being allowed to obtain
3   a complete, impartial and fundamental fairness
4   investigation CDC-602 Appeal due process as a
5   whole with all defendants participating.

6
7   ## V.  LEGAL CLAIMS

8
9   14.    Plaintiffs Reallege and incorporate by
10  Reference of claims presented in his Original
11  Complaint and now within the Amended
12  Complaint paragraphs / Title 1-13.
13  15.    All Defendants named has Violated
14  plaintiff (in-part or/and in its entirety) Eighth
15  Amendment Protection Rights from Physical
16  Assault from other inmates. Rights to Fair and
17  Impartial due process of the Fourteenth
18  Amendment. Freedom From Racial Discrimination.
19  Freedom From Racial Discrimination. Equal
20  Protection Rights, Free from Cruel and Unusual
21  punishment and Deliberately Indifference
22  under the Amendment to the United States
23  Constitution.
24  16.    The plaintiff has no plain, adequate or
25  complete Remedy at law to Redress the wrongs
26  described herein. Plaintiff has been and will continue
27  to be irreparably injured by the conduct of the
28  defendants unless this Court grants the declaratory

Page 19

1  And injunctive Relief which plaintiff seeks.

2

3  VI. PRAYER FOR RELIEF

4

5  WHEREFORE, plaintiff Respectfully prays that
6  this Court enter judgment granting plaintiffs'.

7

8  17.   A declaration that the Acts and omissions
9  decribed herein Violated plaintiff's Rights under
10  the Constitution And laws of the United States.

11

12  18.   A preliminary and permanent injunction
13  ordering defendants - CDCR ... Shouldn't have
14  Judiciary over inmates CDCR. 602 Appeals Due
15  Process, Fact-Finding, Dicovery ect...
16  B.    CDCR Appeals Offices shouldn't prevent
17  602s from being process by ordering that the
18  inmate too first obtain State (CDCR) documentation
19  Copies ect... to Attach to the 602 in order for it
20  to become process (The 602 Reviewer official
21  should have enough authority to obtain the Central file
22  that the Required documentation is in upon Reviewing
23  the 602 issues)
24  C.    Inmates 602 issues should "stop" following
25  Hearing from occurring until that inmate initial
26  602-Violations has been Redress, when related.
27  D.    Every Unit/Institutional Classification Com-
28  mittee Hearing And Final CDC-115 Hearing should

Page 20

1  Automatically be tape Tape - Recorded to become
2  Used by both Staff And inmate.
3  E.      CDCR- Officers / Staff ect... Shouldn't be
4  permitted too Conspired with each other upon
5  Submitting COC-115 Against inmates. the written
6  Report should be done under confidentiality. Aswell
7  it should be illegal for Another CDCR-Staff /Officials
8  to Assist/ help other to write A COC-115 Report of
9  Any Kind.
10  F.      One dishonest Officer Statement / Facts
11  Shouldn't be permitted to count under the Some
12  evidence Rule to Automatic support guilt.
13  G.      Inmates should be permitted to Somekind
14  of due process Appeal Rule too obtain other
15  inmate witnessing affidivit while being placed in
16  ASU/SHU isolation (Through Legal Mail /confidential
17  mail) So they could Enter present/use for evidence
18  while the incident is still flesh in the memory.
19  H.      Defendant Appeal Coordinator - M. Vela
20  Should Allowed Plaintiff to have his property COC-
21  602 Re process. Moreso to Relocate his legal
22  purposes Brother 500 Typewriter And its many
23  Accessories; Being how Plaintiff filed the property
24  602 violation on 12/24/06 (See A. Ex. pgs. 76)
25  Contradictively to Mrs. Vela Screen-out justifications
26  (See A. Ex. pgs. 124 - 158; At p. 134).
27  I.      Plaintiff punishment was much greater then
28  it Appear, because plaintiff being a 25 yrs to Lifer

Page 21

1  3-Striker (both NON-Serious/Violent) who possesses
2  A perfect Rehabilitation program/Character. But to
3  be Under CDCR-Close-B Custody-in Retaliation
4  to forcably be Transferred to A lifers facility,
5  CTF-Central, that will take plaintiff 15 more
6  years to work in PIA/Job Labor work Assignment
7  Herefore plaintiff should be immediately transferred
8  back to CMC-E At Defendant Warden John
9  Marshall Approval or Another Level-2 facility
10 such As San Quentin where he could work in
11 PIA/Day Labor position Aswell of keeping his
12 S-Suffix And A Safe guard that CDCR would
13 Attempt to impose Any other program Restriction
14 then what's been stated Above.
15 J.    For this Court to Review how CMC-E
16 Appeal Office or/And his Advocacy of his Actual
17 innocence has Now caused CTF Appeal Office
18 602-Reviewers Officials to Retaliate Against
19 plaintiff by Not Removing An unconstitutional/
20 unjust R-Suffix imposement, that has been
21 contrarily to CTF/CDCR Revised justication
22 for imposing R-Suffix incompliance with PC 290
23 in An great Attempt to keep plaintiff in great
24 damage And severe mental illness.
25
26 19.    Compensatory damages in the Amount of
27 10,000.00 (Ten Thousand dalloe) Against each
28 defendant, jointly And severally.

Page 22

20.    Punitive damages in the Amount of 5,000.00 (5 Thousand dalloe) Against each defendant.

21.    A jury trial on All issues triable by jury.

22.    Plaintiff's Costs in this suit

23.    Any Additional Relief this Court deems just propee, And equitable.

Dated: June 01, 2008.

Respectfully Submitted,

Derrick Lee Sledge

Derrick Lee Sledge
In Peo Se.

Page 23

# Exhibit Cover Page

Amended- (A.), Exhibits- (Ex.), Pages- (Pgs.)

A. Ex. Pgs. 76 To 93

Plaintiff - (Initial) Institutional Classification
Committee- (ICC). CDC-602
(exhausted) Appeal.
Concerning plaintiff initial ASU-
detainment. Initial Property Violation
Hardship living- Under C-Quad
Captain (Defendant) J.T. White
(chairperson) Conflict of Interest
Prejudicial Justification.
(Process By Defendant M. Vela)




**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| CTF | 1. CMC-E | 1. 07-0220 | Seg. Hrngs. |
| | 2. | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Derrick L. Sledge | P-43766 | N/A | B/Q-418ᵤ |

A. Describe Problem: Upon becoming A Subject to 15 CCR. Article 6 Disciplinary Detention And Article 7. Administrative Segragation "With" the Conditions that follow - Sect. 3331 And Sect. 3343 (See Attachment). Is being Applied to my Case Unconstitutional And is of Unreasonably Application And Contrary to legitimate Penolodical Interest. Since my Commitment to CDC&R/CMC-E, I have never demonstrated A behavior that can be ——

If you need more space, attach one additional sheet.) CC:A written copy been made      **CONTINUE ON NEXT PAGE**

B. Action Requested: I be officially Ordee back to general population immediately Or/And that all my personal propeety be stored in ASU And I be Allowed under Staff Closely Supervision to obtain the legal Material I need And Any other Items I'm Allowed such as Snack ect Cosmetics Care, Stationaey Now And then on monthly procedure. This punish count for 10X SHU ect., punish ect.

Inmate/Parolee Signature: Derrick L. Sledge      Date Submitted: 12/24/06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

~~BYPASS~~

INMATE APPEAL BRANCH
MAY 23 2007
RECEIVED

Staff Signature: _____      Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~BYPASS~~

Signature: _____      Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RECEIVED
MAY - 7 2007
CTF APPEALS

DEC 2 8 2006      JAN 2 6 2007

... APPEALS OFFICE, CMC APPEALS OFFICE

Amened -(A.) Exhibit-(Ex.) 76

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

_____

_____

BYPASS

_____

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved:    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **JAN 26 2007**    Due Date: **MAR 13 2007**

☑ See Attached Letter

Signature: _vm Xela_, CCII    APR 30 2007    Date Completed: **MAY 01 2007**

Warden/Superintendent Signature: _____  CMC APPEALS OFFICE    Date Returned to Inmate: **MAY 02 2007**

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. I WAS placed in CMC-E ASU/SHU on 12/13/06~I should Submitted this 602
12/24/06. I Also wrote to Inspector General/Internal AFFAIR Offices ect that conta
CMC-E that Contradict CMC-E Staff Alleging Fact Finding. I WAS denied to partic
ipate in these Hearing, I did NOT Agreed to Anything but the violation in this 602 since
12/13/06. The Staff Six that was Allowed to Address this 602 was the Same staff
that dishonest never process these 602 until After the Hearing for A Cover-up
to say I never Ask for this issue to be impartial investigated this    5/15/07
Signature: _Derrick L Sledge_    Date Submitted: 5/15/07

For the Director's Review, submit all documents to:    Director of Corrections    ATTN: I would like All Attached
P.O. Box 942883    documents retu
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other
☑ See Attached Letter
CDC 602 (12/87)    Date: **AUG 08 2007**

A. Ex. Pg. 77

(mis) interpreted to be either A "Presents An Immediate Threat to The Safety of Self or Other or An Endangers Institution Security And No Desire Now. Which I feel I have Not been Fairly And Justly Evaluated by either the Yard Captain (CO) Mr. R. White on 12/14/06 ok/And ICC on 12/21/06. For its decision to be Retain me in ASU. I feel that the initial Segregation Placement Order was Severely Vague And didn't give Sufficient in order to Allow me A Fair defense Response, or that the existing Material Evidence was clearly Contrary to either my Behavior/Conduct to Retain me in ASU. I Also feel because It was the same CO-Yard Captain Mr. White, in which this misfortunate incident occurred And the many incidence that followed; by him Seating on on my ICC Hearing prejudice All opportunities of Having this ICC to order me back to general population. I feel its Mental Cruelty for A I/m (me) to have been Disciplinary Free for over 6 yes. And has taken every measure possibly upon his own Self-Will to become Rehabilitated only to Wake-up one day for Institution/ Staff Convenient to be Label (without Any effort on my the I/m part) As being A Security Endangerment — to be taking Completely-out of general population to become Severely Punish under CMC-E Verison of Sect. 3331 And 3343.

