...ll to be destroy. Now this ICC Official using my hardship condition to gain a smile/points with this psych-tech lady (In which the entire ICC with this as my also interpretation) though she didn't respond I think cause I avoided all eye contact so I wouldn't cry. As the ICC Lt kept trying to bring this Chairperson - CDC (A) carey back to earth by kept warning him that I was also S- Suffix (Note which is not on the Endorsement stipulated). Which then he negatively stated O.K. so you won't no what do you going to be doing valentine Day well stay in ASU pending transfer All of which has enhance my emotional and psychological distress (I will never recover I'm mentally impaired).

Having a perfect disciplinary free behavior Since I've been at this facility - Now under fabricating Reasons I being forced to stay in ASU/SHU until I'm now transfer. When Official Report Record show of other inmate having worse misconduct event ect.. here but then allow back on the same yard or/and different yard is a violation to civil Rights equal Protection and Cruel and Unusual punishment violation

This ICC Hearing disallowed me to voice my concern in my rehabilitation desire Or to learn that I may have Enemies at CTF. And to Request SQ and Donovan contrarily to hardship and maybe Safety concern at CTF. In all I continue suffer which is supported by CDCR System uncaring concerns all that has happen by the Final Judgement ICC Hearing being a severe violation of liberty Interest, Transfer deprivation magnitude of fundamental unfairness, discrimination from impractical ICC Hearing.

February  15, 2007
Date

Derrick L. Sledge
Derrick Lee Sledge


Attno I am Amending this 602 since the Appeal Office Reject it or Official could of hear my Serious Violation Safety Concern before SR Hear my case. It was until March 15, 2006 before I was given The 128g ICC of 2/8/07. A 5 wk delay. And now that I been transfer endose to CTF Safety/Hardship Concern I Request that this 602 be Process A Emergancy for Staff long delay to give a Copy for the CDC 128g ICC and now been/Endorsed to Safety Concern facility

ve Attach All copie even the CSR Endorsement

t is now to late to point out Enemies after being house then would have to live in PC which now I have no choice when

A. Ex 190

Continue of Section H. - due to the complexity of the matter - And such long Due Process 602 delay for exhaustation ect... °

For not coming forward, C-Quad Captain, Assoc. Warden and Warden, all of which can be proven upon an out-side, impartial Evidentrey Hearing - in part convinced established within the Incident Report # CMC-E-06-12-0516 (% Tower Earehart, Yard % Baxstresee', Stg. Schwore Allowing it to escalate racism; primary % Back: Barclay & % Stephenson: ccII Valez Schematics and Medical / OC Repoets) of other Officees - % facts yet to be impartial Reviewed (CDCR should be forfeited to Add Aegument to the court). CMC-E Appeal Office has coeeuptly refused to Accept/process any timely submitted IE-602 And all personally precisely submitted Citizen Complaints-602s to conceal my innocence and denied Additional evidence to be Attached; They caused 602s issues delays so the present Hearing would be able to review the price Hearing violation. It's been 7months now which none of my witnesses haven't been officially impartiall interview documented And Attached (F/m Johnson P-51041; F/m Lutz V-43875 And many many othees). I was purposely housed in ASU/SHU so I couldn't prevail the evidence to support my innocence; Then my Rehab. behavior fabricated to dishonestly transferred me into a Dangerous Hostile environmen in (R-Suffix unjustly) Label. When I didn't fight, stop F/m Johnson from fighting Allowed by this Racial white geoup to escort F/m Johnson Away for my Holy Chaentee toward all even staff to far away from this fighting Area All to be concealed so this one officees could manipulate over other for a bettee not to be commendable by CMC-E pending CDCR? My claims that the ICC Chairpeeson (An Assoc. Warden) whom was more concerns of making Loving advances with LCSW h. Jardine to dissuade will powee for Justice and he other ICC to not Addeess such violation feared by such Authoeity/Powee Official that was Alleged to been present in this ICC wasn't Identify on the 3C128g to conceal this Assoc. Warden inappropeinteness and my rights to a fair ICC Hearing honor. And to discoveeed how I was denied an impartial 115 Final Hearing with Pure Coeeuption, Evidence of othee F/m's

OVER        A. Ex. 191

whom had would either a close privately retired their any degree Received the same one month SHU-Team mitigation because they was white and I was Black whom punishment would be more severe being I'm a Third-Striker (non-violence) Close-B sent to CTF instead of SQ having no Rehab program here. All of which has cause me to suffe severe Post Trumatic Stress disorder - From this one 40-5 Officers Acting under the color of Law to be a pure line for a Job Post, while many Officers under Code of Silent Allowed him to destory my perfect Rehab program - conviction Appeal due process property stolen other court delays And so much more. SAdistically, As His Superiors Conceal my innocence now. All under the color of Law !!.

I Am still in An Agreement to a polygraph Examinations to Any of the Above facts; And if my witnesses was to be out-side / impartially interview / documented would be all the evidence need to support my complete innocence.

The longer I'm denied fair due process held under hardship living A CTF unable to support my self obtain a College Education to buy the books the great I should be compensated by A Court of Law I truely believe their Officer whom will one day come forward.

I swear / declare under penalty of perjury that the foregoing is true and correct under the Laws of the State of California; Executed on July 17, 2007, At Soledad State Prison in the County of Soledad. 93960.

Date: July 17, 2007                    Respectfully Submitted By
                                       _Derrick L. Sledge_
                                       Derrick L. Sledge

A. Ex. 192

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*February 22, 2007*

**SLEDGE, P43766**
*EFBQB4F100004186*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal is incomplete. You must include supporting documentation. All documents must be legible. (If necessary, you may obtain copy(ies) of requested documents by sending your request with a signed trust withdrawal form to your assigned counselor.) Your appeal is missing:*

*If you disagree with ICC SHU Term assessment then you will need to attach a copy of the ICC 128-G recommending the SHU, the CDC 629 (SHU Term Assessment Worksheet), and the CSR 128-G confirming the SHU Term.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

A. Ex. 193

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 3/18/07 | Appeal Office | D. Sledge | P-43766 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | | |
|---|---|---|---|---|---|
| B9 | 4988 | | FROM | | TO |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

| ASSIGNMENT HOURS | |
|---|---|
| FROM | TO |

**Clearly state your reason for requesting this interview.**

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Can this be a Receipt As proof 11 602 Concerning ICC 2/8/07

DO NOT WRITE BELOW THIS LINE. THE PORTION BELOW THIS LINE WILL BE RETURNED TO YOU.

INTERVIEWED BY _____ DATE _____

DISPOSITION

A. Ex. 19.4

ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| SLEDGE DERRICK (BLA) (CCCMS) (4186 To: 4186) | P-43766 |

## REASON(S) FOR PLACEMENT (PART A)

[XX] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS     TABE Score: 8.6

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[XX] ENDANGERS INSTITUTION SECURITY     [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On December 13, 2006, you were originally placed in ASU after you were identified as a possible participant in a large scale riot on the C-Quad yard between numerous black and white inmates. You were subsequently charged and found guilty of a RVR with a specific act of "Participation in a Riot." This charge requires the assessment of a SHU term. Preliminary calculations reflect a MERD of 02/21/07. Due to the magnitude of the riot coupled it has been determined that there is a probability that active participants were able to avoid detection by staff and remain in the general population. Therefore, your return to the CMC-E general population would pose a threat to your safety, the safety of others, and the security of the institution. As such, you being scheduled to appear before the next scheduled ICC at which time you will be reviewed for ~~assessment of the aforementioned SHU term, retention in ASU beyond your MERD, and for transfer consideration~~.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: ___/___/___

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 12-13-2006 | M. WILLIAMS | | CC-II |
| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
| 01-31-07 | 1120 | D. Kim | | c/o |

[ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER P-43766

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | |
|---|---|---|---|
| LITERATE? | [ ] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment     Any "NO" may require IE assignment

[ ] NOT ASSIGNED     [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[X] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE 1/31/07

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

A. Ex. 195

STATE OF CALIFORNIA

4288

DEPARTMENT OF CORREC___ __S
CDC-128G (R    )

No. P-43766    Name: SLEDGE, Derrick    Bed: BO-B4-116␣␣    CS: 19    Level: II
Custody: MAX-RS    Annual: 08/2007    Assignment: ASU
WG: D1    PG: D    Eff: 02-22-2007    Care Level: CCCMS    DDP:    DPP:    TBA: 32
WL:    TABE: 8.6    Next BPH:    Release Date: MEPD 03-22-2023
Rx:    REFER CSR RX SHU AUDIT / TX SQ-II / CTF-II