CMC-E Verison of ASU, Should be for every one day spent in here it counts for ten-days of SHU Penalty time. Since I've been in CMC-E ASU, I haven't been Able to contact Any of my Family - being that their info. Are in my personal Propeety that is-stored some where else. And my Steadfasting legal Pursuit has been Stop/delay And deprived And now I'm being told ^(And under court deadlines Federal court) that A C/o is going to have to go through all my legal Material and decide with he want to being me, without me being Present, Not to exclude no out-side exeecising to have a long-teem effect on my Already Mental illness. Also my out-side Bible Studies Correspondence lesson I've been doing for 7yes. Continuously. No Educational Material ect. All of which been my daily Rehabilitation Program

This Such Punishment only Support it was never designed to prove my innocence officially !!

December 24, 2006

Sect H. Continue :

his same Staff a Second-level Reviewer M. Vela
As the same Staff that Accepted my IE-602 realized
a Violation and then Reject it After I was order to
tach document that these Staff possessed to cause the
elays And then Report I never bought those Violation
p. The Same Staff Review that I accused her for
ishonestly not Schematic placing me correctly upon the
ame day of this incident. is the same Staff to
vestigate this 602 Violation - To severely prejudice this
02 Due Process - which She has deliberate indifference
llowed herself to be the 2ND Review to Answer it with
ejudice. Just As Captain White was present of
he Riot being Secure And Allowed to be chair person
N the ICC to be prejudice to see it was all because of
his Staff negligence to Allowed the Riot to escalated
o be prejudice in my ICC hearing. These involved staff
hat Also to be the same Fact Finding Staff is causing
ime to pass to completely denied me to prove my
nnocence And then Retilated against to denied me my (all)
Personal
roperty /material for Court access ACCESS, And Severe
hardShip living condition And so much more, This
, pure CORRUPTION CCII M Vela should of declined to
ddress this 602. She had my Counselor manipulate me
o slow-down on complaint how illegal it was for the
ppeal Office not to Accept my IE Violation 602. I'm
nnocence I was not fighting no one hit me nor did I desire
nd hit Anyone even before the Riot. I was allow to escort my
riend and me far away. Which all Staff Knew this but by

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*December 28, 2006*

***SLEDGE, P43766***
*EFBQB4F100004186*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal is incomplete. You must include supporting documentation. All documents must be legible. (If necessary, you may obtain copy(ies) of requested documents by sending your request with a signed trust withdrawal form to your assigned counselor.) Your appeal is missing:*

*Attach copy of ICC 128-G that states you will be retained in ASU. You will need to submit a request to the ASU Property C/O regarding obtaining items from your property. If you are denied your request then you may submit an appeal.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:**  Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

A. Ex. 80

STATE OF CALIFORNIA
GA-22 (9/92)

## INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO CMC-E Appeal Office | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| JAN 1, 2007 | CC-II M. Vela (Specialist) | D. Shedge | P-43766 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | |
|---|---|---|---|---|
| B-Q | 4186 | | FROM | TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | |
|---|---|---|
| | FROM | TO |

### Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

believe you has Screen-out my 602 with Deliberate - Indifferences because the first
half of that 602 was concerning staff vague justicification to Retain me in ASU and was
nt specifying to my true conduct/benavidr. Which ICC only confired it. Which you know take
m's months to obtain their 128g cheono. But I did Attach the CDC-114-D (copy). And the second
if was concerning the living condition that follow that Retain I've been suffering under it; bein
my access to my personal property, legal material, family contact ect... Who to say that Staff hasn't
eddy lost misplace my I/m-Req for Intvi. slip Since it's been going on 3wk. Now, Now you tellin
e I have to pay for the 128g in order to have my 602 address upon the informal level After failing on other aff

INTERVIEWED BY

DATE   r.4.7

DISPOSITION

I am not sure what you are talking about - next time return
this with the Appeal + the Screen-out. I printed a copy of your last screen
out - You don't have to pay for the 128-G. You just have to wait until it is →
E2

A. Ex. 81

From: D. Sledge P-437166          Rm 4186

To: CMC-E  Appeal Office Coordinator


Re: To Amend the Attach filed CDC-602

I do not know how to correct my submitting 602 for your Office Approval. So I felt it was a need to Amend to you of your misinterpretation:

This CDC-602 focus on me being Retain to ASU After being so long in General Population being Disciplinary free for so long and now so easy be label as a threat ect... To show them there is no Rehabilitation Opportunity in CDCR.

The property issue is just one of the many hardship I've suffered and continue to suffer under this order to had me continuously Retain in ASU under punishment condition: (but as a result I still haven't Receive my property or been allow to get my own legal material 6 weeks and counting.

But if I need to take the property issue off part B. Action Request in order to have this 602 focus on the Retain and Hardship I will upon your office consent.

Derrick L. Sledge

PS: I have Also
Attached now the
12/21/06 ICC 128G chrono
upon getting it 01/22/07

A. Ex. 83

STATE OF CALIFORNIA                                                                                              DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/69)

No.   P-43766      Name:   SLEDGE, Derrick          Bed:   BQ B4-4186      CS:   19      Level:   II
Custody:   MAX-RS        Annual:   08/2007      Assignment:   ASU
WG:   D1    PG:   D    Eff:   12-13-2006    Care Level:   CCCMS      DDP:          DPP:          TBA:   32
WL:                   TABE:   7.7    Next BPH:                      Release Date:   MEPD 03-22-2023
Rx:      REFER CSR RX 90-DAY ASU EXTENSION

S appeared before ICC this date for a CDC-114D h.        S was placed in ASU on 12/13/06, following his involvement in a riot between Black and White inmates in C-Quad. Placement in ASU is deemed appropriate. Information/evidence relied upon: CDC 114D dated 12/13/06. S did not request any witnesses for this hearing. S was issued a CDCR-115 dated 12/13/06, for violation of Participation in a Riot. This RVR has not yet been adjudicated. S is placed in WG/PG D1/D with MAX-RS custody effective 12/13/06. S is reviewed and cleared for walk alone yard and single cell housing while in ASU. Temporary single cell designation based on S's psychiatric concerns, refer to CDC 128C dated 11/1/05. S is to exercise with Black inmates only. S is to be kept away from White inmates. S's release to the GP would jeopardize his safety, the safety of others and the security of the institution due to his recent involvement in a riot. This case is referred to the CSR RX 90-day ASU extension. S is being retained in ASU pending adjudication of his RVR and identification of any resultant enemy/safety concerns. With the exception of the above stated issues case factors remained unchanged since S's Initial Classification on 12/26/01. CDC 812 is clear. Gang affiliation: None noted. Confidential file is noted. TB code of 32 per CDC 128C dated 12/5/06. DDP designation is NCF per CDC 128-C2 dated

Date:   12-21-2006          INSTITUTIONAL CLASSIFICATION COMMITTEE In Person      Inst:          CMC-E / C-Quad la

---

STATE OF CALIFORNIA                                                                                              DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/69)

No.   P-43766      Name:   SLEDGE, Derrick          Bed:   BQ B4-4186

1/27/03. DPP: N/A. Reading TABE: 7.7. S is included in the MHSDS at a CCCMS level of care per CDC-128C dated 6/29/06. Dr. Muller was present and served as S's staff assistant for this classification hearing. Effective communication was achieved through the use of simple English spoken slowly. Committee queried S to ensure S's full understanding of issues discussed. Clinical case factors reviewed for ICC by the Mental Health Services interdisciplinary Ad-Seg treatment team indicate the subject's current level of care is CCCMS, with no recommendation for change at this time. Clinical staff has provided the following input for this hearing: S's response to treatment is sufficient. S's compliance to psychotropic medication is consistent. Quality of participation in treatment is adequate. S's activities of daily living skills are adequate. S does not require a staff assistant for ICC. S is not likely to decompensate if he remains in ASU for a lengthy period. S's ability to understand the ICC hearing is adequate. S has no psychiatric symptoms relative to staff safety. S has no mental health concerns regarding single or double cell status. S has a history of suicide attempts. S has no history of assaults. S fully participated in Committee action. S understood the reasons for Committee's decision and agreed with Committee's recommendation. S had no questions for Committee this date. S stated to Committee, "I was not involved." S was advised to his right to appeal Committee action via the CDC 602 process. Additionally, S was advised that his visiting privileges are temporarily suspended due to safety and security issues resulting from ongoing racial unrest currently being experienced at CMC. Due to the design of the visiting room, ASU inmate's enroute to the non-contact visiting booths must be escorted through the open unrestricted visiting room occupied by inmates of all races and

Date:   12-21-2006          INSTITUTIONAL CLASSIFICATION COMMITTEE In Person      Inst:          CMC-E / C-Quad la

---

STATE OF CALIFORNIA                                                                                              DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/69)