S appeared before ICC this date for an ASU Review and new CDC 114D hearing. S was placed in ASU on 12/13/06, after he participated in a riot in C-Quad. S received a CDC-115 dated 12/13/06, Log # 06-12-0161, for violation of CCR § 3005(c) Participation in a Riot. This RVR was heard on 1/13/07 and S was found guilty of a Division D offense and assessed 90-days WTCL. As such, Committee elects to assess and impose a 3-month initial mitigated range SHU term for the specific act of Active Participation in, or Attempting to Cause Conditions Likely to Threaten Institution Security. No aggravating factors noted and SHU assessment mitigated based on lack of prior similar behavior. **MERD: 2/21/07.** Committee notes new CDCR-114d indicates that S will remain in ASU pending transfer, as it is probable that active participants in the riot were not identified and remain in the GP. Returning S to the GP would create racial tension among Black and White inmates. Committee also notes that due to the modified program that other inmates endured as a result of the riot, other inmates could have animosity towards S, which would result in S being the victim of an assault. This case is referred to the CSR RX SHU Audit / TX SQ-II / CTF-II. Requested institutions are appropriate with S's case factors, which requires celled living (CLO-B custody and S suffix). This is an adverse transfer recommendation. S's presence in the general population at this time jeopardizes his safety, the safety of others and the institution due to safety concerns. S is **WG/PG D2/D effective 12/13/06, WG/PG D1/D effective 2/22/07 with MAX-RS custody and WG/PG A2B upon transfer with CLO-BRS custody.** S remains approved for **single cell housing and controlled compatible** yard in ASU. Committee notes the S suffix was affixed per CDCR 128G dated 11/15/05. S is a life term inmate with his initial parole consideration hearing scheduled on the 2/2022 calendar. Per CCR § 3375.2 (a)(7), S is a Level II Lifer and is eligible for Level II housing. However, S is not within 7 years of his MEPD and requires CLO-B custody. With the exception of the above stated issues case factors remained unchanged since S's Initial Classification on 12/26/01. S has no gang affiliation. CDC 812 is clear. Confidential file is noted. TB code of 32 per CDC 128-C dated 12/5/06. DDP/DPP is not applicable. TABE score is 8.6. S is included in the MHSDS at a CCCMS level of care per CDC 128-C dated 12/19/06. LCSW S. Jardine was present and served as S's staff assistant for this classification hearing. Effective communication was achieved through the use of simple English spoken slowly. Committee queried S to ensure S's full understanding of issues discussed. Mental health services clinical assessment for CC indicates S is continued at a CCCMS level of care with no changes noted at this time. Clinical staff has provided the following input for this hearing: S's response to treatment is sufficient. S's compliance to psychotropic medication is consistent. Quality of participation in treatment is adequate. S's activities of daily living skills are adequate. S does require a staff assistant for ICC. S is not likely to decompensate if he remains in ASU for a lengthy period. S's ability to understand the ICC hearing is adequate. Equally effective communication was achieved through the use of questions and answers with verified answers. S has no psychiatric symptoms relative to staff safety. S has history of suicide attempts. S does have a history of assaults. S fully participated in Committee action. S understood the reasons for Committee's decision and agreed with Committee's recommendation. S had no questions or comments for Committee this date. S was advised to his right to appeal Committee action via the CDC 602 process. S was further advised of his non-contact visiting status while in ASU. Next ICC in 90-days if S is has not transferred.

COMM: D. Carey    T. Ross    B. Wisneski    D. Samuel
    CDA (A) & Chairperson    Chief Psychiatrist (A)    Lieutenant    Asst. C&PR (A) & Recorder

CC: Inmate, Quad, PT-II & CSR

Date:    02-08-2007    INSTITUTIONAL CLASSIFICATION COMMITTEE In Person    Inst:    CMC-E / C-Quad la

A. EX. 196

State of California                                    Department of Corrections
**SHU TERM ASSESSMENT WORKSHEET**
CDC 629-A (3/96)

| CDC Number | Name (Last, First, MI) | Institution | Unit |
|---|---|---|---|
| P43766 | SLEDGE, DERRICK | CMCE | ASU |

1. **RULE VIOLATION RESULTING IN SHU TERM ASSESSMENT**
   (If more than one SHU assessable offense and no SHU term has been established, use most serious as base term and less serious as aggravation.)
   a. Rule No. 3005(c)    Date Issued 12/13/2006 Title FORCE/VIOL

   b. Specific Act **PARTICIPATING IN, or ATTEMPT TO THREATEN INSTITUTION SECURITY**
      (Must be an offense on SHU Term Assessment Chart.)

   c. List range of months for the offense using
      SHU Term Assessment Chart.....................2.0    4.0    6.0
                                                    LOW    EXP    HIGH

   d. Enter 'expected' (mid-range) yrs, mos, dys of confinement......  ___    4    ___
                                                                       YR    MO    DAYS

2. **FACTORS IN MITIGATION AND AGGRAVATION**
   (Enter 'NONE' for item 2c or indicate amount of time. Describe factors & document sources. Use only factors listed in the DOM 62050 or concurrent offenses.)
   a. Mitigating Factors. Time subtracted for mitigations - ___    1.0    ___
      1) NO PRIOR SIMILAR BEHAVIOR                          YR    MO    DAYS
      2)
      3)
   b. Aggravating Factors. Time added for aggravations....+ ___    0.0    ___
      1)                                                    YR    MO    DAYS
      2)
      3)
   c. Total time added or subtracted...............................= ___    --1    ___
                                                                     YR    MO    DAYS

3. **TOTAL SHU CONFINEMENT TIME ASSESSED**...............................  ___    3    ___
   (Subtract or add time for mitigation or aggravation to                YR    MO    DAYS
   expected, item 1d plus or minus 2c).

4. **DATE OF ADMINISTRATIVE SEGREGATION CONFINEMENT/VIOLATION**..........2006    12    13
                                                                         YR    MO    DAY

5. **MAXIMUM DATE OF RELEASE FROM SHU**...................................2007    3    13
   (Add total time assessed to date of confinement, item 3 plus 4)       YR    MO    DAY

6. **MINIMUM SHU CONFINEMENT TIME TO SERVE**..............................  0    2    8
   (75% of total SHU time (item 3) using SHU Time Computation Table)     YR    MO    DAYS
   a.    Date of confinement/violation (item 4).....................2006    12    13
                                                                        YR    MO    DAYS

7. **MINIMUM ELIGIBLE RELEASE DATE (MERD)**..............................2007    2    21
   (Add minimum SHU time to date of confinement, item 6 plus 6a)         YR    MO    DAY

8. **FORFEITURE OF GOOD CONDUCT CREDITS FOR SUBSEQUENT MISCONDUCT**
   (Enter 'NONE' for item 8a or indicate amount of time lost and describe
   and document the misconduct for which credit is being forfeited).  SHU
   inmates may forfeit up to 45 days of clean conduct credits for each
   disciplinary infraction that is not serious enough to warrant the
   assessment of a subsequent or concurrent SHU term.  Such forfeiture may
   be assessed against credits already earned or future credits.
   a.    Time Forfeited for CDC 115 - Dated:_____..............    NONE
   1)                                                            YR    MO    DAYS
   2)
   b.    **ADJUSTED MERD Cannot Exceed MAXIMUM**........................  ___    ___    ___
         (Add amount of time forfeited to prior MERD, item 7 plus 8a)  YR    MO    DAY

| Name and Title of Staff Computing Term | Date | Date ICC Established Term |
|---|---|---|
| D. CURRY, CCI | 02/06/2007 | 2-8-07 |

Distribution: Original - Central File; Yellow - Inmate; Pink - Auditor

A. Ex. 197

Department of Corrections
CDC 128-G

State of California

No. P-43766                    NAME: SLEDGE

*Comment:*    **CTF-II endorsed. CS = 19.**

LIFE Prisoner Status is noted. Next BPT hearing currently scheduled for 02/2022. Inmate requires CCCMS level of MHSDS care. CDC 128-C of 12-19-06 is noted. R suffix is noted. TB Code is 32. CDC 812 is clear. Confidential file is noted.
3 month mitigated SHU term for RVR of 12-13-06 for Participation in a Riot approved as assessed by ICC action of 2-8-07 with an expired MERD of 2-21-07.

**Retention in ASU is approved pending transfer.**

FJaramillo, CSR

**Date: 3/12/2007**        **Classification - CSR ACTION**        **CMC-E**

A. Ex. 198

# EMERGENCY APPEAL REJECTION

DATE: ___3-21-07___

TO: ___Sledge, D._____ CDC# _P-43766_ HOUSING: _4186_

The Appeals Office has received your appeal dated ___2-15-07___ requesting emergency processing.

**Pursuant to the California Code of Regulations, Title 15, Section 3084.7(a)(1):**

(1) When circumstances are such that the regular appeal time limits may result in a threat to the appellant's safety or cause other serious and irreparable harm, the appeal shall be processed as an emergency appeal. Such circumstances include, but are not limited to:

    A.   Need for protective custody.
    B.   Decision was made to transfer the appellant to an institution housing an enemy.
    C.   The appellant was scheduled for parole within 15 calendar days and is appealing a serious disciplinary action resulting in credit loss extending the release date.

**Pursuant to the Armstrong Court Ordered Remedial Plan:**

If the request for accommodation involves a matter that presents an immediate threat to the inmate's/parolee's safety, health or well being, or may result in other serious or irreparable harm, the request shall be processed according to the expedited appeal process described in CAR, Title 15, Section 3084.7. Appeals that qualify for an expedited appeal may include, but are not limited to, the following:

- Providing appliances or aids that are essential to performing major life activities.
- Providing equipment or modifications essential to safety.
- Providing assistance to permit effective communications in due process settings or for health care provider communications.

Careful review of your submitted CDC 602 Inmate Appeal/CDC 1824 Request for Accommodation reflects that this complaint does not warrant emergency/expedited processing. It shall be processed as a regular appeal pursuant to the California Code of Regulations, Title 15, Section 3084.7(a)(2)(A).

CC II D. Engler/CC II M. Vela
Appeal Coordinators
California Men's Colony

# EMERGENCY APPEAL REJECTION

## A. Ex. 199

APPEAL LOG NUMBER CMC-E-07-00656

**State of California**                                          **Department of Correction**

**Memorandum**

**Date**     :  April 19, 2007

**To**       :  Inmate Sledge, Derrick
               P-43766
               Correctional Training Facility (CTF)

**Subject**  :  **FIRST LEVEL RESPONSE TO APPEAL LOG NUMBER CMC-E-07-00656**

|  |  |
|---|---|
| **Actions Requested:** | **To be given an impartial Institutional Classification Committee (ICC) hearing regarding your February 8, 2007 ICC action with the February 8, 2007 ICC action to be expunged. To be re-compensated regarding the mitigating factor from your Security Housing Unit (SHU) assessment that was imposed on February 8, 2007. To be transferred to San Quentin Prison (SQ) with Work Group/Privilege Group A1/A (WG/PG: A1/A).** |

**Appeal Decision:  Denied.**

A review of your appeal has been completed at the first level review. Your complaint, including remedial action, has received careful consideration. Correctional Counselor II, D. SAMUEL, interviewed you regarding this appeal on April 16, 2007 via telephone, as you are currently housed at CTF. You are requesting to be given an impartial ICC hearing· regarding your February 8, 2007 ICC action with the February 8, 2007 ICC action to be expunged as you feel the ICC action was inappropriate and unconstitutional. Specifically, you also request additional time off your SHU assessment as you claim that you have additional mitigating factors, and you request to be transferred directly to SQ with WG/PG: A1/A.