No.   P-43766      Name:   SLEDGE, Derrick          Bed:   BQ B4-4186

their visitors. Under normal circumstances the escort is completed without incident. Due to the extent of violence during the recent racial riot in C-Quad, Committee believes escorting suspected participants of this riot through the visiting room poses a significant security risk, which would jeopardize the safety of visitors, staff and inmates. This temporary visiting suspension will be lifted when C-Quad GP inmates are returned to normal program at which time S will revert to non-contact visiting while in ASU. Next ICC in 90 days or upon receipt of adjudicated RVR, whichever comes first

COMM: D. Connor              R. White          J. Meyers              K. Smith          D. Samuel
       CDA (A) & Chairperson   Facility Captain   Chief Psychiatrist (A)   Lieutenant       Asst. C&PR (A) & Recorder

CC: Inmate, Quad & CSR

Date:   12-21-2006          INSTITUTIONAL CLASSIFICATION COMMITTEE In Person      Inst:          CMC-E / C-Quad la

STATE OF CALIFORNIA                                                                                DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER | |
|---|---|---|
| SLEDGE, DERRICK (BLA) (CCCMS) (5102 To 4186) | P-43766 | (TABE: 8.9) |

## REASON(S) FOR PLACEMENT *(PART A)*

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY        [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On December 13, 2006, you are being rehoused in the Administrative Segregation Unit (ASU). On this date a riot between numerous white and black inmates occurred on the C-Quad Yard. You were identified as being a possible participant in the riot based on injuries, exposure to OC, or staff identification. Based on the above information you are deemed a threat to the safety and security of the institution. You will remain in the ASU pending further investigation, adjudication of disciplinary proceedings, and ICC review.

| [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / / |
|---|---|

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 12-13-06 | K. T. SMITH | *[signature]* | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 12/13/06 | 1020 | E. RAMOS | *[signature]* | C/O |

| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE  x *Derrick Sledge* | CDC NUMBER  P-43766 |
|---|---|---|

## ADMINISTRATIVE REVIEW *(PART B)*
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
| *Asskines* | *Caseworker  LCSW* | | |

**IS THIS INMATE:**

| | | | |
|---|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [X] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [X] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

| Any "NO" requires SA assignment | Any "NO" may require IE assignment |
|---|---|
| [ ] NOT ASSIGNED | [X] NOT ASSIGNED |

## INMATE WAIVERS

[X] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE  x *Derrick Sledge* | DATE  12/13/06 |
|---|---|---|

## WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____ [X] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [X] SINGLE CELL PENDING ICC

REASON FOR DECISION:    *ENDANGERS INSTITUTION SECURITY*

| ADMINISTRATIVE REVIEWER'S PRINTED NAME  x. *WHITE* | TITLE  FC | DATE OF REVIEW  12/14/06 | TIME  1115 | ADMINISTRATIVE REVIEWER'S SIGNATURE *[signature]* |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

A. Ex. 85

State of California                                                Department of Corrections
                                                                          CDC 128-G

No. P-43766                    NAME:  SLEDGE,


*Comment*:      90 day ASU extension from ICC action of 12-21-06 approved to complete adjudication of
pending RVR of 12-13-06 for Participation in a Riot.


Return to CSR no later than 3/21/2007 with status update.


                              D Oftedahl, CSR

Date: 1/22/2007              Classification  - CSR ACTION              CMC-E

_____


Δ  Fx. 86

# Memorandum

Date    :    April 27, 2007

To      :    SLEDGE, DERRICK
             P-43766
             CORRECTIONAL TRAINING FACILITY (CTF)

Subject :    CMC APPEAL LOG #E-07-0220
             **SECOND LEVEL APPEAL**

ACTION REQUESTED:    1.    RELEASED BACK TO THE GENERAL POPULATION (G.P.) OR ALL YOUR PERSONAL PROPERTY STORED IN THE ADMINISTRATIVE SEGREGATION UNIT AND, ON A MONTHLY BASIS, ALLOWED TO GO THROUGH YOUR PROPERTY TO OBTAIN LEGAL MATERIAL AND ANY OTHER ALLOWABLE ITEMS.

You state in your appeal that you were unconstitutionally and unreasonably placed in the Administrative Segregation Unit (ASU) that restricted you to the conditions set forth in the California Code of Regulations (CCR), Title 15, Sections 3331 and 3343. You feel that since your commitment to the California Department of Corrections of Rehabilitation (CDCR) you have never demonstrated any behavior that could be interpreted as a present and immediate threat to the safety of self or others or a danger to institution security. You further state that R. White, C Quad Facility Captain (Capt.) and the Institution Classification Committee (ICC) unfairly and unjustly evaluated your retention in ASU. You contend that the California Department of Corrections (CDC) 114-D, Administrative Segregation Unit Placement Notice, was vague and did not allow you to have a fair defense response. You add that since Capt. White elected to retain you in ASU during the administrative review, he should not have been a participant in ICC.

You contend that since your placement in ASU you have not had the opportunity to contact your family members because your personal property is stored somewhere else. You also claim that your "legal pursuit" has been stopped or delayed and you are now being deprived of your legal material. You state that you were informed that a Correctional Officer (C/O) would go through your personal property and locate your legal material for you, without you being present. You do not agree with this procedure and feel that this will have a long-term effect on your mental illness. You feel that all of your property should be stored in ASU.

The rules of the Department governing your issues are contained in the CCR, Title 15, and the Department Operations Manual (DOM) as follows:

A. Ex. 87

### 3270. General Policy.

*…The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department.*

### 3271. Responsibility of Employees.

*Every employee, regardless of his or her assignment, is responsible for the safe custody of the inmates confined in the institutions of the department.*

### 3315. Serious Rule Violations.

*(b) In addition to the disciplinary hearing, the inmate may be subject to segregation from the general population pursuant to sections 3312 and 3335…*

### 3331. Conditions of Detention.

*(a) Insofar as the safety and security of institution and for persons will permit, the physical facilities of designated disciplinary detention units will approximate those housing general population inmates.*

*(c) Personal Items.*

*(1) Inmates will not be permitted to use or possess items of personally owned property, such as radios, television sets, tape players, musical instruments, and typewriters while undergoing disciplinary detention. Personal items necessary for health and hygiene may be used if such items are not available for issue by the institution.*

*(j) Legal Material. Inmates undergoing disciplinary detention will not be limited in their access to the courts. Legal resources may be limited to pencil and paper, which will be provided up9on request, for correspondence with an attorney or preparation of legal documents for the courts. Other legal material in an inmate's personal property may be issued to an inmate in disciplinary detention if litigation was in progress before detention commenced and legal due dates are imminent.*

### 3335. Administrative Segregation.

*(a) When an inmate's presence in an institution's general inmate population presents an immediate threat to the safety of the inmate or others, endangers institution security or jeopardizes the integrity of an investigation of an alleged serious misconduct or criminal activity, the inmate shall be immediately removed from general population and be placed in administrative segregation. Administrative segregation may be accomplished by confinement in a designated segregation unit or, in an emergency, to any single cell unit capable of providing secure segregation.*

*(c) An inmate's placement in segregation shall be reviewed by the Institution Classification Committee (ICC) within 10 days of receipt in*

A. Ex. 88

the unit and under provisions of section 3338(a) of these regulations. Action shall be taken to retain the inmate in segregation or release to general population.

(d) When, pursuant to this section, an ICC retains an inmate on segregation status, the case shall be referred to a Classification Staff Representative (CSR) for review and approval.    Unless otherwise directed by the CSR, subsequent ICC reviews shall proceed in accordance with the following timelines until the inmate is removed from segregation status:

### 3337. Review of Segregation Order.

On the first work day following an inmate's placement in administrative segregation, designated staff at not less than the level of correctional captain will review the order portion of the CDC Form 114-D...

### 3338. Hearing on Segregated Housing Order.

(e) When the reason for an inmate's initial placement in administrative segregation is a disciplinary matter and likely to result in a formal report of violation of institution rules on a CDC Form 115, or a referral to the district attorney for possible criminal prosecution, the hearing will assume the alleged misconduct or criminal activities to be factual as reported in the segregation order.  The hearing will not consider evidence or information relating to the guilt or innocence of the inmate.  The only determination to be made is whether the inmate needs to be retained in administrative segregation for the reasons given in subsection 3335(a) and in the segregation order, CDC Form 114-D, pending resolution or disposition of disciplinary issues...

### 3375. Classification Process.

(b) The classification process shall take into consideration the inmate's needs, interests and desires in keeping with the institution's/facility's needs; the inmate's behavior, performance and classification score; and the effect on the inmate, other inmates, staff, security of the facility, and public safety.

(c) Each determination affecting an inmate's placement within a facility, transfer between facilities, program participation, privilege groups, or custody designation shall be made by a classification committee composed of staff knowledgeable in the classification process.

### 3343. Conditions of Segregated Housing.

(a) Living Conditions.  In keeping with the special purpose of a segregated housing unit, and with the degree of security, control and supervision required to serve that purpose, the physical facilities of special purpose segregated housing will approximate those of the general population.