A review of your California Department of Corrections and Rehabilitation (CDCR) 128g dated February 8, 2007 indicated ICC appropriately addressed your SHU assessment, your WG/PG, and your transfer recommendation. You were found guilty of a rules violation report (RVR) Log # 06-12-0161, dated December 13, 2006 for Participation in a Riot. This RVR pursuant to California Code of Regulations (CCR) 3341.5 requires a SHU assessment. The SHU assessment chart (CCR 3341.5) indicates that the time range for SHU confinement for a guilty finding for Participation in a Riot is Low: 2 months, Expected: 4 months, and High: 6 months. ICC reviewed the circumstances of your RVR and had the opportunity to mitigate you SHU assessment for any amount of time for up to 2 months. ICC determined that your lack of prior similar behavior warranted the SHU assessment to be mitigated for 1 month. Therefore, you received a 3 month mitigated SHU term. ICC appropriately mitigated your SHU assessment. ICC placed you in WG/PG: A2/B upon transfer. This was also appropriate as you were culpable your Administration Segregation Unit (ASU) placement due to your Participation in a Riot. ICC recommended you to transfer to SQ with an alternate of CTF, as both of these institutions commensurate with your case factors and you have no documented enemies at these institutions. In your appeal you also claimed that the

**A. Ex. 200**

APPEAL LOG NUMBER CMC-E-07-00656

ICC panel listed was not true, as the "young psychiatric lady" was not listed. S. Jardine was identified as your staff assistant during ICC, therefore she was not a panel member. In your appeal you claimed that you might have enemies at CTF. During ICC action dated February 8, 2007 your enemy concerns were reviewed and you did not have any documented enemies at CTF. However, if you identify any enemy concerns at CTF, please notify staff immediately. It is also noted that you transferred to CTF on March 27, 2007.

Based on the above information your appeal is denied. You had an impartial hearing on February 8, 2007, as ICC appropriated assess and imposed the 3 month mitigated SHU term, the requested institutions for transfer consideration did commensurate with you case factors, and your WG/PG was properly addressed and appropriate. Your request to be directly transferred SQ is denied as well as you transferred to CTF on March 27, 2007. If dissatisfied with this response you can submit this appeal to the appeals coordinator for consideration at the next level.


APPEAL DENIED                           REVIEWED AND APPROVED

D. SAMUEL                               T. FIFIELD
CORRECTIONAL COUNSELOR II               ASSOCIATE WARDEN (A)
C&PR(A)                                 CLASSIFICATION & TREATMENT


A. EX. 201

State of California                              Department of Corrections and Rehabilitation

# Memorandum



Date       :     June 12, 2007

To         :     Inmate: <u>SLEDGE</u>        CDC:  <u>P-43766</u>        Housing: CUU - 134\L

Subject    :     **NOTIFICATION OF DELAY OF APPEALS PROCESS**

A response to your CDC Form 602, Inmate Appeal, CMC Log #<u>07-0656</u> has been delayed for the following reason(s):

☐   Unavailability of the appellant, staff or inmate witnesses.

☒   Complexity of the decision, action, or policy.

☐   Necessary involvement of other agencies or jurisdictions.

A response to your appeal is expected by <u>July 18, 2007</u>. This information is provided per CCR Section 3084.6 (b)(6).

D. ENGLER/M. VELA
APPEALS COORDINATOR
California Men's Colony

A. Ex. 202

**State of California**  Department of Corrections and Rehabilitation

# Memorandum

**Date** : July 3, 2007

**To** : SLEDGE, DERRICK
P-43766
CORRECTIONAL TRAINING FACILITY (CTF)

**Subject** : **SECOND LEVEL REVIEW**
**CALIFORNIA MEN'S COLONY (CMC) APPEAL LOG #E-07-0656**

ACTION REQUESTED:

1. BE GIVEN AN IMPARTIAL INSTITUTION CLASSIFICATION COMMITTEE (ICC) HEARING.
2. THE FEBRUARY 8, 2007, ICC HEARING BE DISREGARDED AND EXPUNGED.
3. YOU BE COMPENSATED FOR ONLY RECEIVING ONE MITIGATION FACTOR INSTEAD OF FIVE.
4. YOU BE TRANSFERRED TO SAN QUENTIN WITH A1-A STATUS.
5. EVERYONE UNDERDSTAND YOUR ANGER AFTER BEING FALSELY ACCUSED.

A review of your appeal has been completed. Your complaint, including requested remedial action, has received careful consideration. You requested emergency processing of your appeal based upon your contention there had been a long delay in your receiving a copy of the California Department of Corrections (CDC) 128-G, Classification Chrono, of your ICC hearing held on February 8, 2007, and you were endorsed for transfer to an institution (CTF) where you have safety concerns. You claim the ICC hearing concerning the Security Housing Unit (SHU) Term and your retention in Administrative Segregation Unit (ASU) pending your transfer was unconstitutional and a violation of your federal civil rights as well as the California Code of Regulations (CCR), Title 15, Sections 3375 through 3378. You contend you were only given a one-month reduction of the four-month SHU Term, even though this was your first incident report. You also claim you were not allowed to voice your concerns regarding your desire to participate in rehabilitative programs or about potential enemies at CTF. You claim further that you had been unjustly charged and then found guilty of a disciplinary infraction for fighting with a white inmate.

On March 21, 2007, your appeal was screened by a CMC appeals coordinator, who determined it did not meet the criteria cited in California Code of Regulations (CCR), Title 15, § 3084.7(a)(1), to be processed as an emergency appeal. Your appeal was assigned for review as a regular appeal and you were provided written notice of this decision.

A. Ex. 203

SECOND LEVEL REVIEW
CMC Log#E-07-0656
Page Two

You were interviewed as part of the First Level Review of your appeal on April 16, 2007. Your appeal was denied. The appeal response indicates you had been found guilty of a Rules Violation Report (RVR), dated December 13, 2006, for Participation In A Riot. ICC assessed four-month SHU Term and mitigated it by one month. ICC recommended you be transferred to either San Quentin or CTF after determining you had no documented enemies at either of these institutions. During the ICC hearing you were afforded a staff assistant, Licensed Clinical Social Worker (LCSW) L. Jardine, who was not a member of the classification committee.

Dissatisfied, you requested a Second Level Review of your appeal, claiming that ICC acted with prejudice because it only reviewed information produced by a dishonest staff and neglected both your hardship and your enemies at CTF.

The rules of the Department governing the issue of your appeal are contained in the CCR, Title 15, as cited in pertinent part herein:

**3335. Administrative Segregation.**
(a) When an inmate's presence in an institution's general inmate population presents an immediate threat to the safety of the inmate or others, endangers institution security or jeopardizes the integrity of an investigation of an alleged serious misconduct or criminal activity, the inmate shall be immediately removed from general population and be placed in administrative segregation. Administrative segregation may be accomplished by confinement in a designated segregation unit or, in an emergency, to any single cell unit capable of providing secure segregation.
(b) Temporary Segregation. Pending a classification committee determination of the inmate's housing assignment, which may include assignment to one of the segregation program units specified in section 3341.5 of these regulations or to the general inmate population, an inmate may be placed in a designated temporary housing unit under provisions of sections 3336-3341 of these regulations.
(c) An inmate's placement in temporary segregation shall be reviewed by the Institutional Classification Committee (ICC) within 10 days of receipt in the unit and under provisions of section 3338(a) of these regulations. Action shall be taken to retain the inmate in temporary segregation or release to general population.
(d) When pursuant to this section, an ICC retains an inmate on segregation status, the case shall be referred to a Classification Staff Representative (CSR) for review and approval. Unless otherwise directed by the CSR, subsequent ICC reviews shall proceed in accordance with the following timelines until the inmate is removed from segregation status:
(1) At intervals of not more than 90 days until pending Division C, D, E, or F rules violation report is adjudicated. Upon resolution of such

A. Ex. 204

*matters, an ICC shall review the inmate's case within 14 calendar days. At that time, if no further matters are pending, but continued segregation retention is required pending transfer to a general population, ICC reviews shall be within at least every 90 days until the transfer can be accomplished.*

*(e) Inmate retention in administrative segregation beyond the initial segregation ICC hearing shall be referred for CSR review and approval within 30 days and then thereafter in accordance with subsection (d) above. In initiating such reviews an ICC shall recommend one of the following possible outcomes:*

*(1) Transfer to another institution in accordance with section 3379.*

### 3341.5. Segregated Program Housing Units.

*Special housing units are designated for extended term programming of inmates not suited for general population. Placement into and release from these units requires approval by a classification staff representative (CSR).*

*(c) Security Housing Unit (SHU).  An inmate whose conduct endangers the safety of others or the security of the institution shall be housed in a SHU.*

*(1) Assignment criteria.  The inmate has been found guilty of an offense for which a determinate term of confinement has been assessed or is deemed to be a threat to the safety of others or the security of the institution.*

*(2) Length of SHU Confinement.  Assignment to a SHU may be for an indeterminate or for a fixed period of time.*

*(B) Determinate SHU Segregation.*

*1. A determinate period of confinement in SHU may be established for an inmate found guilty of a serious offense listed in section 3315 of these regulations.  The term shall be established by the Institutional Classification Committee (ICC) using the standards in this section, including the SHU Term Assessment Chart (see section 3341.5(c)(6)), Factors in Mitigation or Aggravation (see section 3341.5(c)(7)), SHU Term Assessment Worksheet CDC Form 629-A, Rev. 8/95, Assessment of Subsequent SHU Term Worksheet CDC Form 629-B, Rev. 9/90, and SHU Time Computation Table (see CDC Form 629-D Rev. 7/88).*

*2. The term shall be set at the expected term for the offense in the absence of mitigating or aggravating factors.  Deviation from the expected term shall be supported by findings pursuant to subsection (c)(7).*

*3. The terms shall be recorded on CDC Form 629-A, SHU Term Assessment Worksheet, using the SHU Time Computation Table which incorporates one-fourth clean conduct credit in the term.  The computation shall establish a maximum release date and a minimum*

A. Ex. 205

SECOND LEVEL REVIEW
CMC Log#E-07-0656
Page Four

eligible release date (MERD). A copy of the CDC Form 629-A shall be given to the inmate.