A. Ex. 89

### 54030.13.2 Temporary Placements, Transfers, and Returns

*In addition to the procedures outlined in DOM, the property of inmates on temporary transfer status shall be processed as follows at CMC:*

### Administrative Segregation

*Property for inmates placed in temporary ASU and Special Housing Units (SHU), shall be stored in R & R. Inmate(s) assigned to ASU and SHU shall have personal property privileges restricted per this procedure, CCR 3331(c), and ASU Guidelines.*

Appeal Coordinator M. Vela interviewed you on April 26, 2007, at the Second Level of Review. At that time you stated that which was in your appeal. You added that you felt that you were unjustly punished by being placed in ASU as you were innocent and did not do anything wrong. You were informed that the complaint regarding the property issues in this appeal were similar to property appeal log number CMC-E-07-0518, and that the property issues would, therefore, not be addressed in this appeal response. You stated that you understood.

A review of the CDC 114-D reveals that you were placed in ASU on December 13, 2006. C/O E. Ramos noted you declined an interview with the administrative reviewer. You did not request witnesses and signed the CDC 114-D. You were given a copy of the CDC 114-D on December 13, 2006, which provided you with the specific information regarding the reasons for your placement in ASU. On December 14, 2006, Capt. White reviewed your placement in ASU and determined that you would be retained pending ICC review. The decision to retain you was based upon the nature of your placement and your presence in the GP endangered institution security. Your assigned caseworker was assigned as a Staff Assistant (SA).

You had the opportunity to request an interview with the administrative reviewer and request witnesses, but failed to do so. During the CDC 114-D review with ICC, you stated that you understood the reasons for your placement in Ad Seg and you did not request witnesses.

On December 21, 2006, you appeared before ICC for a CDC 114-D hearing. You were placed in ASU on December 13, 2006, due to your involvement in a riot between Black and White inmates in C Quad. ICC deemed your placement in ASU appropriate. ICC noted you were issued a California Department of Corrections (CDC) 115, Rules Violation Report (RVR), dated December 13, 2006, Log Number E-C-06-12-0161, for violation of Participation in a Riot. Your case was referred to the Classification Staff Representative (CSR) for a 90-day ASU extension pending completion of the disciplinary process. You understood the reasons for Committee's decision and agreed with ICC's recommendation.

On January 22, 2007, the CSR approved a 90-day ASU extension from ICC action of December 21, 2006, to complete adjudication of the pending RVR of December 13, 2006, for Participation in a Riot.

A. Ex. 90

You have failed to establish that you were unconstitutionally and unreasonably placed in ASU. The administrative reviewer and ICC deemed your placement in ASU appropriate due to your involvement in a riot. Your contention that you never demonstrated any behavior that could be interpreted as a present and immediate threat the safety of others or a danger to institution security is inaccurate. If this were true the administrative reviewer would have ordered your release to the G.P. It is noted that you were subsequently found guilty of the RVR for Participation in a Riot.

Your request to be released to the G.P. or to have your personal property stored in the ASU is denied.

Should you be dissatisfied with this appeal decision, you may, by following the instructions listed on your Inmate Appeal Form (CDC 602), request a review at the Director's Level.

APPEAL DENIED

(4)

JOHN MARSHALL
Warden
California Men's Colony

JM:MV
cc: C-File, Appeals File

A. Ex.91

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    **AUG 0 8 2007**

In re:    Sledge, P-43766
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0615469          Local Log No.: CMC 07-0220

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he has been unconstitutionally and unreasonably placed into the Administrative Segregation Unit (ASU). The appellant contends that he has never demonstrated any behavior that could be interpreted as a present and immediate threat to the safety of self or others or a danger to institution security. The appellant believes that R. White, "C" Quad Facility Captain and the Institution Classification Committee (ICC) unfairly and unjustly retained the appellant in the ASU. The appellant has requested to be released back to the general inmate population (GP) and/or that all of his personal property be stored in the ASU. The appellant has also requested to be allowed to obtain the legal material that he needs and any other items that he is allowed to take possession of.

**II    SECOND LEVEL'S DECISION:** On April 26, 2007, the appellant was interviewed by appeal coordinator M. Vela. The reviewer established that the complaint regarding the property issues in this appeal were similar to the property appeal log number California Men's Colony (CMC)-E-07-0518, and that the property issues would, therefore, not be addressed in this appeal response. A review of the CDC Form 114-D, Administrative Segregation Unit Placement Notice established that the appellant was placed in the ASU on December 14, 2006. Correctional Officer E. Ramos noted that the appellant declined an interview with the administrative reviewer. The appellant did not request witnesses and signed the CDC-114D. The appellant was provided a copy of the CDC-114D and on December 14, 2006, Captain White reviewed the appellant's placement in the ASU and determined that the appellant would be retained in the ASU pending ICC review. The decision to retain the appellant was based upon the appellant participation in a riot between black and white inmates in "C" Quad on December 13, 2006. The ICC determined the appellant's placement in the ASU was appropriate. The appellant had been issued a CDC Form 115, Rules Violation Report (RVR) and the case was referred to the Classification Staff Representative (CSR) for a 90 day ASU extension pending completion of the disciplinary process. The appellant acknowledged the reasons for the Committee's decision and agreed with the ICC's recommendation.

On January 22, 2007, the CSR approved a 90 day ASU extension from ICC action of December 21, 2006, to complete adjudication of the pending RVR of December 13, 2006, for Participation in a Riot. Therefore it was determined that the appellant has failed to establish that he was unconstitutionally and unreasonably placed in the ASU. The administrative reviewer and ICC deemed the appellant's placement in the ASU appropriate due to his involvement in a riot. The appellant's contention that he never demonstrated any behavior that could be interpreted as a present and immediate threat to the safety of others or a danger to institution security is inaccurate. If this were true, the administrative reviewer would have ordered the appellant's release to the GP. It was noted that the appellant was subsequently found guilty of the RVR for Participation in a Riot. The appeal was denied at the Second Level of Review (SLR).

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.    FINDINGS:** Despite the appellant's dissatisfaction he has been provided an appropriate response from the SLR. The appellant has failed to provide any evidence, information or documentation to support his claim that he had been placed and retain in the ASU without justification. The institution has demonstrated that all rules and regulation pertaining to the ASU placement and review process were

# A. Ex. 92

SLEDGE, P-43766
CASE NO. 0615469
PAGE 2

followed.  The institution has considered the overall safety and security of the institution and despite the appellant's dissatisfaction there shall be no relief afforded at the Director's Level of Review.

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3005, 3270, 3312, 3335, 3337, 3339, 3341.5, 3375

**C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CTF
        Appeals Coordinator, CTF
        Appeals Coordinator, CMC

A. Ex. 93

# Exhibit Cover Page

Amended- (A), Exhibits- (Ex.) Pages-(Pgs.)

A. Ex. Pgs. 94 To 109

Plaintiff- Hardship CDC-602 Appeal
(exhausted)....
In Support of hardship
living conditions ect...

This is AN Amending 602 concerning only to one issues
rom Appeal screening order. Date Amended 3/5/07

**INMATE/PAROLEE APPEAL FORM 2ND LEVEL**
CDC 602 (12/87)

Institution/Parole Region: CMC-E

1. Log No. 07-0518 / 07-01731
2. Category

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

C-134/4

| NAME Derrick Sledge | NUMBER P-43766 | ASSIGNMENT N/A | UNIT/ROOM NUMBER 4288 |
|---|---|---|---|

**A. Describe Problem:** This has been Amend (Due to Appeal office screening) To concern the Hardship of not getting none of my once possessed personal property - Under Administrative Segregation Property Guidelines - Chapter 5, Article 43 (CDC Form 1697), Article 6 Section 3331. a-1; Article 7 section 3343 (a)-(1) in a fair (timely) matter from 12/13/06 — 4/     which has made me to suffer Mental cruelty, Cruel And Unusual Punishment, Mental Abuse and emotional And psychological distress ect... From this protocol procedure —

If you need more space, attach one additional sheet.    CC: A written copy been made       CONTINUE

**B. Action Requested:** That this case be Grant Hardship by CMC-E official recompensate + Compensate for pain suffering. I Allow All property since SHU Term over or immediately order by General Population with All property to try to catch back-u be Allow Canteen Items I be Allow personal to get these Item any other And further Relief deems proper

Inmate/Parolee Signature: Derrick L. Sledge        Date Submitted: 2/28/07

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

BYPASS

RECEIVED JUL - 5 2007 INMATE APPEALS BRANCH

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

BYPASS

Signature: _____ RECEIVED _____    Date Submitted: _____    CDC Appeal Number:

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

APR 1 9 2007
CTF APPEALS

MAR 0 7 2007
CMC APPEALS OFFICE

RECEIVED M11 2007 CTF APPEALS

07-01731

A. Ex. 94

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: MAR 07 2007    Due Date: APR 1 8 2007

Interviewed by: _____

APR 1 2 2007

Staff Signature: J.T. Torres    Title: LT CMC APPEALS OFFICE    Date Completed: APR 12 2007

Division Head Approved: K. Cook    Title: AW(A)    Returned Date to Inmate: APR 1 3 2007

Signature: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response. Still the violations for this 602, is being the production of official deliberately indifferences for prejudice under the Act (color) of its Law. To warrent relief even more so, and for its steadfasting consealment to the true discovery that revail I was purposely denied from all Required personal property for that long (4mo.) Deprivation from all family, court and Ect... (Continue see Attachment (F) Attaching 13 pages of Exhibit-A to support hardship)

Signature: Derrick J. Sledge    Date Submitted: May 01, 2007

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 5-4-07    Due Date: 6-18-07

☒ See Attached Letter

Signature: Sauer AW(A)    Date Completed: 6/20/07

Warden/Superintendent Signature: C. Noll    Date Returned to Inmate: JUN 25 207

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. This was a CMC-E, ASU/SHU issue not a CTF, ASU; which support how dishonest this 602 fact finding has gotten. This 602 was Reviewed with prejudice, negligence in a cover-up causing misscarriage of Justice. I was purposely Refused all/any personal property in Retaliation. I've Attached official document in support of my hardship- As CMC-E Appeal Office cause delays ignoring to Remove legal document in support of my claims. For it to Remove/alter screening form. So out-side Justice could be manipulate to the corruption. I was denied court communication/access ect, Deadline, family contact, Regilious studies and legal hearing to still be impaired all to not be Reviewed. CMC-E Appeal Office has convince CTF officia/warden to Fabricate discovery that clearly was never consider to cause me desire to suicidal thoughts of the

Signature: Derrick J. Sledge    Date Submitted: 07/01/2007

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

Please Return all Attach documents 20 pages Attached and one in Response

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other

☐ See Attached Letter

RECEIVED NOV 1 8 2007

CDC 602 (12/87)    Date: _____

SND LETER    0700574    2007

CTF APPEALS

A. Ex. 95

of how CDCR/CMC-E don't immediately After A Soon Property security evalution check serach - to Allow each (me) inmate to obtain there personal property upon having them Rehoused in As / SHU; At first only pending Official guilty finding / even if not And then a SHU-Team Disposition.