4. Serious misconduct while in SHU may result in loss of clean conduct credits or an additional determinate term for an inmate serving a determinate term. Such additional term may be concurrent or consecutive and shall be recorded on CDC Form 629-B with a copy given to the inmate. Such cases shall be referred to the CSR for approval; however, all release and retention requirements of section 3339 shall remain in effect pending CSR approval.

6. Consecutive SHU terms shall be assessed only for offenses occurring after commencement of a prior determinate SHU term.

7. The ICC may commute or suspend any portion of a determinate term. Once commuted, the term shall not be reimposed. If suspended, the period of suspension shall not exceed the length of the original term imposed. When either action occurs, the case shall be referred to a classification staff representative (CSR) with a placement recommendation.

8. The Unit Classification Committee shall conduct hearings on all determinate cases at least 30 days prior to their MERD or during the eleventh month from the date of placement, whichever comes first.

(3) Release from SHU. An inmate shall not be retained in SHU beyond the expiration of a determinate term or beyond 11 months, unless the classification committee has determined before such time that continuance in the SHU is required for one of the following reasons:

(A) The inmate has an unexpired MERD from SHU.

(B) Release of the inmate would severely endanger the lives of inmates or staff, the security of the institution, or the integrity of an investigation into suspected criminal activity or serious misconduct.

(C) The inmate has voluntarily requested continued retention in segregation.

(7) Determinate SHU terms shall only be served in a departmentally approved SHU or a facility specifically designated for that purpose.

(8) When an inmate is paroled while serving a determinate term, the remaining time on the term is automatically suspended. When an inmate returns to prison, either as a parole violator or with a new prison commitment, ICC shall evaluate the case for reimposition of the suspended determinate term. If reimposed, the term shall not exceed the time remaining on the term at the time of parole.

A. Ex. 206

SECOND LEVEL REVIEW
CMC Log#E-07-0656
Page Five

(9) *SHU Term Assessment Chart (fixing of determinate confinement to SHU).*

| OFFENSE | TYPICAL TERM (Mos) | | |
|---|---|---|---|
| | Low | Expected | High |
| *(G) Disturbance, Riot, or Strike:*<br>*2. Active participation in, or attempting to cause conditions likely to threaten institution security.* | *(02* | *04* | *06)* |

(10) *Factors in mitigation or aggravation of SHU term. The SHU term shall be set at the expected range unless a classification committee finds factors exist which warrant the imposition of a lesser or greater period of confinement. The total period of confinement assessed shall be no less than nor greater than the lowest or highest months listed for the offense in the SHU Term Assessment Chart. In setting the term, the committee shall determine the base offense. If the term being assessed includes multiple offenses, the offense which provides for the longest period of confinement shall be the base offense. Lesser offenses may be used to increase the period beyond expected term. After determining the base offense, the committee shall review the circumstances of the disciplinary offense and the inmate's institutional behavior history using the factors below. The committee shall then determine that either no unusual factors exist or find that specific aggravating or mitigating factors do exist and specify a greater or lesser term. The reasons for deviation from the expected term shall be documented on a CDC 128-G, Classification Chrono, and SHU Term Assessment Worksheet, a copy of which shall be provided to the* inmate.

(A) *Factors in Mitigation.*

1. *The inmate has a minor or no prior disciplinary history.*

2. *The inmate has not been involved in prior acts of the same or of a similar nature.*

3. *The misconduct was situational and spontaneous as opposed to planned in nature.*

4. *The inmate was influenced by others to commit the offense.*

5. *The misconduct resulted, in part, from the inmate's fear for safety.*

(B) *Factors in Aggravation.*

1. *The inmate's prior disciplinary record includes acts of misconduct of the same or similar nature.*

2. *The misconduct was planned and executed as opposed to situational or spontaneous.*

A. Ex. 207

*3. The misconduct for which a SHU term is being assessed resulted in a finding of guilty for more than one offense.*

*4. The inmate influenced others to commit serious disciplinary infractions during the time of the offense.*

### 3375. Classification Process.

*(a) The classification process shall be uniformly applied, commencing upon reception of a person committed to the custody of the director and shall continue throughout the time the individual remains under the director's jurisdiction. Each inmate shall be individually classified in accordance with this article.*

*(b) The classification process shall take into consideration the inmate's needs, interests and desires, his/her behavior and placement score in keeping with the department and institution's/facility's program and security missions and public safety.*

*(c) Each determination affecting an inmate's placement within a institution/facility, transfer between facilities, program participation, privilege groups, or custody designation shall be made by a classification committee composed of staff knowledgeable in the classification process.*

### 3375.1 Inmate Placement.

*(a) Except as provided in section 3375.2, each inmate shall be assigned to a facility with a security level which corresponds to the following placement score ranges:*

*(1) An inmate with a placement score of 0 through 18 shall be placed in a Level I facility.*

*(2) An inmate with a placement score of 19 through 27 shall be placed in a Level II facility.*

*(3) An inmate with a placement score of 28 through 51 shall be placed in a Level III facility.*

*(4) An inmate with a placement score of 52 and above shall be placed in a Level IV facility.*

### 3379. Inmate Transfers.

*(a) Transfer requirements.*

*(1) Any inmate transfer from a facility other than a reception center shall require a classification committee action and endorsement by a classification staff representative (CSR). In the cases of civil addicts transferring to community correctional facilities and illegal aliens transferring for the purpose of deportation proceedings, the Classification and Parole Representative (C&PR) may endorse such cases following the classification committee action.*

A. Ex. 208

SECOND LEVEL REVIEW
CMC Log#E-07-0656
Page Seven

Review at the Second Level reveals that you were removed from the CMC-East general population and placed in ASU on December 13, 2006, following the determination that you were a participant in a large-scale riot on C-Quad between white and black inmates. You were charged, on a serious RVR, with Participation In A Riot, and found guilty of the offense on January 13, 2007. You appealed the guilty finding (CMC appeal log #E-07-0398) and your appeal was denied at the Second Level; therefore, this issue will not be addressed in this review.

On February 8, 2007, a subsequent ICC hearing was conducted to review your segregation and to consider the imposition of a SHU Term, based upon your misconduct. In view of your inclusion in the Mental Health Services Delivery System (MHSDS) with a Correctional Clinical Case Management System (CCCMS) level of care, you were provided a staff assistant at the hearing. The CDC 128-G memorializing this hearing reflects that a four-month SHU Term was assessed and imposed for your offense. Four months is the expected term for this offense and the committee chose to mitigate it by one month in accordance with CCR § 3341.5 (c)(10)(A), as you have not been involved in prior acts of the same or similar nature. No aggravating factors were found to be present. Your Minimum Eligible Release Date (MERD) was calculated to be February 21, 2007.

The committee decided that, following the expiration of your SHU Term, your return to the CMC-East general population would present an immediate threat to you or to others and would also endanger institution security. This decision was based upon the speculation that not all participants in the riot were identified and some may still remain in the general population. Thus, your return to the general population might create undue tension between black and white inmates and could also endanger your safety, as animosity toward you was probable.

It was the decision of the committee that you be retained in ASU until you could be transferred to another institution. Given your case factors, including your placement score of 19, your required Close BRS custody, and your CCCMS status, the two viable institutions determined suitable for your placement were CTF and SQ, where you had no documented enemies. A recommendation for transfer to either of these institutions was referred to the Classification Staff Representative (CSR) who, on March 12, 2007, endorsed your transfer to CTF-II, and on March 27th you were transferred. The ICC classification chrono indicates that you participated in the hearing, had no questions for the committee, understood the reasons for the decisions made and agreed with them.

In summation, the action taken by ICC was consistent with the rules and regulations of the Department. You were afforded a fair and impartial classification hearing with the benefit of an impartial staff assistant. The mitigation of your SHU Term by one month was appropriate. Your continued housing in the CMC-East general population would have presented unreasonable safety and security concerns and it was necessary to transfer you to an institution where you would have the opportunity to program in the general population and to receive the necessary psychiatric treatment.

A. Ex. 209

SECOND LEVEL REVIEW
CMC Log#E-07-0656
Page Eight

Your transfer was considered adverse; therefore, your Work Group (WG) and Privilege Group (PG) changed to A2/B effective with your transfer.

Your appeal is partially granted in that you were provided with an impartial ICC hearing. The remainder of your requested action is denied.

Should you be dissatisfied with this appeal decision, you may, by following the instructions listed on your Inmate Appeal Form (CDC 602), request a Director's Level Review.

APPEAL PARTIALLY GRANTED

JOHN MARSHALL
Warden
California Men's Colony

cc: C-File, Appeals

ew

A. Ex.210

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:  OCT 1 7 2007

In re:  Sledge, P43766
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0702572          Local Log No.: CMC 07-00656

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Jack Batchelor, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that his appeal should be handled as an emergency appeal because of the long delay in receiving his copy of the CDC Form 128-G, Classification Chrono summarizing his appearance before the Institution Classification Committee (ICC) in which he was assessed a Security Housing Unit (SHU) term and referred for transfer.

The appellant argues that he has been endorsed for a transfer to an institution where he claims to have safety concerns. The appellant also argues that his retention in the Administrative Segregation Unit (ASU) and the assessment of a four-month SHU term was unconstitutional and a violation of his civil rights to include a violation of departmental regulations. The appellant believes that he should have been given more than a one-month reduction in his SHU term and that he was not permitted to voice his concerns regarding his desire to participate in rehabilitative programs or his potential enemies at the Correctional Training Facility (CTF).

The appellant requests that he is given an impartial classification committee hearing; the February 8, 2007, ICC hearing is disregarded and expunged from his central file; compensated for only receiving one-month mitigation factor instead of five-months; transferred to California State Prison, San Quentin (SQ) with Work Group/Privilege Group "A-1/A" status; and that everyone understand his anger after being falsely accused.

**II  SECOND LEVEL'S DECISION:** The appellant's requests that his appeal be handled as an emergency appeal was reviewed by the California Men's Colony (CMC) appeals coordinator, who determined that the appellant did not meet the criteria cited in California Code of Regulations, Title 15, Section (CCR) 3084.7; therefore, the appeal was assigned for review as a regular appeal and the appellant was provided with written notice of this decision.