I have put in 3x Requests forms for my Property And been holding the fourth for Couks (Because he ~~hand~~ hide now) And As far back as 12/31/06 when I specified precisely to that ICC of the crual need for my Legal Couet mateeial in my personal property (since that committee never recoeded the Hearing it was never stipulated on the 128g no need for Attachment) And even told by Due Process Official back than I could not Appeal such matter until it happen or I be Denied on the Request Form. All of which now support A "Deliberately Indifference Violation" (deprivation to liberties And civil Rights) ect... Which I've been told now each form became lost (Reprisals / Retaliation) or other Reason beyond my control - Even though each time I personally given it is the Appropeiate staff.

Such Property Items was severely ✱ crually important such s Addresses / info. to contact families friend bussiness Affaies ct., And much more As well for All my Cueeent Legal Couet ect... documents As my Appeal conviction And its 18 Arguments, Also liligating he IRS, Dept of Ed. Sealing Juvenile Records And its Appeal ect... with a greater production to prove to the State of Calif. I've been Abel a Recidivist illegally / Unconstitutional - All to be impaired estroyed which I will Never, Recover from - I've lost both my notivation / deteemination - having conseeince believing now nat this been CDCR Soul purpose for its inmates As me ~~for~~ from. ehabilitation And society productively ~ All dishonor to CDCR itle.

OVER   A. Ex. 96

I AM NOW AFRAID FOR EXPRESSION 602 AS THIS that
wi. CAUSE me AS been happening Continueous Punishment forever
bee CDCR CARE AND NOW ALL property may now come-up missing
ost OR/AND destroy OR/AND many Items Removed Along with
fficial documents to make living even more difficult Along
with many more Retaliation/Reprisals !!

Attention I should not become delay even further or
sk now to Attach documents I don't have causing A longer
elay more or order its Attachment After Staff C. Informal
evel . . .

I could have used most of my property while in ASU/SHU
o have limited the Amount. And save with little money I
een SAVING over the months of my only Allowed Job pAy Number
$ $ 10.00 A month - when them Items was ALL in my property
nd to have them ducat put back on my books/Account (I don't have
ocuments in support to Attach but witnesses if c/o become dishonest)
hich ASU/SHU would had gotten SAW upon get my property

3/6/07  /2/28/07                                    Derrick Sledge
DATE                                              Petitioner

action F now continue °. Contact/Communication- WAS IN "Relaliation"- To
fflict Hardship Distress, knowing now how its policy makes it difficult/
mpossible for I/m to make such Copies for Evidence-Attachment. Even more
s when its Official possesses my mental Health interview in support, them other
bmitting 602s in support AND its Recent Action it provided to the Deputy
torney General Matthew Mulford with Fabricating info. So it would be misin
erpret used in a great Attempt to Force the Federal Judge to Reject furtherrence
re Process Review concerning my illegal Conviction ♦! Official due date Violate
MAY 01, 2007                                          ALSO
                                                    Derrick Sledge
AN. Also now I'm Attaching Exhibit-A pg. 1-13      Petitioner
R Evidence to show Hardship violation to be
eprived Court Communication) Sufficient (EX 1-)
ue. to not getting my personal Property         A. Ex. 97

# Memorandum

**Date** : April 04, 2007

**To** : SLEDGE, Derrick
P-43766, 'X' Wing, Cell 122L
Correctional Training Facility

**Subject** : **FIRST LEVEL REVIEW
CMC APPEAL LOG #E-07-00518**

ACTION REQUESTED:  1. RETURN OF PERSONAL PROPERTY.
2. REIMBURSEMENT FOR PAIN AND SUFFERING.

A review of your appeal has been completed. Your complaint, including requested remedial action, has received careful consideration. In the body of your Inmate / Parolee Appeal Form (CDC 602) you have made numerous attempts to obtain your personal property while housed in the Administrative Segregation Unit (ASU), without success.

On March 30, 2007, at approximately 1300 hours, I interviewed you, via institutional telephone, as you are now housed at Correctional Training Facility (CTF). During the interview you stated while housed at CMC-East you were housed in ASU and during that time you had requested some of your personal property, primarily legal paperwork, in order to meet the court deadlines. You added you had made several requests for this property; however, you were unable to gain any assistance from CMC-East Staff. You stated you are now housed at CTF and you ask that your same request be granted.

On March 31, 2007, I contacted CTF ASU Property Officer F. Pike, regarding your CDC 602. Correctional Officer Pike informed me she would search the ASU Property Room to see if your property had arrived. Correctional Officer Pike informed me, if the property was located, she would contact you and find out what property you were requesting.

On April 1, 2007, I again contacted Correctional Officer Pike and she informed me she had located the property and she was in the process of contacting you, to grant your request for your personal property, based on property regulations on allowable property in ASU.

You have requested reimbursement for the pain and suffering you have incurred as a result of your attempts to obtain your personal property, while housed in ASU. However, you have not provided any documentation to indicate any damages, other than your word, that you incurred any pain or suffering as a result of your not having possession of your personal property while housed in ASU. You have not provided a list of the property you requested possession of, while housed in ASU, other than "legal documents" and addresses. California

CDC 1617 (3/89)             A. Ex.98             A:\SLEDGE 07-00518.doc

**FIRST LEVEL REVIEW**
**CMC APPEAL LOG #E-07-00518**
PAGE TWO

Department of Corrections and Rehabilitation (CDCR) does not have a procedure for reimbursement for pain and suffering.

Your property was located at CTF and CTF ASU Property Officer Pike has located the property and made contact with you to determine the property you would be allowed to possess, while housed in ASU at CTF. However, your request for reimbursement for pain and suffering cannot be granted. Therefore, your CDC 602 is partially granted at this level.


APPEAL PARTIALLY GRANTED            REVIEWED AND APPROVED


J. T. TORRES                        G. E. BIAGGINI
Correctional Lieutenant             Associate Warden (A)
CMC-East Facility                   Classification & Treatment
                                    CMC-East Facility


A. Ex. 99

A:\SLEDGE 07-00518.doc

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

April 11, 2007

*SLEDGE, P43766*
*CFXWT1000000132L*

Log Number: CTF-S-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*This appeal constitutes an abuse of the appeal process pursuant to CCR 3084.4. Refusal to interview or cooperate with reviewer shall result in cancellation of the appeal per CCR 3084.4(d).*

*Comments: Refer to CMC 3/26/07 screen out. You need to get an attorney. CDC will not represent you for requests against outside courts. 2nd notice.*

J. Aboytes / P. G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

---

A. Ex. 100  

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*April 17, 2007*                    C-134 L

*SLEDGE, P43766*
*CFXWT1000000132L*

Log Number: CTF-S-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

***The action you are seeking is under the jurisdiction of the sentencing court. Any error in sentencing or presentence credits must be pursued through the sentencing court.***

***Comments: Appealing the sealing of juvenile records, your three strikes conviction action sought under the sentencing court jurisdiction. Appeal CMC legal library access for Ad Seg inmates; which was screened by CMC apepals on 3/26/07. Your issues are not representative of CTF.***

J. Aboytes / P/G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

A. EX. 101   

**DEPARTMENT OF CORRECTIONS and REHABILITATION**
**Correctional Training Facility**
**Soledad, California**

S U P P L E M E N T A L P A G E
<u>Second Level Reviewers Response</u>

**RE:**    CTF APPEAL LOG No. **CTF-S-07-01731**

<u>**INMATE NAME**</u>: **Sledge**    **CDC#**: **P-43766**        <u>**HOUSING**</u>:    **CF 134 L**

<u>**APPEAL DECISION**</u>: *DENIED*

<u>**APPEAL ISSUE**</u>: *PROPERTY*

In your appeal you state the following:

(1) That you made several written requests to obtain your allowable personal property while housed in Administrative Segregation and have not received any property or a reply from your requests.

<u>**APPEAL REQUEST**</u>:

1.  That your personal property be returned to you.

2.  Receive reimbursement for pain and suffering.

<u>**APPEAL RESPONSE**</u>:

A thorough review of your appeal's package and all of your attachments has been completed and reveals the following:

Lieutenant Torrez reviewed your appeal at the First Level of Review and partially granted your appeal. In the first level response, Lt Torrez stated that he made contact on several different dates with CTF's ASU Property Officer Fike and she located and issued you, your allowable property. Your request for compensation for pain and suffering was denied.