The reviewer found that the appellant was identified as being a participant in an incident involving black and white Inmates, wherein he was placed into the ASU. The appellant was charged and found guilty of participating in this large scale disturbance and assessed a four-month SHU term pursuant to CCR 3341.5. The mid-range SHU term for the offense in which he was found guilty is four-months. The ICC mitigated the SHU term by one-month because of no previous involvement in like behaviors and/or incidents.

During the appellant's appearance before ICC, it was determined that because not all of the participants had been identified and removed from the general inmate population (GP), the appellant's release to the GP could jeopardize the safety and security of the institution, inmates and staff. Additionally, the appellant's case factors limited the committees option as to what institution the appellant could be transferred. The ICC determined that the appellant could be transferred to either CTF or SQ as there were no documented enemies at either of these institutions. Therefore, ICC retained the appellant in the ASU pending his referral to the Classification Staff Representative (CSR) with a transfer recommendation. The appellant's case was reviewed by the CSR who endorsed the appellant for transfer to CTF. The appellant was subsequently transferred to CTF on March 27, 2007. The institution concluded that no violation of the appellant's due process rights occurred and that the decision reached by ICC is consistent with the rules cited herein.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A. Ex. 211.

SLEDGE, P43766
CASE NO. 0702572
PAGE 2

**A. FINDINGS:** The documentation reveals that the appellant was removed from the GP and placed into the ASU following his identification as being a participant in the group disturbance involving black and white inmates. The documentation also reflects that the appellant's disciplinary process determined that a preponderance of evidence was presented which supported a finding of guilt and the subsequent assessment of a SHU term of four-months pursuant is consistent with CCR 3341.5. The ICC mitigated the appellant's SHU term, which resulted in a Minimum Eligible Release Date of February 21, 2007. ICC determined that after the expiration of his SHU term, his return to the CMC-East GP would present an immediate threat to the appellant and others, which in turn would endanger institution security.

The ICC's decision to recommend the appellant's transfer to either CTF or SQ was based on the appellant's case factors, which included his Placement Score of 19 points, his Close BRS custody, and his Correctional Clinical Case Management System status, which are only two viable institutions. The appellant could not or was he able to provide any documented evidence of enemies' potential or otherwise located at CTF, therefore, his argument that he had potential enemy concerns is without merit. The appellant has failed to provide compelling evidence and or documentation supporting his appeal requests. The appellant's request for compensation is beyond the scope of the inmate appeals process and, therefore, will not be addressed at the Director's Level of Review (DLR). Absent any new or compelling arguments being submitted by the appellant when requesting a DLR, a modification of the decision reached by the institution in this matter is not warranted.

**B. BASIS FOR THE DECISION:**
CCR: 3001, 3005, 3270, 3335, 3341.5, 3375, 3375.1, 3379

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CTF
        Appeals Coordinator, CTF
        Appeals Coordinator, CMC

A. Ex. 212

# Exhibit Cover Page

Amended- (A), Exhibits- (Ex.) Pages. (Pgs.)

A. Ex. Pgs. 213 To 224

Plaintiff- Denied CDC-602 Process Appeal
Citizen Complaint Against
Correctional Officer-(C/o) -
Defendant David Balkind
(established by defendant-Mrs. M Vela)

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. CXY-5
2.

Log No. 07-01740

Category 7-

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Derrick L. Sledge | NUMBER P-437166 | ASSIGNMENT A2B | UNIT/ROOM NUMBER CW-134L |

A. Describe Problem: This is A Citizen's Complaints Employee Misconduct Appeals (Attached with CDC 1858 (2/97): On 12/13/2006 CDCR/ CMC-E C/o David Balkind Badge No. 69590- Purposely lied And Fabricated CDCR Staff Incident Report Log No. CMC-E-06-12-0516 And CDCR-115 Log No. E-C-06-12-0161, Too falsefied that he "personally saw me I/m Sledge fighting with D. Lutz V-4387 in front of Bldg. 6 while he stood in front of Bldg 5; with both ours Rights And lefts fists And As he Approached ordering CC Written Copy moded.    Continued

If you need more space, (attach one additional sheet.)

B. Action Requested: Exhorated; Rectify the (illegal) guilty Finding of the CDCR 115 Charge/disposition; Given A Certificate of Rehabilitation for my true Conduct; Allow to go to A facility that I can obtain sooner Rehabilitation Program/Work in PIA to pay for my College Books ect.

Inmate/Parolee Signature: Derrick L. Sledge    Date Submitted: 5/11/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

## BYPASS

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

## BYPASS

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

MAY 15 2007
CMC APPEALS OFFICE

RECEIVED
JUN - 4 2007
CTF APPE...

RECEIVED
MAY - 7 2007
CTF APPEA...

RECEIVED
JUL - 5 2007
CTF APPEALS

07-01740

A. Ex. 213

A. Ex. 214

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: 6.19.07

Interviewed by: _____

DENIED

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved:    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

DENIED

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____
Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. I Attempted to seek Facility Due Process concerning My Citizen Complaint claim attach/stated on within this submitted 602 C/C in which Facility Official has rejected my Appeal unjustly and incorrectly a Cont. Violation. I now see Director Level C/o Balking and Stg Schnore is two different issues

Signature: Nerrich L. Sledge    Date Submitted: 6/7/08

For the Director's Review, submit all documents to:    Director of Corrections
                                                        P.O. Box 942883
                                                        Sacramento, CA 94283-0001
                                                        Attn: Chief, Inmate Appeals

Please send back all attach document upon Director Level Please

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
                                                        Date: _____
CDC 602 (12/87)

A. Ex. 214

ise to stop I RAN toward the tennis Court And D. Lutz stop d...
C/O Balkind personally knew my identity And daily Activities, by
urrently becoming my Job SupervisoRing in which he also Acknow-
edged my Holy ChARacter Along by supportive stoReys from his co-woe
It's of Facts that C/O Balkind lied completely in hopes he would
Ain FAVOR with C-Quad SeRgeant to be Requested foR A betteR Post
ssignment ARound his C-Quad YaRd Staff Friends (A yaRd where some
fficers ARe Allowed to be coRRupted Against mentally ill I/m's.
usticely UNsupervised; supported by PRioR Incidence Reports/602s
f the past 14 months ect...)
C/O Balkind had many opportunities to become Honest and true
o his Job Title to state he made A mistake (with me); In which I
ould of easily Recovered And continue on with my own Established
perfect progRam. Instead having me to currently SuffeR, life destroye
nd no faiR opportunities to Rehabilitation PRogRam. That daily
auses me to have suicide thoughts and A desiRe that if I become
orced with a Celly to kill him befoRe he kill me now; due to this
ne Officers dishonestness when I was A perfect I/m with him
nd All other staff. Which I now helded undeR due diligence that
DCR will become Honest to RestoRe some of the DAmages; giving me
ack A betteR out-look that CDCR-System do work (Mistake do happen).
C/O Balkind could not have possibly saw this Alleged misbehavior.
o me!!. Because me being shortly present in this location upon m
eening my friend ByRon Johnson P-51041 get Assaulted by one of
ne Angey white gRoup both them and him Allowed me to come in peace
etween them all to escort I/m Johnson to safety; in which no one
ttempted to hit me nor did I ever desiRe to hit Anyone. I was
fficially located on the BasketBall Court with no fighting mRaks ect.
(watching this staff contRolled Riot, See Citizen's complaint on
SeRgeant B. SchwoRe) That had two 10ft. fences that blocked both
athyways from the tennis Court And this Alleged fighting ARea. C/o
alkind used my close Relationship with the tennis Court knowing I
ame close eveRyday of Accepting A CDC 115 in oRdeR to play tennis,
C/O Balkind could not have saw me or Anyone else fighting fRom where
e stood, because of other Officers Reporting that over 70 other I/m
eing between C/o Balkind and his Accusation of me, being present
ighting, Running ect... (See ToweR C/o EARehaRt, C/o Stephenison and
ll schematic).
C/O Balkind Reaction within his FabRicated Report was severely
nethnical and ContRadictively to the PRoceduRes comparison to All
ther Officers Reports - for which they observed Responded PRevented

A. Ex. 315

with 2 haem (with pepper spray ect...) and secured under one
peration which allowed them to correctly Identify each F/m it saw
ighting because they also secured.
Being that C/o Barclay C/o Stephension, C/o Ramos and Yard
o Baxstresser being primary Officers whom All Reacted appro-
ziately to C/o Balkind Corruption being A Responder to used they
2nd professionalism to legally lie. Which is why none of these
ther Officers Reported seening me Also (All to know me for over
yes. And being my direct Job supervisor) When they Responded
2 Agreed to just lie like C/o Balkind which is why they Reported
he truth that they saw, pepper spray and secured F/m Lutz
hat was fighting someone othe then me in this same location.
C/o Balkind was warned by co-worker of lying on me he
alked to the Basketball Court saw that I possessed A 8 oz Folger
Coffee in one hand and A plastic bag of breach in the other, with
weat pants with no pockets; he also saw how impossible for me
support his lie by being on the Basketball Court with them two
ff fences, still he continue to lie. Now not just stated he made a
nistake.
C/o Balkind used CDCR Code of Silent Policy dishonestly for I
As a perfect F/m except for the color of my skin. To add other
raff to his Corruption under the Color of Law - stg. Schnore
'o Ellis (IE); Captain White, severely illegally, prejudice Lt.
tinson; CC11 M. Vela (Appeal Coordinator); Deputy Warden (
CC Chairperson) and the Warden John Mashall (for my letter to
m now investigating
Evidence IN support: I Agree to A ploygraph examination
1 Incident Report/Document of log No. CMC-E-06-12-0516;
02s Log No. 07-00656; 07-00220; 07-00398; Outside Legal
gencies Prison Law Office; Calif Peison Focus; Office of the
nspector General and the Internal Affairs Office ect... And
he Fact Finding that will be produced from other Citizen's
omplaints due Process And Impartial interview with all inmate I
note and others.
Upon A Favorable investigation CDCR should honor me fair
ehabilitation Opportunity instead of Soledad State Prison; I
m completely innocence And was conducting a perfect Rehabil-
ration under many Restriction At CMC-E
opies will be made