Therefore based on the above your appeal was Partially Granted at the First Level.

Dissatisfied with the First Level Response, you submitted your appeal for a Second Level of Review.

A. Ex. 102

CTF APPEAL LOG No. **CTF-S-07-01731**
Second Level Reviewer's Response
Page 2 of 2

In your response to the First Level of Review, you state that you were dissatisfied with Lieutenant Torrez's response. You state that the deprivation of your personal property was deliberate and caused you suffering.

Mr. Sledge, CTF's ASU currently houses over 320 Inmates, with an average of about 30 – 35 new arrivals weekly. All property is re-inventoried and brought into compliance with article 43 of the Departmental Operation Manual. Although you may have been inconvenienced for a while, it was your actions that resulted in your Administrative Segregation placement. As stated in the First Level of Review, CDCR does not have a policy to compensate individuals for pain and suffering.

You have been provided due process in that your appeal was reviewed and investigated. You have not provided any new evidence or information to change the disposition of the First Level Reviewer. Therefore, based on the above, your appeal remains as **_Partially Granted_**, at the Second Level of Review

Reviewed By: _____         _____
                  E. Nolls, Associate Warden, Central Facility              Date
                  J. Soares, A.W (A)

_____         _____
        B. Curry, Warden (A), CTF-Soledad                    Date

cc:    Appeals Office File
       Inmate's Central File

A. Ex. 103

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



August 2, 2007

SLEDGE, DERRICK, P43766
Correctional Training Facility
P.O. Box 686
Soledad, CA  93960

RE: IAB# 0700574    CTF-07-01731, CMC-07-00518    PROPERTY

Mr. SLEDGE:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.  The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

- The appellant has added new issues to the appeal when presenting it for Director's Level of Review.  The appellant must submit a seperate appeal on the new issues to allow institutional staff an opportunity to resolve or otherwise respond to them.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses.  Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

N. GRANNIS, Chief
Inmate Appeals Branch

---

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

A. Ex. 104

From: I/m D. Shedge P-43766
    CW-134L    August 27, 2007

To: CTF Appeal Office

Refer. Director Level Order to submit
        Another 602 ... CMC-E 07-0518
                        CTF-S 07-61731

    Please could you instruct me or give me direct staff
Assistance to complete the Property-602 exhaustation
Requirement or show the Director Level how they misinterpret
evidence by way of Exhibits as additional Argument that
was never privous Addressed.
    This other ~~issue~~ issue the Director Level is preferrring
to is only present to show the Result of Hardship which is
Exhibit-A pages 1-
    However this Evidence Label Exhibit-A was in fact
presentedin Form of a 602 (see Exhibit-A page 2) filed as a
Seperate 602 and was support by other fact in which you
CTF Appeal Office co-signed with CMC-E Appeal office to
screen-at-out by saying it was not a cdcr concern (see Exhibit-A
page 12-13) Which is odd being that the Attorney General
has done a dismissal order base on info. this facility given
him.
    So how do I submit Another 602 concerning Exhibit-A
page-2 and it would become screen-out and be in compliance
with the Director Order

                            Submitted By
                            Derrick J. Shedge

Date August 27, 2007
    21 pages Attached
CC: Written copies has been made    A. Ex. 105

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    **NOV 1 8 2007**

In re:    Sledge, P-43766
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0700574    Local Log Nos.: CTF 07-01731 and CMC 07-00518

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Jack Batchelor, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that while he was housed in the Administrative Segregation Unit (ASU) at the California Men's Colony (CMC), he requested on several occasions that some of his personal property items, primarily legal paperwork, be issued in order to meet court deadlines. The appellant indicates that he was unable to gain any assistance from CMC staff regarding his property requests. The appellant indicates that he is now housed at the Correctional Training Facility (CTF) and that he wants his legal paperwork issued to him in order to continue his litigation as well as the canteen items that are in his personal property.

**II    SECOND LEVEL'S DECISION:** The institution contacted the ASU property officer at CTF to determine if the appellant had been issued any of his personal property. The property officer indicated that a check would be made to see if the appellant's property had arrived and if any property had been issued. A few days later, the ASU property officer at CTF was again contacted and stated that the appellant's property had been located and that the allowable property would be issued to the appellant.

The institution indicated that while the appellant had requested reimbursement for pain and suffering, the appellant could not provide any documentation to indicate any damages, other than his statement that he had incurred pain and suffering as result of his not having possession of his personal property while housed in the ASU at CMC.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** The documentation reveals that the appellant has been issued his allowable personal property. The appellant's claim that he has incurred pain and suffering is not documented and is clearly not justified by any documentation contained in the appellant's appeal complaint. The appellant's claim that he wanted his legal paperwork to complete court deadlines has not been substantiated as the appellant did not provide any court documents indicating that a court deadline had been issued. Additionally, the appellant did not provide any documentation indicating that a court deadline had been missed as the result of the appellant not receiving his legal paperwork. Until the appellant can provide persuasive documentation supporting his claim, a modification of the decision reached by the institution in this matter is not warranted. The appellant is also reminded that his request for compensation for pain and suffering is beyond the inmate appeals process and will be not discussed at the Director's Level of Review.

**B.    BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3190, 3191, 3193, 3335

**C.    ORDER:** No changes or modifications are required by the institution.

A. Ex. 106

SLEDGE, P-43766
CASE NO. 0700574
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CTF
        Appeals Coordinator, CTF
        Appeals Coordinator, CMC

A. Ex. 107

ATTACHMENT D

SECURITY HOUSING UNIT
CALIFORNIA MEN'S COLONY
<u>LEGAL MATERIAL REQUEST FORM</u>

Name: Derrick Shedge     Number: P-43766     Cell: 4186

If you do not require physical access to the law library, but need to obtain miscellaneous writs/petitions to need to obtain law books through the library, you must submit a legal material request form either to the Library Legal Officer or directly to the Law Librarian through the institutional mail. Your request will be forwarded to you within three (3) working days from receipt of your request <u>WHEN POSSIBLE</u>. Inmates may borrow a maximum of three (3) law books (or their equivalent) at any one time.

<u>LEGAL MATERIAL REQUESTED</u>

1. Federal Habeas Corpus Practice And Procedure Vol. 1 or Vol 2 or Both

2. The D.O.M All in use.

3. Calif Criminal Forms And Instructions Vol 3 only Sect 40:44 And 40:45 And 41:1 These are not paged to cells. Visit the library.

4. Federal Practice Digest: PC 667 And PC 470 and PC 1385

Be as specific as possible when you order legal material. Law books will not be copied per D.O.M. Section 14010.21.

Staff Response: _____

_____

Staff Name: CColleen Qee 1/18/07

Date Received at Library: _____

Date Returned to Inmate: _____

Inmate Signature of Receipt: _____

D: OCS\ANNEX\LEGALMATREQ

CMC-ASU-00E (01/02) 0345



A. Ex. 108

ATTACHMENT D-?

SECURITY HOUSING UNIT
CALIFORNIA MEN'S COLONY
LEGAL MATERIAL REQUEST FORM

Date 2/12/07

Name: Derrick Sledge          Number: P-43766          Cell: 4186

If you do not require physical access to the law library, but need to obtain miscellaneous writs/petitions to need to obtain law books through the library, you must submit a legal material request form either to the Library Legal Officer or directly to the Law Librarian through the institutional mail. Your request will be forwarded to you within three (3) working days from receipt of your request WHEN POSSIBLE. Inmates may borrow a maximum of three (3) law books (or their equivalent) at any one time.

LEGAL MATERIAL REQUESTED

1.  CA Crim. Law Procedure & Practice   (important)
    Again

2.  DOM All in USe

3.  Blackledge v Perry 417 U.S 21, 31 (1974) 40 L.Ed 2d
    U.S V ACosta 287 F. 3d 1034

4.  Appeals And writs in Criminal Cases   (important)
    Must ask go to schedule you for Law Library because its not paged
    to cells
    Attn: Requesting forms No 3I And 1C

Be as specific as possible when you order legal material. Law books will not be copied per D.O.M. Section 14010.21.

Staff Response: _____

_____

Staff Name: Received 2/16/07 Brown

Date Received at Library: _____

Date Returned to Inmate: _____

Inmate Signature of Receipt: _____

D: DCS\ANNEX\LEGALMATREQ

CMC-ASU-006 (01/02) 0345



A. Ex. 109

# Exhibit Cover Page

Amended- (A). Exhibits- (Ex.), Pages-(Pgs.)

A. Ex. Pgs. 110 TO 123

Plaintiff- Additional Support to his Original-(O.) Complaint exhibits- of investigative employee-(IE). Defendant Correctional Officer-(C/o)- Ellis, Violations. And CMC-E Appeal Office Defendant -Mrs. M. Vela Refusal to permit the Process/filing, Review Prejudicially and contrarily To Plaintiff due due diligences.