)ated: May 6, 2007                                    Derrick L Sledge

                              A. Ex. 216      Derrick L Sledge

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST T————— ————————————— ————————————ALSE. IF YOU MAKE A COMPLAINT A(** This section was held unconstitutional, as violative of First **PROSECUTED ON A MISDEMEANOR** Amendment and equal protection clause, in The de3cision of **t a departmental peace** officer, knowing i Hamilton v. City of San Bernardino, C.D. Cal 2004, tion to being prosecuted on a misdemeanor charge 325 F. Supp. 2d 1087. **]**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME<br>Derrick L Sledge | INMATE/PAROLEE'S SIGNATURE<br>*Derrick L Sledge* | CDC NUMBER<br>P-43766 | DATE SIGNED<br>5/7/2007 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

A. Ex. 217

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*May 15, 2007*

*SLEDGE, P43766*
~~EFBQB4F200004288~~          CW-1341L

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).*

*Your complaint was reviewed per AB 05/03 on 2/20/07 by the Hiring Authority. It was deemed not to be a staff complaint and the appeal was assigned as a disciplinarty appeal (Appeal Log Number CMC-E-07-0398). It was denied at the Second Level on 3/28/07.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

| **PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE** |
|---|

A. Ex. 218

From: D. Shedge P-43766
ETF/CW-134L
5/31/07

To: CMC-E Appeal Office
Re: My Citizen Complaint being Screen for a Disciplinary 602
therefore it wall not be Accepted/Process for impartial Fact/Finding

    Please Take Notice that the Attached 602 is to be-come process under a Citizen Complaint Discovery - Against ℅ Balkind, for his misconduct concerning this incident.
    This exact Appeal Office/Staff informed me that I couldn't combine two or more issues under the same 602 Appeal Now is you saying I should of had brough both issues under the one Disciplinary 602 Appeal? Which would be contrary to your Rules And Regulation?
    If I don't obtain a fair and impartial discovery on a disciplinary 602; it also prevent discovery for a Staff Misconduct under a Citizen Complaint Fact-Finding? Please explain precisely with case law, so I can understood - how to obtain a impartial documentation Citizen Complaint concerning ℅ Balkind Misconduct? Please, in any case should have the irst level Reponder sign its Fact Finding so I could proceed to the next level. This is the only citizen complaint I filed on ℅ Balkind

              Submitting By
              Derrick L Shedge
              Derrick L Shedge

A. Ex. 219

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

June 5, 2007

SLEDGE, P43766
CFCWT1000000134L

Log Number: CTF-S-07-01740
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).*

*Log # CMC-E-07-0398. You have filed multiple appeals with the CTF appeals department concerning a staff complaint originating from CMC (See attached CMC) 5/15/07 which stated that CMC Hiring Authority reviewed your complaint and deemed it a disciplinary issue.*

J. Aboytes / P. G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:**   Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

A. Ex. 220

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 18, 2007

SLEDGE, CDC #P-43766
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

Re: Institution Appeal Log #CTF 07-01740 Staff Complaint

Dear Mr. SLEDGE:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals. The
form must be completed through the Second Level of Review on behalf of the
Warden or Parole Region Administrator. Your appeal was rejected, withdrawn or
cancelled. If you disagree with that decision, contact the Appeals Coordinator.
You must comply with instructions from that office.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process. Library staff
can help you obtain any addresses you need.

*L. Guargand,*

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

A... Ex. 221

From I/m D. Shedge P-43766
CW-134L      7/1/07

Re: Director Level Instruction for CTF/CMC-E Appeal Office


Please take Notice that the Director Level Review concerning that my submitted "Citizen Complaint" has instructed me to seek Warden Review; in support of _Administration Exhaustation Requirement_.

Again, I have never filed a 602 Citizen Complaint concerning my facts of this staff misconduct. I did However filed a 602 in hopes the just discovery into my actual innocence that was investigated with pure prejudice — To be unconstitutional to use that same fact finding for claims of staff misconduct Review

Your Rules and Regulation distinctively has design two 602 due Process for I/m's to pursuit disciplinary Review 602 and staff misconduct 602 Citizen Complaint, To constitute seperate fact-finding Review. To Reject my 602 Citizen Complaint Alleging my disciplinary 602 support both fact-find would be illegal And a perjudice & denial to due process violation.

Under due diligence to cause me severe hardship your current decision will Rest for this Administration Exhaustation Requirement
                                        Derrick L Sledge
                                        Derrick L. Sledge

7/01/07

A. Ex. 222

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*July 9, 2007*

*SLEDGE, P43766*
*CFCWT1000000134L*

Log Number: CTF-S-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).*

*Comments: Log #CMC-E-07-0398 this appeal was reviewed by the hiring authority and was processed as a disciplinary issue.*

J. Aboytes / P. G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

### PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

A. Ex. 223

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                ARNOLD SCHWARZENEGGER, GOVERNOR

### INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



August 29, 2007


SLEDGE, DERRICK, P43766
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960



RE: IAB# 0703649    CTF-07-01740    STAFF COMPLAINTS

Mr. SLEDGE:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Only the original appeal form is accepted at the Director's Level of Review. If you do not have the original appeal, see your Appeals Coordinator for a replacement "Treat as Original" copy.



N. GRANNIS, Chief
Inmate Appeals Branch





| ****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE**** |
| --- |

A. Ex. 224

# Exhibit Cover Page

Amended- (A), Exhibits- (Ex.), Pages (Pgs.)

A. Ex. Pgs. 225 To 235

Plaintiff- Denied CDC-602↑Appeal
Citizen Complaint Against
C-Quad Sergeant (Defendant)-
R. B Schnore.

(established by defendant-Mrs Vela)

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | | 1. | $1-10$ |
| 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Derrick Shedge | P-43766 | | CW-134L |

A. Describe Problem: A Citizen Complaint Against Stg. R B Schnore for his Deliberately Indifference, Negligence Concerns for the Health And Safety of I/m's under his Supervision~ Allowed A Racial Riot to escalate into Violence; causings innocence, perfectionist programer~I/m's as petitioners, To have his life put into danger And his established Rehabilitation destroyed. Because Stg. Schnore Consealed Crucinl "Timing" under a Code of Silent Policy that Allowed a Co-worker/Friend C/o Balking to file a Report with

If you need more space, attach one additional sheet. CC: A Written Copy has been made. Continue Attach:

B. Action Requested: A out-side be Assigned to investigate these facts, to allow me a impartial discovery be be document. Upon any favorable finding I be Completely exonerated. Immediately given back my established Rehabilitation Program. Stg. Schnore be held to compensated me for my pain/suffering upon every day I'm forced to live under these current hardship living conditition

Inmate/Parolee Signature: _Derrick L. Shedge_    Date Submitted: _5/21/07_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RECEIVED
MAY 23 2007
CTF APPEALS

RECEIVED
JUN - 4 2007
CTF APPEALS

JUL 16 2007
CMC APPEALS OFFICE

RECEIVED
JUL - 2007
CTF APPEALS

RECEIVED
JUL 24 2007

A. EX. 225

A. Ex. 226

RECEIVED

First Level    ☑ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                                    Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0703650

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

CDC 602 (12/87)                                                    Date: _____

A. Ex.  226

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*May 15, 2007*

**SLEDGE, P43766**
*EFBQB4F200004288*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).*

*Your complaint was reviewed per AB 05/03 on 2/20/07 by the Hiring Authority. It was deemed not to be a staff complaint and the appeal was assigned as a disciplinarty appeal (Appeal Log Number CMC-E-07-0398). It was denied at the Second Level on 3/28/07.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

A. Ex. 227



State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

May 24, 2007

SLEDGE, P43766
CFCWT1000000134L

Log Number: CTF-S-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal is incomplete. You must include supporting documentation. All documents must be legible. (If necessary, you may obtain copy(ies) of requested documents by sending your request with a signed trust withdrawal form to your assigned counselor.) Your appeal is missing:*

*Your appeals is missing CMC-E 06-12-0516  Comments:  You are requesting an investigation with a favorable finding toward you. You want to be exonerated of all charges. You want Sgt. Schnore to compensate you with money for pain and suffering for every day that he has forced you to live under hardship conditions. Sgt. Schnore allowed Officer Balkind to file a false report which will cause you of sadistic harm.*

J. Aboytes / P. G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

## PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

A. Ex. 228

From D. Sledge P-43766
6/1/07

Re: CTF/Appeal Office Screening - Req. I attach
additional document - For a Citizen Complaint 602.

Please take Notice that my understanding for a Citizen
Complaint would be process by Higher Official Assco Dupty
Warden Ect... that would Review the entire incident for which
All document is under their control/possession for an impartial
discovery

Also Stg. Schnore didn't do thing to prevent the Riot
escalation to Allow C/o Balkind to be and stay dishonest
which it is not of the record because if there was I would
seen exonerate long ago

Herefor I am Attaching Stg Schnore Incident Report
observation in support to my citizen Complaint Claims, Issues

Having a F/m to Attached the same document that's under
staff/official control to prolong Justice is unfair. For I
was only given this incident document pertaining directly to my
case

Derrick D Sledge

A. Ex. 229

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

June 5, 2007

SLEDGE, P43766
CFCWT1000000134L

Log Number: CTF-S-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).*

*CMC-E 07-0398. You have filed excessive complaints concerning an incident that occured at CMC. See 5/15/07 Screen-Out notice from CMC appeals. CMC stated that your staff complaint would be processed as a disciplinary issue.*

J. Aboytes / P. G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

A. Ex. 230

From: I/m D. Sledge P-43766
CW-134L        7/1/07

Re: Director Level Instruction concerning the due process of my 602 Citizen Complaints Claims.