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAMED) | CDC NUMBER |
|---|---|---|---|
| 3/11/07 | M. Vela | D. Sledge | P-43766 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | ASSIGNMENT HOURS |
|---|---|---|---|---|
| Appeal Office | | | FROM    TO | FROM    TO |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

**Clearly state your reason for requesting this interview.**

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I don't know the Rules of how many time I (we)
am Allowed for me to Reque this But
I came to my Attention M. Vela is of my 602 T.E because you didn't schmatic
my tele position I was in the Basketball court your schmatic has been misinterpret to
place me on the terus the tone is missng also So what can I do to First Claim I had

DISPOSITION

When appeling a 115, you must bring up all issues you do not
agree with. You cannot submit an appeal multiple times regarding
the same 115.

| INTERVIEWED BY | DATE |
|---|---|
| M. Vela | 3-6-07 |



A. Ex. 110

A und unfair IE that was based on my guilty disposition. Again the IE-602 was submitted before the final 115 hearing disposition. You first just instructed me to add % Ellis IE copy report which made me not argue pre-hearing procedure irregularities or just the final 115 guilty/disposition. Also Lt. Stimbon forced the final 115 hearing, I did want witness I did want to produce official evidence etc. All of which is supposed to by only the IE-602 along with the legal assistance that will be support by legal mail copies.

It is not my fault that you kept telling me to add things that didn't concern my appeal, which you mail to my counselor do to explain which she was suppose suppose to mail to first before the 115 hearing. You give them both to counselor curry which counselor curry instructed me which is at least copies I initially put and you rejected again you only instructed me + attach IE % Ellis Report, which my counselor counsel my give to make the copies fin in ASU still and only Allow I copy of everything with F attach to the last 602 115 final disposition without having the IE 602 filed would seriously informally prejudice my due process to actual innocence. I need to argue every and when it come to a % word over my word. And still prejudice my due process to actual, innocence. I need to argue every fact. I was inno cence And already/completed the punishment And still this day no fair/honest when All though this officer was honest And Still to being punishment Investigation has been honor. All to destroy my perfect record which is more important then life to me. Please help me ok give me staff assistance so I can have a fair/Equal Appeal

Derrick B Sd———

A. Ex. 111

Also Could you somehow Noticify the Appeal Office
nat you in the process of making them copies so my
deadline don't expire staff (Vela)

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE 2/12/07 | TO ASU/Counselor Mrs Curry | FROM (LAST NAME) To; Shedge | CDC NUMBER P-43766 |
|---|---|---|---|

| HOUSING B/Q | BED NUMBER 4-86 | WORK ASSIGNMENT | JOB NUMBER FROM / TO |
|---|---|---|---|

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | ASSIGNMENT HOURS FROM / TO |
|---|---|---|

## Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Here is the Copies I Need for Attachment to the 602 Concerning just my
Assigned IE. Please Know I Also Amend that 602 Section B just to focus
on the IE. (Which I'm going to Attach these requesting Copies from
you too it). Continue see Attachment

**Do NOT write below this line. If more space is required, write on back.**

| INTERVIEWED BY M Vela, appeals | DATE 2-23-07 |
|---|---|

DISPOSITION
CCI Curry copied the CDC 115 as you requested and
turned in the 602 & copied 115 to the Appeals Office. The
appeal will be assigned as a disciplinary appeal.

E3

A. Ex. 112

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

DATE 2/15/07    TO Appeal office Coordinator Sledge    FROM (LAST NAME)    CDC NUMBER P-43766

| HOUSING B/a | BED NUMBER 4186 | WORK ASSIGNMENT | | JOB NUMBER FROM    TO |
| --- | --- | --- | --- | --- |
| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | | ASSIGNMENT HOURS FROM    TO | |

## Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Please take notice that I am sending this item with my second
as to request that you to tell me not how ~~~~ ~~~~~ file
at ~~~~~~~~~~~~~~~~~~~~~~~: Concerning my 602
submitted on 02/13/07 % Ellis IE that you given to my counselor

---

INTERVIEWED BY Mc Vela, appeals

Do NOT write below this line. If more space is required, write on back.

DATE 2-21-07

DISPOSITION

If you need to make changes to an appeal you may write a new one. You can state
in the appeal that you rewrote the appeal because you needed to make changes.
ncerning Property appeal - you can request the CCI make a copy of the 7m Property →

# A. Ex. 113

to explain to me she is making the Additional copy is as you requested. And when a I/m is order to make correction on submitting 602 How do he do that could he Re written Another 602 And put Amended Attach with the ERROR 602?

And the 602 Concerning my Property Inventory - I afraid to give-up my only supporting copies because if get lost And I Answer I have no proof or no property because somehow R&R didn't change over my property card into the computter which the Bldg. 5 Fl. 1st has tooken my Brother typwriter out my cell 602 when I came to ASU And I just Resent was Able to get my Itron - which that Receipt was in my Property supporting that I brough it from here that my family paid for. As the of now is relocating the Brother 500 they paid for At SATF. And since I don't have my property that had all my Receipt - I'm going to have to find Another Due Process way concerning Any property issue, I'm trying to kept your office up to date with I my 602 issue please understand

and
inventory Form that and attach the copy to the appeal. This way you will remain with a copy.

A. Ex. 114

EXAMPLE RE-WRITTEN COPY (CLADE 1-R) PAGE! 7-15-87

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

CTF

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. _____ | 1. _____ | | |
| 2. _____ | 2. _____ | | |

SO-2-71

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

REV 1/16 WARD

MC-E-07-398: 2/20/07

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Derrick L. Sledge | P-43766 | | B/Q 4288 |

**A. Describe Problem:** This Compliant (issue) is base on CDCR Staff % Ellis and his Assignment of being my Investigative Employee (IE) Which was inadequate disparity and a great deal of arbitrariness with the Responsibilities for preparing and of at least to had check the documentary evidence (other staff Incident Report) ect... In the direction I Request of him (for my Actual innocence) that was Convincing and Relevant to my (innocent) defense. And for this "Procedural Irregularities and the Contradictory to the Rules and laws govern under 15 C.C.R and

If you need more space, attach one additional sheet. CC: Rewritten Copies made   Continue on next Page

**B. Action Requested:** DISREGARD This incident matter I be Reviewed AS I being only AS A Victim All Report, 115 charges Disposition ect... Be droped And Completely discarded Removed from my C-File. I be immediately order back to General Population AIA OR/And Transfer NON-Adverse to facility my choice I be Recompensated 100% for my Paid/suffering Balking; Lt Stinson And this case be Reviewed by Internal Affairs Inspector General Civil Court

Inmate/Parolee Signature: Derrick L. Sledge          Date Submitted: 01/29/07

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

INTERNAL AFFAIRS BRANCH MAR 16 2007 RECEIVED

Staff Signature: _____          Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim          CDC Appeal Number:

RECEIVED JUN - 8 2007 CTF APPEALS

RECEIVED JUN 1 2007 CTF APPEALS

JUN 2 9 2007 CMC APPEALS OFFICE

A. Ex. 115

2/28/07

Dear Chief, Inmate Appeals

I have been having a very difficult time of having my CDC 602 to become File and Process by CMC-E Appeal Office; Even When I have CCI Counselor (MRS Curry) Staff Assistence

For instances: I have Attached two seperate CDC 602 that was Rewritten Example Copies that I'm labeling now A and B; Which I Also tried to have CMC-E Appeal Office to file and process

602-Label-A: Has to deal directly with my once Assign Investigative Employee (IE) And his failure to look into my issue to cause my pre-hearing to be of many Procedural Irregularities. I submitted this 602 before my I had my CDC-115 Hearing - But because this Appeal Office Kept Rejecting it first because I didn't Attach his IE Copies Report to it And when I did And then I also ^Attached the 4 pages Declaration I had initially given this IE before he even began his Investigation Which I now Label As Exhibit the Appeal Office Reject it. Then the Appeal Office Rejected it stating that Section A must Relate With Section B Which I then Attach Another 602 And Label Amended for Section B I Also Removed the 4 page Declaration. Then the Appeal Office Rejected it stating this 602 is Relate to my CDC-115 Hearing that I didn't even yet have the CDC-115 hearing.

OVER     A. Ex. 196

Then it Reject it stating not only do I need to Attach the IE Report but now the entire Incident Report package that consist with over 300 pages that didn't even concern me or my 602 problem; which then I was given Staff Assistence my Counselor (Mrs Curry) which I show her both these same DC 602 I submitted which she said she would make the proprate Copies Concern the IE 602 And for me to just submitted every page to the 602 Concerning my now CDC-115 disposition/Hearing.

Which I then informed the Appeal Office. I think because my Counselor took long to make the Copies for the IE-608 and submitt it. Now this Appeal Office is trying to say the IE Report-602 Label-A is the same now As 602-label-B so now disregard 602 Label-A, which is unconstitutional because there different And I can not say I had no complaint with the IE Report to then Complaint the entire 115 Hearing disposition

Every CDC-602 I filed this Appeal Office has delay with deliberate Indifference that now I've completed the whole SHU-Term which I won't even get A Response on the intial ASU Retain 602 submitted 602 (Log No. CMC E-07-0220) still for Another 2 months

Had this Appeal Office had file the 602 Concerning my IE ne Hearing Lt would had waited until I gotten Another IE efore having to use only the prejudice pre-hearing Procedural irregularities IE Report

Please Review both 602 Example Label A and B If has being oth the same filed 602. Requesting your Assistence to have ie process Review on both 602

Derrick G. Sledge

A. Ex. 117

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| | 1. _____ | 1. _____ |
| | 2. _____ | 2. _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
|      |        |           |                  |

**A. Describe Problem:** _____

I Am Attaching this 602 Just to Amend Section B Just to be in compliance to the Rules/order of the Appeal Office

If you need more space, attach one additional sheet.