Again I've never filed a Citizen Complaint concerning my Facts of this Stg. Misconduct. In fact he was never even stipulated in any of my filed 602 concerning my disciplinary guilt or innocence in support of how CDCR Appeal Due Process is unjust

Again your Rules & Regulation Support two distinctive 602 review - disciplinary/staff Misconduct for two different fact finding discovery ~~with~~ which I never stipulated to be count under one review because the Attach claim was in part different All together from my disciplinary Report concern this staff/Stg. Which I had no reason to ~~challenge~~ argue in my case in a disciplinary 602

Under due diligence that has caused me severe hardship your decision will now Rest for my due attempts to Administration Exhaustation Requirement

Derrick L Sledge
Derrick L. Sledge

7/01/07

A. Ex. 231



State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*July 16, 2007*

**SLEDGE, P43766**
*CTF*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your allegations of misconduct were reviewed per Administrative Bulletin (AB) 05.03, by the Warden's designee, who determined the appeal was not a staff complaint. As you have exceeded time constraints regarding this issue this appeal cannot be accetped. For your information, disciplinary issues from this riot were addressed in appeal log #CMC-E-07-0398.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

A. Ex. 232

State of California
**CDC FORM 695**
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*July 24, 2007*

*SLEDGE, P43766*
CFCWT1000000134L

Log Number: CTF-S-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*Issue Ocurred 12/06 Appeal Filed 5/07.*
*Reviewed as staff complaint at CMC (see attached screen-out)*

J. Aboytes / P. G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

A. Ex. 233

From: I/m D. Shedge P-43766
July 27. 2007

To: Director's Level Review

Re: CDCR/CMC-E Appeal Office And Warden / CTF
Appeal Office co-signing to prejudice disallowed me Citizen
Complaint ~~Acceptin~~ -602 Due Process Rights.

Please take Notice Director's Level that this is my
Final due diligent Attempts of trying to obtain Citizen Complaint
Review on Stg. R. B. Schnore.

Due to the many Attempts has Now caused me to suffer
Severe Mental Abuse. And ~~Render~~ fearful~~ness~~ of CDCR
Official Retaliation. I declare here And hereAfter I will
seek only out-Side Court Civil Rights Violation Review. upon one
Attempt to the Facility Appeal Office And then one Attempt to the
Director's Level - Due to the Accumulation of 602 Due Process
Citizen Complaint denial ~~to be~~ And time delay for Not getting↑Process,

Sincerely .
Derrick D. Shedge

CC: A copy be made
and Sent to Federal
Civil Right Court of Law
by Prisoner Advocates
Agencys

Please keep All 25
documents Attached
And Returned back

A. Ex. 234

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

### *INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



·August 29, 2007


SLEDGE, DERRICK, P43766
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960


RE: IAB# 0703650      DISCIPLINARY

Mr. SLEDGE:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.


*(signature)*

N. GRANNIS, Chief
Inmate Appeals Branch


---

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

A. Ex. 235

# Exhibit Cover Page

Amended-(A.) Exhibits (Ex.) Pages (Pgs.)

A. Ex. Pgs. 236 To 243

Plaintiff- Denied CDC-602 Process
Appeal Citizen Complaint
Against C-Quad (Defendant)
Captain J.T White

(established by defendant Mrs M.Vel

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. _____ | 1. _____ | 7 |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Derrick Sledge | NUMBER P-43766 | ASSIGNMENT AB3 | UNIT/ROOM NUMBER CW-134L |
|---|---|---|---|

A. Describe Problem: This is A Citizen Complaint on CMC-E, C-Quad Captain R.A White for ~~color~~ ignoring the continueous Report of C-Quad Officers Misconduct. For instance over A 6-month period (June 2006 to December 2006). Which gotten so far out of Control that most of his Officers Started completing for the best Malicious filed disciplinary Report Sadist~~s~~ on that I'm..
Which Captain White Never investigate the

If you need more space, attach one additional sheet. See Attach CDC 1858    A copy been made    Continue Attachm.

B. Action Requested: That A out-side Fact-finding be order. to investigates my Claims with documentation; Any other Appropriate relief deem Neccessary

Inmate/Parolee Signature: Derrick L Sledge    Date Submitted: ~~...~~ 7/3/0

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

RECEIVED
JUL 16 2007
CMC APPEALS OFFICE

RECEIVED
JUL - 2007
CTF APPEALS

RECEIVED
JUL 24 2007
CTF APPEALS

Return from CMC

A. Ex. 236

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned _____

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0703647

DIRECTOR'S ACTION:  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

☐ See Attached Letter

CDC 602 (12/87)                                                  Date: _____

A. Ex. 236

the inmates complaints (CDCR 602) ect... To prevent such officers misconduct enhancing. That then convinced certain inmates under a wrong approachment to theirs claims never to become reviewed decided maybe submitting threatening notes (kits) against these officers. That only justify Captain White to retaliate - by ordering a massive cell search for entire C-Quad - causing the population of mentally ill (cccms) I/m to hold resentment, be frustrated and to become violent ect... Aswell of having events where many new arrival active Southsiders coming on the yard causing great tension from many of the stage fighting that had to exist first before removing them, put a heavy burden on the yard. All in which Captain White ignored causing the yard to operate under the complete control of many dishonest officers (consealed by other officers living under the code of silent policy) that produced their work assign-ment be a social affair with envyness, for gaining Stg. favor for certain job post ect...

C-Quad was already on lock-down for these notes when I/m Riley and I/m Foletti gotten into this physical altercation: Instead of C-Quad staff isolating them, debriefing them ect... for violence behavior; staff was more focus on manipulating administration not to discovered into the truth of these notes of violence/threats being produced. Allowed these two I/m tension to escalate for a riot.

In addition for Captain White consealment of the above caused him to accept falsify facts and sign off on illegal unjust punishment and be prejudice to the truth. He failed to discover that only one race was actually the aggressor while the other race only defended themself from his officers negligence to not intervene, which had enough time to do; Captain White failed to question how the entire matter resulted or all officers to dictate of having the same exact timing to Stg. Schnore and C/o Carlson events and as they all watch this riot establish/escalate. He was prejudice by NOT consider ruling that none of the Black I/m falsely accused was gang member CDCR related to one other and was only being accused for the color of theirs skin (racial discrimination) This matter being against many of the accused - Blk. Religious/principle.

Most crucial Captain White under peer pressure was severely negligence of C/o Balkind unethical officer response

A. Ex. 237

Activity contradictive to the primary officers (pepper spray supporting each other secure; identify) Written Repoet of the fact and evidence. Captain White was prejudicial blinded to comprehend how C/o Balkind Fabrication was severely dishonest and inconsistence to the solid evidence - For Approvement that I/m Sledge be Rehoused in ASU/SHU and be Retain under Hardship Condiction (I/m Sledge specify "from captain white" Request to you the need of his person "property to communicate with the Court for his legal matter on Dec 20/21, 2006) ICC. That cause Court delays ect...

Accumulation of negligence of a Facility Captain help convict I/m Sledge illegally and unjustly by partial Review of his Official behavior / Reports, under the color of law intentionally for a miscarriage of Justice based on complete innocence. I truelly believe had their been equal ethnic races officers present the trueth to my claims would of been prevail

Dated: July 02, 2007                    Derrick L Sledge
                                        Derrick L Sledge

A. Ex. 138

STATE OF CALIFORNIA                                                                     DEPARTMENT OF CORRECTIONS
CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown  inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disciplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME  DeRRick L. Sledge | INMATE/PAROLEE'S SIGNATURE  Derrick & Sledge | CDC NUMBER  P-43766 | DATE SIGNED  07 02 07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL-
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC Form 602
Employee - Institution  Head/Parole Administrator
COPY - Complainant

A. Ex. 239

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*July 16, 2007*

**SLEDGE, P43766**
*CTF*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your submitted appeal was reviewed per Administrative Bulletin (AB) 05/03, by the Warden's designee. It was determined that this is not a staff complaint. Since you exceeded time constraints regarding this issue, this appeal cannot be accepted. For your information, the disciplinary issues regading the riot in C Quad were addressed in your previously submitted appeal log # CMC-E-07-0398.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

A. Ex. 240

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*July 24, 2007*

*SLEDGE, P43766*
*CFCWT1000000134L*

Log Number: CTF-S-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*Issue Occurred 12/06, Appeal Filed 7/07.*

*Reviewed as a staff complaint at CMC (see attached screen-out)*

J. Aboytes / P. G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

A. Ex. 241

From: I/m D. Shedge P-43766
July 27, 2007

To: Director's Level Review

Re: CDCR/CMC-E Appeal Office and Warden/CTF
Appeal Office Co-signing has prejudice disallowed me
Citizen Complaint - 602 Due Process Rights.

Please take notice Director's Level that this is my
Final due diligent Attempts of trying to obtain Citizen
Complaint Review on C-Quad Captain R. A. White,
Due to the many Attempts has now caused me to
Suffer Severe mental abuse. And fearful~~ness~~ of CDCR
official Retaliation. I declare here and hereafter I will
Seek only out-side Court Civil Rights Violation Review.
Due to the Accumulation of 602 Due Process/Citizen
Complaints denial and times delay for not getting my issues
Process.

CC: A copy been made
And sent to Federal
Civil Rights Court of Law
by Prisoners Advocates
Agencies

Sincerely
Derrick D. Shedge

Please keep All 7
document Attached
And Returned back

A. Ex. 242

STATE OF CALIFORNIA –DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR



### *INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

August 29, 2007

SLEDGE, DERRICK, P43766
Correctional Training Facility
P.O. Box 686
Soledad, CA  93960

RE: IAB# 0703647        STAFF COMPLAINTS

Mr. SLEDGE:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.

*Ur. Grani*

N. GRANNIS, Chief
Inmate Appeals Branch

---

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

A. Ex. 243

# Exhibit Cover Page

Amended - (A), Exhibits (Ex.) Pages - (Pgs.)