**B. Action Requested:** (IN GENERAL) That I be Allowed Another Pre Hearing Due Process given Another Assign I.E from the outside that WANT be Bias

**Inmate/Parolee Signature:** Werrick L. Eledge          **Date Submitted:** 01/29/07

**C. INFORMAL LEVEL (Date Received:** _____ **)**

**Staff Response:** _____

_____

_____

_____

**Staff Signature:** _____          **Date Returned to Inmate:** _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

**Signature:** _____          **Date Submitted:** _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

**CDC Appeal Number:**

A. Ex. 118

my Federal Civil Rights ect... To have severely violated my 14 Amendment Due Process clause ect...

Facts: IE % Ellis conducted these I/m's interview directly outside their cell doors - meaning each I/m knew that he was going to be confessing in the open and in the present of other dishonest and prejudicial ect... I/m and staff with staff - causing the whole honest truth of this matter to still be undocumented/conseal. For instant % Ellis- IE conducted at least 35 I/m interviews/info, in the hallways of CMC-E ASU. While every other I/m listen and watched which caused all whom was involved to Remain-Silent (which didn't prevail my full innocent) for the sake of Prison Politic. And in all honesty and fairness it had to been at least 10 I/m being true victim and on the other side 10 more that was force by peer pressure and the others knowing it true establisment. This one staff was given the assignment to handle over 100 interview what appear he done in two days (1-5-07 to 1-7-07)

As a whole both CDC&R and its Reviewing Courts can not honestly believe this such Procedure (customaey) is Just and non-prejudice or mentally Harmless. For instant my accuser was of another % my IE co-worker and friend ect... And as a Result he Rejected (honest to question any other staff in fear it may prevail dishonestness Regardless of what the harm it cause me and then for the inmate knowing that whatever he say the IE would be copies his Report and ReRead though-out the whole System and because of my Record desire and determination I provided % Ellis a hand written copy of my declaration with evidence, facts and witnesses and question to ask not did he not stoted this in his IE Report to Attempt to Attached my declaration to the Final CDC 115 Hearing Copy all in which deprived me to have a Fair legal Just CDC-115 Hearing!!

Attn: I plan to Attach the Declaration upon the N. Formal —

A.Ex.119

revel

SANUARY 12, 07

Werrub S. Sledge

Derrick Lee Shedge

P.S And to make sure that C/o Ellis has not made copies or shown it to other Staff

Ex. 120

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*June 29, 2007*

**SLEDGE, P43766**
**CTF**

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).*

*Duplicate issue to appeal log number CMC-E-07-0398 and beyond time constraints.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:**  Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).  This screening decision may not be appealed.  If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents.  You have only 15 days to comply with the above directives.

---
**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**
---

A. Ex. 121

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*July 11, 2007*

*SLEDGE, P43766*
*CFCWT1000000134L*

Log Number: CTF-S-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

***You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).***

*Comments: Log #CMC-E-07-0398*

J. Aboytes / E. G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

A. Ex. 122

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



May 30, 2007

SLEDGE, CDC #P-43766
Correctional Training Facility
P.O. Box 686
Soledad, CA  93960

Re:  Disciplinary

Dear Mr. SLEDGE:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals.  The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.  This appeal issue should be submitted directly to the Appeals Coordinator for review and appropriate action.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process.  Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

A. Ex. 122

# Exhibit Cover Page

Amended-(A), Exhibits-(Ex.), Pages-(Pgs.)

A. Ex. Pgs. 124 To 158

Plaintiff- Support of CMC-E Retaliations
by Purpose losing valuable personal
Property, Causing years of severe
hardship. Then unjustly denying
Plaintiff CDC-602 Appeal Review.
Initiated by Defendant M. Vela.

5-7-07  4-26-07
5-4-07

**INMATE/PAROLEE APPEAL FORM**

CDC 602 (12/87)

Location: Institution/Parole Region _____    Log No. _____    Category _____

CTF

1. _____    1. _____    BC 5 - 9
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Derrick Sledge | P-43766 | N/A | BQ 4186 |

**A. Describe Problem:** Upon being placed in ASU on 12/13/06 under Mandatory Procedure Correctional Officer - Hensen was order to inventory my Cell 5102 personal property - Upon me looking at the entire inventory property I notice my $75.00 Yard Ducates my Watch And Imp Etron SE cassette FM/AM Radio wasn't inventory within my personal property But contrarily the Etron was placed Confiscated And no stipulation to the $75.00 Yard Ducat And watch - For which I at that time Refused to sign this CMC-RR-057 (08/04) 1065 Form, A few hours later

Continue

If you need more space, attach one additional sheet.    Written Copy made

**B. Action Requested:** That my Etron Cassett AM/FM Player be Relocate (off c-Quad Hot Room) And my Access Receipt Recover from my Personal Property And RR Correction made to be inventory with All my property as well that the $75.00 Yard Ducat be put into my Account And the watch added on the list

**Inmate/Parolee Signature:** Derrick S Sledge    And my Typewriter Brother 580    **Date Submitted:** 2/6/07

**C. INFORMAL LEVEL (Date Received:** _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

RECEIVED    CTF APPEALS    APR 20 2007

RECEIVED    APR 26 2007

RECEIVED    CDC Appeal Number

RECEIVED    MAY 4 2007

FEB 13 2007

MAR 08 2007  CMC APPEALS OFFICE    MAR 20 2007  CMC APPEALS OFFICE    APR 12 2007  CTF APPEALS
CMC APPEALS OFFICE

A. Ex. 125

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____   Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____   Title: _____   Date Completed: _____

Division Head Approved: _____                                 Returned

Signature: _____   Title: _____   Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of
receipt of response.

_____

_____

_____

_____

Signature: _____   Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____   Due Date: _____
☐ See Attached Letter

Signature: _____   Date Completed: _____

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of
response. I Need For All Attached Document Returned Upon
a Director Chief Response. This step is to ensure the court
I Attempted to exhaust All Adm. Rememdies. I have Attempted
beyond due diligent to explain with the Facility Appeal office
that when it had initially Accepted the 602 As being process with
only instenction to tell me to Attach the inventory Documents
which I Could not obtain due for me being in ASU/SHU

Signature: Derrick & Sledge   Date Submitted: 5/08/07   See Attachment

For the Director's Review, submit all documents to:   Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0703648

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter                                                    Date: _____

CDC 602

RECEIVED
3 2007
CTF APPEALS

RECEIV__
__ 2 5 2007
CTF APPEAL_

A. Ex. 125

C/o HANSEN PERSONAL CAme to my ASU Cell 4186 wondering why
I Refused to Sign the Form - As I explained to him that my Etron
Radio ect... WATCH, And $75.00 Yard DucAT was not stipulated. Which
Then C/o HANSEN informed me that my WATCH And the DucATs was
safely hidden in my bowl And that R&R didn't have the Etron ect... on my
Property Card therefore he Confiscated it. I then explain to him that R&R
has made AN error, because my Access Receipt was hang on the
Wall because my family order it while I've been AT CMC-E And
Access mail it directly from them to here. Which my property has
All Access documentation. And R&R put my NAme on it ect...
            C/o Hensen then informed me not to worry that he put it safely
in the Hot Room with my NAme on it And when I come back to 'general'
opulation C-Quad And with them documents I can get it back. As we
both thought I would Retuened to C-Quad being that this was my
first ever CDC 115 Incident. Report in 6 yes here. So I believed in
C/o Hensen And sign it.
        But today 2/6/07 I been order to be Transfer And would
not be going back to C-Quad As planned. In which now I need
to have the Appropriate official to investigate to either get the
Etron Access Company Receipt or/And my copy from within my
personal property to make the Correction for these Items to be Added
explicit; with my personal property / Account, now before I'm Transferred


Date: 02/06/07                          Derrick S. Sledge
                                        Derrick Lee Sledge

    Attn: Amending: After being
order by the CMC-E Appeal Office
to have my counselor make a copy
of the only proof I have of even having
property C/o Hansen has agree to put
he Etron / Player with my property
now Concern About my Typewriter
Brother 500 And All Ducati being put
in my Account. And If not Allowed
get my own Legal Material And more          OVER FOR
    Inventory be order                      Section H.
    2  1/28/07 Derrick S. Sledge
            A. Ex. 126

# Section H Continuing:

Confinment unable to make a copy myself or to nteeview the inventoey propeety c/o Hensen foe him o document that he was locating the questionable Propeeties I was missing. Upon me asking my assign -ounselor CCI Mrs Cuery that took a long time to Reuse c/o Hensen not to Rewrite or/and amend the intial Inventory propeet or write another so I can sign with a new date upon him find my Etron Tape playee ect.. Should rot be my fault under a time limitation because I was never allow to see that it wasn't theee, or truely want item was missing. The Appeal Office should had given to Hensen the oppoetunity to explain he was look foe the item to then product another propeety inventory and new I could of like on the partial found items. I have evidence to suppoet eveeything because I now possess the Etron which wasn't official stipulated on the attached 602 plus I have appeal statement telling me to have my sunselor make a propeety copy and I could appeal ubtil it appen while it didn't happen until c/o Hensen was never llowed by this Appeal Office that he was teying to locate ll missing item. which he found eveeything but the 3eothee 500 Typwriter ; befoee I was prejudicially hardship transfer. Plus I have appeoved 602 conceening this same matter of allowing me the peesonally propeety to get all receipt to show c/o Hensen which all the propeet was in Rar no sladae