A. Ex. Pgs. 244 To 270

Plaintiff - Exhausted CDC-602 Appeal
Citizen Complaint Against
(Defendant) CMC-E Appeal
Office Coordinator Mrs.
M. Vela,

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | CMC-E | 1. 07-1967 | Legal |
| 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Derrick L Sledge | P-43766 | School | CW-134L |

**A. Describe Problem:** This is A Citizen Complaint on CDCR/CMC-E, Appeal Office Coordinator. Mrs M. Vela # 44960. This grievance shouldn't be considered conjunctionally with Any previous Submitted -602. And if so, I should be Allowed CTF Staff Assistance/instruction to Amend this to Count and be Reviewed only under A Citizen Complaint- Penal Code Sect. 832, 5 (a)/DOM Sect. 54100.25.1 And CDC Admin. Bulletin 98/10. Because Mrs. Vela Miscon-duct WAS with deliberately indifference; prejudice° Continue-

If you need more space, attach one additional sheet. A Written Copy been made    See Attachment

**B. Action Requested:** That a Fact Finding And its Copy concerning this precise Matter and Claims be Attached even if decision WAS based from A pervious decision. This Matter be Assigned to outside impartial investigation And I be provided A Copy of that discovery. JUSTICE !!.

Inmate/Parolee Signature: Derrick L Sledge      Date Submitted: 8/4/07

---

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____ Date Returned to Inmate: _____

---

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RECEIVED
AUG 10 2007
CTF APPEALS

RECEIVED
OCT 30 2007
CTF APPEALS

AUG 14 2007
CMC APPEALS OFFICE

A. Fx. 244

A. Ex. 245

0714159

First Level ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

BYPASS

_____

Staff Signature: _____  Title: _____  Date Completed: _____

Division Head Approved:                                     Returned

Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

BYPASS

_____

Signature: _____  Date Submitted: _____

Second Level ☐ Granted  ☐ P. Granted  ☑ Denied  ☐ Other ____ AUG 1 4 2007  Due Date: SEP 2 6 2007

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned:

☑ See Attached Letter

OCT 1 9 2007

Signature: _____  CMC APPEALS OFFICE   Date Completed: OCT 1 9 2007

Warden/Superintendent Signature: _____  Date Returned to Inmate: OCT 1 9 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. CMC-E hAS oNly JuStified CCII Vela (Appeal CoordiNAtoR) mAlice deliberAtely iNdiffeReNces - foR Not timely PRocessiNg ANy of my cRuciAl 602, foR my claims Could hAd became AddResseD iN the followiNg ICC HeARiNg As the ICC chRoNo's demoNstRate it wASN't. All Rs beiNg pARt of CDCR-Title 15 Rules/RegulatioN. TheN theRe's A seveRe miscARRiAge iN JuStice uNdeR CDCR Title 15 that despeRAtely Need to be ReviSed uNdeR faiR FedeRal (coNtiNue oN ATTACH PAg.

Signature: Warrick ʃ Sledge  Date Submitted: 11/01/07

Please mAil bAck All AttAche DocumeNt

For the Director's Review, submit all documents to:  Director of Corrections
                                                      P.O. Box 942883
                                                      Sacramento, CA 94283-0001
                                                      Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☑ Denied  ☐ Other _____

☑ See Attached Letter

CDC 602 (12/87)

OLI

A. Ex. 245

Date: MAR 2 5 2008

Under the Color Law; By Abusing her Authority - to denied me fair, timely And impartial 602 filing upon several occassion - corruptively knowing it would prevent many of my critical violation from getting addressed / Reviewed and documente for Court Review causing me to still be sufferring from its Post Traumatic Stress, Mental Abuse Disorder ect...

1). Mrs Vela denied me personal propeety / inventory 602 causing me to suffer Court, Legal Affairs and family Communication And deadlines; Religious Correspondence and much more; First by her screening (CDC 695), I had to wait till the violation happen; which was why I submitted the 602; when my problem continue; she then screen it - out stating, "I needed to Attached documents when the 602 Reviewer would had to obtain the original Official document. which they control / possess (A known corrupt procedure forced on inmates). Then she Refused to process it completely stating, "I now waited to late (Affter initially Accepting it for processing), And when I tried dozens of time explaining with sufficiently Justification for my (All) delays she became complete Official Controlled to still refuse me Reconsideration without documenting any investigation into my Reasoning. (Which was her screening unjust and the inventory officers Asking me to give him time). Her prejudice unauthorized her co-workers, Superiors from interferencing

2). Mrs Vela was screening-out these critical- 602s due to her conflict of Interest in this case not to prevent the Corruption among her co-workers, friends ect... As an Appeal Coordinator she'd Reviewed Issues concerning her honesty to clarify her 12/13/06 schematic design; But instead she watched it be manipulated by her friends to conceal my Accurated position being behind two tea fences that denied me a pathy way into Accusation of guilt; I was harged for. Her never forth-coming gave her grounds to deny me many 602s Reviews !!

**A. Ex. 246**

3) Knowing the Above Mrs. Vela Corruptively Screened-out my Crucial I E-602, first by Accepting it; Ordering me to Attach documents (Again) Staff possess/control (It's a Staff Customary Saying they Can't Accept document from an inmate when it to help the inmate). And they would had to obtain Anyhow. This difficulty was planned Knowing I'm only an inmate confined in ASU/SHU. To Allow sufficiently time to lapse, so when I due diligently Attached these documents I've had my then Fabricated Final Hearing, So that the I E-602 issue would stay Concealed And to then Allow the Final Hearing Official to be even more corrupted, So now having to submit a Final Hearing-602, Corruptively Mrs Vela would Accept the weakest of the two 602's (the fabricated Hearing) Too Reject the the strongest the I E-602 that support many errors only for the Appeal Coordinator - Mrs Vela To say, " I Can't submitted two 602's" And its being to late to Amend/Attach the I E-602,

So Conspiracy could honor CMC-E Appeal Office Blind Justice Practice in this Case established by CMC-E Appeal Office Coordinator Mrs M. Vela #44960.

BY,

Date: August 04, 2007                    /Derrick L Sledge

                                         Derrick L Sledge

---

ection H Continue now:

ivil Rights Version. And to immediately forsake CDCR unjust supremacy. ve been completely deprived FAIR 602 to my innocence, to obtain my person opert, for Court Communication; Relocation to lost property for Staff iligent And Relief from under hardship living condition. Even now having icial to hear of these violation but still deny the a Rehearing or impartial cument fact I been Requesting other than what the Fabricated record is established. Everyone of these 602 has merits which was never ention/addressed in none of the ICC documents. This currently Second vel Review has only dictated its fact finding on the same injustice I've been eading to be Addressed. The same evidence using to deny me Relief (the creening orders) is the same evidence I'm pleading an impartial hearing s, CDCR 602 Policy is colorful dishonest. Which is why CMC-E y PASS so many level So it would demonstrate less into the true facts

I've submitted to many 602 before Any of the Hearing that ... ...A on't discuss Any of my Argument, what About CCII Vela being ... ... as she was Also responsible to erroneously defined my ... ... not her dishonesty  Derrick L Sledge

STATE OF CALIFORNIA                                           DEPARTMENT OF CORRECTIONS
CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disciplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME *Derrick L. Dledge* | INMATE/PAROLEE'S SIGNATURE *Derrick Lee Dledge* | CDC NUMBER P-43766 | DATE SIGNED 8/04/07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:

ORIGINAL-
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC Form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

A. Ex. 248

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disciplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME Derrick Lee Dedge | INMATE/PAROLEE'S SIGNATURE Derrick Lee Dedge | CDC NUMBER P-43766 | DATE SIGNED 8/04/07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL-
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC Form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

A. EX. 248    Part 2 (copy)

# *MEMORANDUM*



**DATE:**      August 31, 2007

**TO:**       **Inmate: SLEDGE    CDC #: P43766**      **Housing: CW-134L**

**SUBJECT:**     *Inmate Appeal/Staff Complaint*

The Appeals Office has received your CDC 602, Inmate/Parolee Appeal form. In Section #B "Action Requested" you have alleged staff misconduct.

This memorandum is to notify you that Appeal Log #CTF-S-07-03355 dated AUG 14, 2007, was reviewed by the Chief Deputy Warden(s), ISU Lieutenant, and Appeals Coordinator and is not considered a staff complaint issue but is being processed as a PROGRAM issue.

J. F. Aboytes, CCII / P.G. Dennis, CCII
Appeals Coordinator
CTF-Soledad

cc:  **.**  Appeals Office File

A. EX. 249

# California Men's Colony Appeals
# Institution Route Slip

**To:**

### Inmate Appeals Coordinator

| From: | D. Engler, CCII, Appeals Coordinator | (805) 547-7773 |
|---|---|---|
| | M. Vela, CCII, Appeals Coordinator | (805) 547-7991 |
| | G. Luz, Office Technician (OT) | (805) 547-7989 |
| | | (805) 547-7989 |
| | **California Men's Colony (CMC)** | |
| | **P.O. Box 8101** | (805) 547-7900 |
| | **San Luis Obispo, CA 93409-8101** | ATSS 634-7900 |

**Subject:** *Sledge (P-43766)*

**CMC Log #** 07-1967

- ☐ *Please assign to appropriate staff:*
- ☐ First Level Review
- ☐ Second Level Review
- ☐ Other
- ☐ PLEASE NOTE OUR DUE DATE IS:_____

 

- ☐ *CMC staff has completed:*
- ☐ First Level Review
- ☐ Second Level Review
- ☒ Please route Original Copy to Inmate
- ☐ *Copy/Copies Attached*: C-File/Appeals
- ☐ Inmate Transferred to Your Institution
- ☐ *Comments:*

*delay Notice.*

RECEIVED

10 -3-2007

CTF APPEALS

A. EX. 250

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

**Date**       :    September 20, 2007

**To**        :    Inmate: <u>SLEDGE</u>          CDC:   <u>P-43766</u>        Housing: <u>C-134/L</u>     CTF

**Subject**   :    **NOTIFICATION OF DELAY OF APPEALS PROCESS**

A response to your CDC Form 602, Inmate Appeal, CMC Log #<u>07-1967</u> has been delayed for the following reason(s):

☐   Unavailability of the appellant, staff or inmate witnesses.

☒   Complexity of the decision, action, or policy.

☐   Necessary involvement of other agencies or jurisdictions.

A response to your appeal is expected by <u>October 19, 2007</u>. This information is provided per CCR Section 3084.6 (b)(6).

D. ENGLER/M. VELA
APPEALS COORDINATOR
California Men's Colony

RECEIVED
10-3-2007
CTF APPEALS

A. Ex. 251