State of California                                                      Department of Corrections and Rehabilitation

# Memorandum

**Date**        : OCTOBER 17, 2007

**To**          : SLEDGE, DERRICK
                P-43766
                CORRECTIONAL TRAINING FACILITY

**Subject**     : **SECOND LEVEL REVIEW**
                **CMC APPEAL LOG #E-07-1967**

ACTION REQUESTED:        1. A FACT-FINDING AND ITS COPY CONCERNING THIS PRECISE MATTER AND CLAIMS BE ATTACHED, EVEN IF THE DECISION WAS BASED ON A PREVIOUS DECISIION.

2. THIS MATTER BE ASSIGNED TO AN OUTSIDE IMPARTIAL INVESTIGATION AND YOU BE PROVIDED A COPY OF THAT DISCOVERY.

A review of your appeal dated August 4, 2007, has been completed. You state in your appeal that it is a citizen's complaint against Correctional Counselor II (CC-II) M. Vela, CMC Appeals Coordinator. You further state that this grievance should no be considered conjunctionally with any previously submitted Inmate Appeal. You contend CC-II Vela acted with deliberate indifference and prejudice, under the color of law, by abusing her authority in denying you, on several occasions, the ability to have your appeals addressed and reviewed. In one instance you claim CC-II Vela denied your personal property/inventory appeal, causing you to suffer. You contend she did this by rejecting your appeal on the grounds that you had to wait for a violation to occur before appealing. When you resubmitted your appeal it was rejected again, stating that you needed to attach documents, when the reviewer of the appeal would have to be the one to obtain the documents. After the third submission of your appeal, it was rejected because you had waited too late to file it. In another instance you claim CC-II Vela screened out your appeal in order not to reveal the corruption of her friends and co-workers. In still another instance you contend CC-II Vela rejected your appeal concerning the actions of the investigative employee assigned to you in a disciplinary matter because you had not attached certain documents. You claim in doing so CC-II Vela knew the difficulty you would have obtaining the documents because you were in administrative segregation. You contend when you diligently attached the documents and resubmitted your appeal, the disciplinary hearing had already been held, thereby allowing the investigative employee issue to remain concealed.

Your appeal was evaluated by a CMC Chief Deputy Warden on August 15, 2007, and determined not to meet the criteria to be investigated as a staff complaint. It was assigned for review as a regular appeal, categorized as a legal issue.

A. Ex. 252

SECOND LEVEL REVIEW
CMC Log#E-07-1967
Page Two

L. Galle, Associate Governmental Program Analyst, interviewed you on October 1, 2007, regarding your appeal. You stated your appeals are being inappropriately screened out.

The rules of the Department governing the issue of your appeal are contained in the California Code of Regulations (CCR), Title 15, as follows:

### 3084.1. Right to Appeal.

*(a) Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare. The decisions of the Departmental Review Board which serve as the director's level decision, are not appealable and conclude the inmate's or parolee's departmental administrative remedy pursuant to section 3376.1.*

### 3084.3. Screening Appeals.

*(a) Appeals coordinator. Each institution head and parole region administrator shall designate an appeals coordinator, at a staff position level no less than correctional counselor II or parole agent II, who shall prior to acceptance for review screen and categorize each appeal originating in their area for compliance with these regulations, and shall coordinate the processing of appeals.*

*(b) Unclear appeal issue.*

*(1) When a group appeal is received, one or more of the participating inmates shall be interviewed to clarify the issue under appeal.*

*(2) When multiple appeals of the same issue are received, the original appellant and, as needed for clarification of issues, one or more of the other appellants shall be interviewed.*

*(3) When an appeal indicates the appellant has difficulty describing the problem in writing or has a primary language other than English, the appeals coordinator shall arrange an interview with the appellant to provide assistance in clarifying or completing the appeal.*

*(c) Rejection criteria. An appeal may be rejected for any of the following reasons:*

*(1) The action or decision being appealed is not within the jurisdiction of the department.*

*(2) The appeal duplicates the appellant's previous appeal upon which a decision has been rendered or is pending.*

*(3) The appeal concerns an anticipated action or decision.*

*(4) The appellant has not included evidence of attempt to resolve the grievance at the informal level, unless the informal level is waived by these regulations.*

*(5) The appeal is incomplete or necessary supporting documents are not attached.*

A. Ex. 253

SECOND LEVEL REVIEW
CMC Log#E-07-1967
Page Three

> *(6) Time limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints.*
>
> *(7) The appeal is filed on behalf of another inmate or parolee, except as provided in section 3084.2(f).*
>
> *(8) The appeal constitutes an abuse of the appeal process pursuant to section 3084.4.*
>
> *(d) Written rejection. When rejecting an appeal, the appeals coordinator shall complete an Appeals Screening Form, CDC Form 695 (rev. 5-83), explaining why the appeal is unacceptable. If rejection is based on improper documentation, the form shall provide clear instructions regarding further action the inmate must take to qualify the appeal for processing.*

Review at the Second Level finds that you have not provided any of the appeals you claim were improperly screened-out by Appeals Coordinator Vela.  Therefore, an examination of information obtained from the Inmate Appeals Tracking System (IATS) regarding your appeal submissions was performed.

According to this information, you have submitted 15 Inmate Appeals to the CMC Appeals Office since January 2007.  Of these, six were accepted for review and the remaining nine were rejected for processing in accordance with CCR § 3084.3 and returned to you with a written notice why they were not acceptable.  If additional information or clarification was needed in order to render a rejected appeal acceptable, you were given specific instructions to do this and then return your appeal for further screening.  The Appeals Office does not retain copies of appeals that are rejected and returned to the appellant, with the exception of appeals alleging staff misconduct.  Copies of the CDC Form 695, Appeals Screening Forms, accompanying many your appeals that were rejected by the Appeals Coordinator are being provided as examples of the reasons for those rejections.  As can be seen from these exemplars, the CC-II Vela is adhering to Departmental inmate appeal procedures in screening your appeals.  You have not been required to provide information that is either unnecessary or that is not within your ability to provide.

In summary, your contention that several your Inmate Appeals have been inappropriately rejected by CC-II Vela is not supported by any evidence or persuasive argument presented by you.  You may disagree with a screening decision made by the Appeals Coordinator; however, you must abide by the decision unless you can satisfactorily demonstrate it was done in error.

A. Ex, 254

**SECOND LEVEL REVIEW**
CMC Log#E-07-1967
Page Four

Your appeal is denied.  Should you be dissatisfied with this appeal decision, you may, by following the instructions listed on your Inmate Appeal Form (CDC 602), request a Director's Level Review.

APPEAL DENIED

JOHN MARSHALL
Warden
California Men's Colony

cc: C-File, Appeals

ew

**A. Ex. 255**

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

# COPY

RE: Screening at the INFORMAL Level

*Disciplinary Appeal*

*January 29, 2007*
~~October 17, 2007~~

*1st Screen-out*
*1-29-07*

*SLEDGE, P43766*
*CTF*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*A limit of one continuation page, front and back, may be attached to the appeal to describe the problem and action requested in sections A and B of the CDC Form 602.    CCR 3084.2(a)(1).    Remove unnecessary documents and resubmit.*

*Limit the pages to one (front and back) to explain Sections A and B of appeal.    If appealing the 115 you will need to attach the entire final copy of the 115. If appealing retention in Ad-Seg then attach the ICC 128-G retaining you in Ad-Seg.    Cannot request CDC justify to court of delay in your appeal conviction unless you have missed a deadline that you feel was the fault of CDC.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:**    Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).  This screening decision may not be appealed.  If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents.  You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

**A. Ex. 256**



State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

**COPY**

RE: Screening at the INFORMAL Level

~~FEBRUARY 6, 2007~~
~~October 17, 2007~~

*Disaplenary Appeal*
*2nd Screen-out*
*2/6/07*

*SLEDGE, P43766*
*CTF*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*If appealing the CDC 115, then you will need to attach the entire final copy of the 115. Request to be released to GP or transferred will need to be made on a separate appeal and also attaching latest copy of ICC 128-G.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:**  Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).  This screening decision may not be appealed.  If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents.  You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

A. Ex. 25?

State of California
**CDC FORM 695**
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request



**COPY**

RE: Screening at the INFORMAL Level

*DISCIPLINARY APPEAL*
*3rd SCREEN-OUT*
*2/26/07*

~~February 26, 2007~~
~~October 17, 2007~~

*SLEDGE, P43766*
*CTF*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).*

*It has come to the attention of the Appeals Office that this is a duplicate to appeal log # CMC-E-07-0398.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

**A. Ex. 258**

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request



RE: Screening at the INFORMAL Level

~~FEBRUARY~~ 28, 2007
~~October 17, 2007~~

*Disciplinary Appeal*
*4th Screen-out*
*2/28/07*

*SLEDGE, P43766*
*CTF*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).*

*All issues regarding the same CDC 115 need to be addressed in one appeal. You cannot pick and choose, at your discretion, what you want to appeal and submit multiple appeals when it concerns the same CDC 115.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

A. EX. ~~258~~ 259



State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level    *IST ScreenOUT*

*Feb 13, 2007*
~~October 17, 2007~~

*property*

**SLEDGE, P43766**
*CTF*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your property appeal is incomplete. You must attach legible copies of all documents relative to ownership and loss/destruction of the property. For example: the Property Inventory Sheet, the CDC 143, Property Transfer Receipt, the cell search slip, and receipt(s).*

*Attach copy of Inmate Property Inventory Form you received from being re-housed in ASU. Return to the Appeals Office.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| :---: |

**A. Ex. 260**



State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*2nd Screen-out*

*Property*

MArch 8, 2007
~~October 17, 2007~~

*SLEDGE, P43766*
*CTF*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*You claim you were rehoused in Ad-Seg on 12/13/06 and that yoiur Etron Cassette AM/FM Player and $75.00 ducats were not on the Property Inventroy Form. The Appeals Office did not receive an appeal regarding this issue until 2/13/07.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

NOTE:  Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

A. Ex. 261

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

COPY

RE: Screening at the INFORMAL Level

3rd Screen out

MARCH 20, 2007
~~October 17, 2007~~

PROPERTY

*SLEDGE, P43766*
*CTF*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*The bottom line is that on 12/13/06, after reviewing your Property Inventory Form, you noticed that your radio and $75.00 in ducats were not noted in the Inventory Form. You did not submit an appeal regarding this issue until 2/6/07--beyond time constraints.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

A. Ex. 262

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request



**COPY**

RE: Screening at the FIRST Level

*4th Screenout*

*Property*

A͞p͞R͞i͞L 20, 2007
~~October 17, 2007~~

*SLEDGE, P43766*
*CTF*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*You signed your Property Inventory Form on 12/21/06 but the Appeals Office did not receive your appeal (dated 2/6/07) until 2/13/07. Since you exceeded time constraints to submit an appeal concerning this issue, this appeal cannot be accepted.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

**A. Ex. 263**



State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

**COPY**

RE: Screening at the INFORMAL Level                    P2OQRAM

*MARCH 1, 2007*
~~*October 17, 2007*~~

*SLEDGE, P43766*
*CTF*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Separate isse by submitting separate appeals regarding:*

*--access to property*
*--access to library*
*--legal material provided library*
*--access to religious programs*
*--access outside yard*
*--amount of food served*
*--denial of G.P. housing*

*Remember that you may only submit one non-emergency appeal per week.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

A. Ex. 264

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

# COPY

RE: Screening at the FIRST Level

*Disciplinary Appeal*
*Screened out*
*6/29/07*

JUNE 29, 2007
~~October 17, 2007~~

*SLEDGE, P43766*
*CTF*

Log Number: CMC-E-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).*

*Duplicate issue to appeal log number CMC-E-07-0398 and beyond time constraints.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

A. Ex. 265

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

*INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 20, 2007


SLEDGE, DERRICK, P43766
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960



RE: IAB# 0714159    CMC-07-01967    LEGAL

Mr. SLEDGE:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal is incomplete, please include the following supporting documentation:

- CDC Form 602, Inmate/Parolee Appeal Form (that correspond to S/O forms)


N. GRANNIS, Chief
Inmate Appeals Branch




****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

A. Ex. 266

From: I/m D. Sledge P-43766
CW-1342
Jan. 03, 2008

To: CTF/CMC-E  Appeal Offices

RECEIVED
JAN - 7 2008
CTF APPEALS

Re: Instruction by the Director Level concerning
602- IAB # 0714159  CMC-07-01967  Legal

Please could you assist me? When the Second Level-
Reviewer Replied to the attached 602 (which I initially
Submitted to be process as a Citizen Complaint) this official
Replied only partially by just providing copies of screen-out
Forms alleging to been done by who the 602/Citizen Complaint was
Against and not also providing the inmate Responses to these
screen-out forms. Why not the I/m Responses?
    Also this Reviews only identified these screen-out form
Relationship to the 602 issues by writing that issue on the screening
forms. However the Direct Level wants the 602 Related to these
screening-out, being they came from CDCR. I ATS even though
the dates been Alter (Please Review).
    And to allow this inmate Equal/Fair due process could the inmat
responses to these screen-out also be provided? Allowing Rebuttal coming
from the same source "the IATS" discovery.
    I've also noticed and complainted prioely how my Responses
to the screen-out be Removed such as with this 602 my Arguments
why I believed this should been process as a citizen Complaints are
Removed and can be Supported by how many times the Appeal Office:
Stamp filed this 602?

# A. Ex. 267

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date    :    January 12, 2008

To      :    Inmate Sledge P43766
             C-1341

Subject :    **THIRD LEVEL APPEAL LOG #07-01967**

This memorandum is to inform you that your appeal is being forwarded to the Inmate Appeals Branch in Sacramento for a Third Level Decision.

Appeals Office

A. Ex. 268

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:  **MAR 2 5 2008**

In re:   Derrick Sledge, P43766
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0714159          Local Log No.: CMC-07-01967

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he was harassed and mistreated by the appeals coordinator at the California Men's Colony (CMC). The appellant states that Correctional Counselor II (CC-II) Vela acted with deliberate indifference and prejudice by abusing her authority in denying him, on several occasions, the ability to have his appeals addressed and reviewed. The appellant states the counselor consistently rejected and screened-out his appeals without cause. The appellant requests on appeal that this issue be processed as a staff complaint matter. And that an outside agency be assigned to conduct an investigation into the actions of CC-II Vela.

**II   SECOND LEVEL'S DECISION:** The reviewer found that an appeal inquiry was conducted into the appellant's complaint pursuant to departmental policy. This included an examination of the Inmate Appeal Tracking System at the CMC regarding the appellant's appeal submission. The inquiry revealed that the appellant's contention that several of his appeals have been inappropriately rejected by CC-II Vela is not supported by any evidence or persuasive argument. The reviewer notes that the appellant may continue to disagree with a screening decision; however, he must abide by the decision unless he can satisfactorily demonstrate it was done in error. The appellant has failed to do this, and therefore, the appeal has been denied at the Second Level of Review.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff. An appeal inquiry was conducted by appropriate staff. The appeal was reviewed by the institutional hiring authority in accordance with Administrative Bulletin (AB) 05/03. A determination was made that the appeal did not meet the requirement for assignment as a staff complaint. The appeals examiner concurs with the institution in that the appellant's dissatisfaction with a decision made by the appeals coordinator does not rise to the level of staff misconduct. Furthermore, there is no evidence to support the appellant's claims that his appeals were incorrectly screened.

   The appellant has failed to provide any new or compelling information that would warrant a modification of the decision reached by the institution. Therefore, no relief will be afforded the appellant at the Director's Level of Review.

   **B.   BASIS FOR THE DECISION:**
   California Code of Regulations, Title 15, Section: 3004, 3084.1, 3084.3, 3391
   AB 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

   **C.   ORDER:** No changes or modifications are required by the institution.

A. EX. 269

DERRICK SLEDGE, P43766
CASE NO. 0714159
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.



N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CTF
       Appeals Coordinator, CTF
       Appeals Coordinator, CMC

A. Ex. 270

# Exhibit Cover Page

Amended- (A), Exhibits (Ex.) Pages (Pgs.)

A. Ex. Pgs. 271 To 291

Additional Support Too
Plaintiff Due Diligences
efforts To Obtain Out-Side
Assistance In hopes to prevail
his Actual innocence.

We return your original letter 2/4/07
and any docs we received.
*No copies kept.*

RECEIVED
FEB 0 7 2007

Dear Prison Law Offic

This is on A Different Matter

CMC-E Administrative Segregation Unit Policy don't Allowed the inmate to get Any of their personal property of time I've been in here since 12/13/06 Still waiting.

They have one Officer Assign to 300 A/m And his limitation is half a hand full. He Alone Read through each Item/Law Material And what he feel best He being (has hand full) And if you get him mad He can take whatever And say it was the initial inventory officers and you be long transfer ect...

It Also hard and very difficulty to go to the Law Library And the material that they being to the cell of little help.

I've on 1/25/2007 Been Denied my objection to the Federal Court Central District Report and Recommendation And is in great hopes if you got Material and format that I could use to file in the Federal Court Central District — A: Certificate of Appealability COA; B, Appeal; C Extention for time (I understand the max. is 60 days. And if not to much a format for Rule 7. Expansion of Record (Sect. 2254 criminal conviction) OR/And Using Facts Outside the Record Evid. C Sect 452 OR/And Material was not introduced at trial Cal Rules of Ct. 33.5 (c) ? or Cal. Rules of Ct 476

Thank You So Much For Everything !!.

Sincerely
Derrick L Sledge.

A. Ex. 27.1

B4860 U
RECEIVED
FEB 7 2007
BY OIA-CENTRAL

Dear Internal Affairs - Central Region

I've Rewritten my initial complaint, Resently sent to your office IN case my current mental illness caused me to confuse ____ Also I'm sending a follow-up letter.

Please understand I've written other Agencies: Prison Law office; ACLU and Internal Affairs (Sac.); Inspector General And Prison Focus. I've also filed three CDC 602-1, Being Retain in ASU (After 7yes disciplinary - free/its Hardship) ect... 2, Inadequate Investigative Employee (IE) (action onseal the true facts) ect... 3, Being Denied every CDC 115-Hearing Right. ect. But still my Mental illness grows more serious upon each day.

Its frightening experienced how one Correctional Officers to so easily Allowed to completely destroy my Life/Program knowing he's secure under CDCR Code of Silent Policy; with confidence Realizing nobody pays Attention to inmate I/m complaints, long as he Alive. which Mental abuse convincing me to give-up seeking Justice. But I feard when I do am going to completely give-up on Life... Here my Story:

I, Derrick L. Sledge P-43166 declare under penalty of perjury that he allegation of facts, witnesses, names And evidence refer, to staff incident Report-IR ect... Set forth within this declaration is true and correct. Heretor Request your assistance to help me obtain Justice/relief... ect from the emotional And psychological distress I'm held under.

I've been falsely Accuse by c/o David Balkind (Badge no. 69590) as being An Actual fighter in C-Quad Riot 12/13/06; Incident log number C MC-E-06-12-0516, To Report he personal saw me I/m Sledge fighting I/m David Lutz- V-43875 (still no official has yet to confidentially question Lutz concerning us fighting) Regardless This allegation totally not true.

c/o Balkind Alleged this while he stood in front of Bldg. 5 And us being Across the yard in front of Bldg. 6. Even though 6 counselors one A 83 I/m's Schematic Report (Placed in this closely Area) additionally Another c/o (Stephenson) Stating this long/high laundery cart his vision. Plus A trash ben with walls. And with Tower c/o (Earehart) Repoeting Scatter of I/m's going that direction - All being Jirectly in front of c/o Balkind causing his visibilities to be completely blocked.

This was no honest mistake by c/o Balkind-By Repoeting he saw me Run toward tennis Court - purposely using that Area thinking I'll be officially Schematic founded knowing I spend All my daily activity At) Contrarily I was officially Schematic being on the asketball Court that Holds two 10ft fences - one to sepe_____

98

from tennis Court Area; the other Separated from the Right Area with much distant.

C/o Balkind also falsely Reported he saw us using both ⊥ Right/Left fists. Initially had staff been honest then to say Am being accused of fighting I could of forced the Warden/many Captains it... to witness me possessing a new 8oz Folger's Coffee and a plastic bag of Liquied bleach and worn sweat with no pockets (Stg. choose did or had staff put the coffee with my cell property)

The true fact were not only didn't I fought anyone, but I even prevented my friend Byron Johnson P-51041 from fighting; After his peacemaker Attemp failed caused him personally get hit from one of he angry group of white ⁿ/m. However they still allowed me to step between them to escort Johnson toward the Basketball court; seconds later fights began.

Many inmates present saw what I'd done, but now Afraid to come forth after witnessing staff dishonesty - to me (accused placed in ASU (hardship); found guilty (no fair due process) losing all positive established program ect...) Not wanting this treatment to them. However behind close doors (staff)/confidentiality (ⁿ/m) my innocence would be discovered.

Being their were primary officers°: C/o Barclay and C/o Stephenson (by working Bldg. 6) Operated Appropriate procedure to observe respond, stop with pepper spray and importantly secured. That has contradicted C/o Balkind entire Report. C/o Balkind was only A responder having the greater (traveling) and most complicating (seeing role (through 83ⁿ/m) which caused him being last arrived but still allowed to Allege the most in his Report (Please Review C/o Barclay C/o Stephenson too C/o Balkind about ⁿ/m Sledge/Lutz now Review Yard C/o Baxstreser).

I were given one Investigative Employee IE- C/o Ellis overly worked conducting all 43 ⁿ/m investigation; interviewing over 100 people in two-day holding these interviews in the present of cellmate and Hallways of ASU caused each ⁿ/m be feared of their safety - so all remained silent (no commit).

In my case the CDC 115- Hearing Lt. S.R. Stinson Allowed my Hearing to consist him initially stating, "I'm guilty because A C/o saw me," Denied every Hearing Right. And finish by saying, "If don't like Appeal". Then Fabricated entire Hearing. Incident Reports convincely show C-Q official never believed ⁿm Folett, saying he ad a seizure, still these official watched/waited Allowing this white-group-up Never Recalling the Yard/Down) So when they couldn't find the one Blk, they hit any Blk. Still CMC-E Official being Racial- discriminating in not saying the Blk ⁿ/m's were only victim. We are prosecuted/penalized as suspects only Please investigate.

PAGE-2    **A. Ex. 273**

CALIFORNIA MENS COLONY STATE PRISON
P.O. BOX 8101
SAN LUIS OBISPO, CA 93409-8101

Name: Derrick h. Shedge

CDC#: P43766    CELL: 4186

## STATE PRISON
## GENERATED MAIL



RECEIVED
FEB 7 2007
I.A. CENTRAL

Confidential
Mail

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

UNITED STATES POSTAGE
$ 00.39⁰
PITNEY BOWES
02 1A
0004632149    FEB 05 2007
MAILED FROM ZIP CODE 93401

Internal Affairs
Central Region
5016 California Ave. Suite 210
Bakersfield, Ca 93309
(Attn: 1 of 2 letters)

A. Ex. 272-273

[48109]    RECEIVED 2/5/07
FEB 9 2007
By OIA-CENTRAL

Dear Internal Affairs Central Affairs    (Letter 2 of 2)

In my case placement in CMC-E Administrative Segregation Unit (ASU) since 12/13/06 living condition are Cruel and Unusual Punishment (Deprivation) Worst than SHU/Deathrow Program.

1) I've been deprived all once possess personal property: A, Addresses info. Contact family. B, Legal Material (8yrs, litigating 3- Strikes Conviction of 3 prior cases and 1 current = 18 issues, plus why I am not recidivist with 8 yrs society justification/documents ect... C, I RS (tax debts/penalties interest still growing) D, U.S Dept. of Ed (Student Loan penalties still growing) E. Sealing My Juvenile Records F, 1/25/07 Denied in Central District C report/Recommendation-objection no material for filing COP/Appeal ect... Daily gathering knowledge, for I lack much legal intelligence. F, No Law Library (once in 6 wks) G. Bible Studies doing past 7yrs. Correspondence two different courses) H. Quest for higher Ed. (GPL 7.2 to 8.6 ect...) Self studying.

2) CMC-E/ASU Policy - It has one personal property officer for 300 I/m; His limitation half a hand full. I've put in 3x Requests. Keep stating mines get lost. Attn: He alone read through each Item to give you what he feel best. Can take whatever he wants - reprisals for making him work/complainting. Then say it was the initial inventory staff. You won't know until long after transfer.

3) ASU was the production of me being denied complete pre-Hearing tearing Rights (though existing evidence by staff favorable under two theory) Took only a second to say I'm guilty/Still unsatisfied desires I be transfer under fabricating reasons worst then the initial order.

4) ASU prolong my case. Now 2/22/07, my SHU complete before ICC has order it yet. Having no Mitigation factors though I entitle them all (7yrs no disciplinary). Now if I'm order to transfer, must stay in ASU - taking another 2-4 months to go. But the ASU don't count all 10 days group-C.

5) My Annual just past told I couldn't go no where (25 yrs to life/Close-B-Level-3) Though I requested then Donoven San Diego/Ia.

6) Safety Concern - been denied reconsideration 3x - Removal of R-Suffix that's been illegal Applied (No Juvenile Court, Judge nor District Attorney Commitment/documentation) 27 yrs. old matter - To have my points stay at 19 - though my commitment before this new points rules which I should of had -4 points. But now with 19 plus 10 (current cident) level-3 but I've been Level-2 for 4 yrs. with no CDC115

7) Has Worked my-way down from Level-4 Close-A (CSP/SATF) 180 Program. Took me 2 yrs to get a Job - been working 7 yrs with no ETO/Now CIC

8) Since 12/13/06 in ASU under mental Medication/over weight but has not been allowed out-door exercise/Activity having me even more depress/stress

9) SHU/Deathrow you are still allowed T.V/Radio not here

All because one officer thought it would be a smart move to lie on me (over 80 witnesses) and a out-side that don't care as long I'm alive!! All in hopes it get him a Stg Requested Post Position (due to his job change was coming-up)

All under the Authority of Dept. of Correction & Rehabilitation ...

How many more? before its stop?

Sincerely
Derreck L. Sledge

**A. Ex.  275**

CALIFORNIA MEN'S COLONY STATE PRISON
P.O. BOX 8101
SAN LUIS OBISPO, CA 93409-8101

Name: Derrick L. Stodge
CDC#: P40366    Cell: 418G

STATE PRISON
GENERATED MAIL

RECEIVED
FEB 9 2007
BY OIA-CENTRAL

93303+1649-60  coao

Confidential
Mail

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409



UNITED STATES POSTAGE
PITNEY BOWES
$ 00.39⁰
02 1A
0004632149    FEB 07 2007
MAILED FROM ZIP CODE 93401



Internal Affairs
Central Region
5016 Calif. Ave. Suite 210
Bakersfield, Ca 93309
(Attn: Letters 2of2)

A. Ex. 274-275

RECEIVED
FEB 15 2007
By OIA-CENTRAL

ENTERED
4883

Dear Internal Affairs

I am a CCCMS inmate, Rehoused in CMC-E ASU/SHU since 2/13/06. Which Correspondence concerns "Suicide Prevention" for CMC-E Appeal Office 602 Screening with deliberate-indifference !!

1) 12/24/06, I submitted a CDC-602- for being retain in ISU After the initial 24 hours And it being supportive to hardship condition (As denied personal property to contact family/legal material ct...) This Appeal Office rejected it, stating I need to first attach the ICC 128g And that I couldn't Appeal the personal property until After fies being denied. (Again, the property issue supportive to the Hardship).

I tried explaining such screening was deliberate indifference being a CMC-E Staff, Knowing its going to take 30 days for me obtaining that ICC-128g, Which I presently suffer these Hardship Condition. Still the 602 wasn't process.

Upon the 30 days this Appeal was finally process. However I had Already been found-guilty, given a SHU by ICC (which this Appeal had more then one mitigation factor, never consider by this ICC-SHU). Which SHU-team will be completed 2/22/07 before I'm recieved A 2nd level Response due 3/13/07 (CMC-E-00820). And yet-2/13/07 havent gotten my personal property-legal material for preparation now only with 16 days left on a 30 day time limitation for Filing a Certificate of Appealibility.

2) I Also submitted another 602-on my Assign Investigative-employee (IE) on 1/12/07 (hoping it be Review-before my Final-CDC115 hearing). But this Appeal Office Rejected it Also. First stating "Attach me copy IE-Report", And couldn't Appeal the 115 until After the hearing." This Appeal Office stipulated the 115 hearing because in Sect. B I requested that All charges be dismissed. (but I only Requests for the pre-hearing Procedure irregularities violation). So I Attached the IE Report And Also, now I Attached the 4 pages Rewritten copy declaration (As Exhibit in hopes to show the different from my Requests from IE Report) But on 1/29/07 the Appeal Office Rejected it Again, stating now, "only a limit of one page". (For the 4 page declaration that Stated Exhibit) Though the initial IE-602 possessed only one page. Still upon the Removal of them page Exhibit; On 2/16/07 the Appeal Office Reject it Again Stating now disciplinary Appeal is incomplete-Attach CDC-115, Mental health Assessmen 5-A, IE Report, 7219, CDC 837 And CDC 1030 (All because I request dismissal of the 115). But gave it to my Counselor to explain to me.

A. Ex. 276

( But the entire 602 concerned my IE duties)

But not knowing yet my counselor possess the IE-602 I on 1/29/07 submitted now my third 602, " for being found guilty illegally. And attached the final CDC-115 disposition copy to it. But again this Appeal Office rejected this 602 also stating "I need to attach the CDC-115 mental Health ect... 115 A IE-Report so everything is I've stated before. But also given it to my counselor to explain to me.

Upon trying to explain to my counselor that both these 602 was on two different issues 1/12/07 was against the IE ( which I'd attached the IE Report to it. And 1/29/07 was against the CDC-115 final Hearing disposition ( which I'd attached the final disposition copy to it).

In my case I've been accuse of participation in a Riot with over 43 I/m's with documentation total over 300 pages. Which most of them pages don't concern me or any of my 602 Appeal / case. Plus Staff know inmates only allow one copy out there A copy in my C-file And one in the incident file for staff Review.

Why prevent a inmate Completely from obtaining any kind of impartial consideration being that this entire system is severely partial when it come to a inmate guilt factors, already housed in ASU.

:S
aving the Appeal Office
force me to send all my
fficial Documents / legal material
n a unseal envelope is
ustomary to next claim the
nvelope became lost

Sincerely
Werrich & Sledge

A. Ex. 277

UNITED STATES POSTAGE

PITNEY BOWES

$ 00.39⁰

02 1A
0004463214 9    FEB 13 2007
MAILED FROM ZIP CODE 93401

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

Internal Affairs
Central Region
5016 Calif. Ave. Suite 810
Bakersfield, Ca 93309

CALIFORNIA MEN'S COLONY STATE PRISON
P.O. BOX 8101
SAN LUIS OBISPO, CA 93409-8101

Name: Derrick L Sledge

CDC#: P43766    Cell: 4186

STATE PRISON

GENERATED MAIL

RECEIVED
FEB 15 2007
By CA CENTER

Confidential
Mail

A Ex. 276-277

We return your original letter
and any docs we received.
*No copies kept.*

RECEIVED
FEB 1 5 2007

Dear Prison Law Office

I am a CCCMS inmate, Rehoused in CMC-E ASU/SHU since 12/13/06. Which correspondence concern "Suicide Prevention" for CMC-E Appeal Office 602 screening with deliberate-indifference

1) 12/24/06 I submitted a CDC-602-for being Retain in ASU after the initial 24 hours And it being supportive to hardship Condition (As denied personal property to contact Family/legal Material ect.) This Appeal Office Rejected it stating I need to First Attach the ICC 128g. And that I couldn't Appeal the personal property until after first being denied.(Again the property issue supportive to the Hardship).

I tried explaining such Screening was deliberate indifference being a CMC-E staff knowing its going to take 30 days for me obtaining that ICC-128g, which I presently suffer these Hardship Condition. Still the 602 wasn't process.

Upon the 30 days this Appeal was finally process. However I had already been found-quilty given a SHU by ICC (which this Appeal had more then one mitigation factor, never consider) Because the Received a 2nd level Response due on 3/13/07 (CMC-E-070220). And of yet 2/13/07 haven't gotten my personal property-legal Material for preparation now only with 16 days left on a 30 day time limitation for filing a certificate of Appealibility.

2) I Also submitted Another 602-on my Assign Investigative employee (IE) on 1/12/07 (hoping it be Review before my Final CDC-15 Hearing). But this Appeal Office Rejected it Also. First stating Attach the copy IE-Report, And couldn't Appeal the 115 until after the Hearing. This Appeal Office Stipulated the 115 Hearing because in Sect. B I Requested that all charges be dismissed.(but I only Request for this pre-hearing procedure (Regularities Violation). So i Attached the IE Report And Also I Attached my 4 pages Rewritten copy declaration (As a Exhibit in hopes to show the different from my Requests from the IE Report) But on 1/29/07 the Appeal Office Rejected it Again stating now only a limit of one page. (for the 4 pages declaration that stated Exhibit) Though the initial IE-602 possessed only one page. Still upon the Removal of them 4 page Exhibit; On 2/6/07 the Appeal Office Reject it Again stating now, disciplinary Appeal is incompleted Attach CDC-115, Mental Health Assessment, 115-A, IE Report, 7219, CDC 837 And CDC 1030

**A. Ex. 278**

- All because I request dismissal of the (115). But gave it to my counselor to explain to me (though the entire 602 concerned my IE duties)

'But not knowing yet my counselor possess the IE-602 I in 1/29/07 submitted my Third-602 "For being found guilty illegally. And attached the final CDC-115 disposition copy to it. But again this Appeal Office rejected this 602 also stating I need to attach the CDC-115 Mental Health ect... 115 A, IE Report everything as I've stated before. But also given it to my counselor to explain to me.

Upon trying to explain to my counselor that both these 602 was on two different issues° 1/12/07 was against the IE (which I'd attached the IE Report to it) And 1/29/07 was against the CDC-115 final Hearing disposition (which I'd attached the Final disposition Copy to it).

In my case I've been accuse of participation in a Riot with over 43±/m's with documentation total over 300 pages. Which most of them pages don't concern me or any of my 602 Appeal / Case. Plus staff know inmates only allow one copy but there a copy in my C-file and one in the incident file for staff Review.

Why prevent a inmate completely from obtaining any kind of impartial consideration being that this entire system is severely partial when it comes to a inmate guilt factors, plus already housed in ASU.!!

'S
having the Appeal Office
force me to send all my
official Documents / Legal
material - Customary to next
claim the envelope became lost

Sincerely
Derrick H Sledge

A. Ex. 279

We return your original letter
and any docs we received.
*No copies kept.*

RECEIVED
MAR 01 2007
By_____

Dear Pric

Attn: Suicide Prevention

Please listen CMC-E Appeal Office is being Acting
with deliberate indifference - For not processing
my 602 to cause long delays :

1) I had file a 602 first on my Assigned I.E
concerning my pre-hearing Procedural Irregularities
which I was first order to Attach only the I.E Report
to the 602 I had filed this 602 before I had
my CDC-115 Hearing/disposition but because the
Appeal Office kept Rejecting it for two month, I
had my 115 Hearing/disposition which then I filed
a 602 directly concerning that issue.

Now because my Counselor was slow to make
more Copies than what I was given - that allow the
602 concerning the 115 Hearing/disposition become
process filed before the IE-602 Now the Appeal office
after all this time Rejecting the IE-602 Stating its
the same as the 115-602 which I specified Not to
Address both same issue on both 602 ect..

Every 602 I submitted this Appeal Office
Reject ect.. to cause such a long delay that I have
Now Alread been found guilty and has completed the
4 month SHU and still the first 602 wont to even
Answer upon it first Response for Another month.

I follow every instruction in your prison
Law Book And still CMC-E office has manipulated

over        A. Ex 280

Around it,

And please don't say write to Internal Affair Inspector General, Obudsman ect... Because I've don't with even shorter complaints - I believe CMC-E is not sending out my legal mail only to your office.

I have even gotten a print-out from the legal mailroom which don't even have none of my letter to you log in

Not one of the 12 legal mail to them other Agencies Responded back

I've completed a 4 month SHU and still haven't been allow any of my personal property to either contact my family nor to contan continue my legal court due process, And 4 month ago when tried to 602 this issue the Appeal office Rejected it stating I have to wait until the ASU/SHU property office deny me. And the property office keep telling me my Request get lost because they don't want to having to bring me many Items I've Requested

Please Please Help us we are is not lying And It's getting worst

P.S I'm not going to                    Sincerely
even put legal mail on                 Derrick L. Sledge
the envelopes door Seal
them any more. I belaeve     A. Ex. 281
they throwing my legal mail away of Prisons Advocates

We return your original letter
and any docs we received.
*No copies kept.*

3/5/07

Dear ~~Ap~~ Prison Law Office

You may make Copies And do Anything you feel
is Appropriate And will Assistance me

I have enclosed A ~~bo~~ Rewritten Copy 602 I
had initially submitted to have file And Process; But
the Appeal Office Screen it out Rejected it. I
could not make A correct copy so I had to
Rewrite what the form Stated (a word for word)
But I did Rewritten Another 602 And Amend it to
be even more concerning the issue of my personal property
I had to send it in fast because I've Already Pass
my Court Deadline, but still haven't gotten none of
my property since 12/13/06. But now I'm learning
the more 602 I file the more problems I'm having
now my property is missing; R+R did not have Record of
property I came here with And bought being here white
At Access And so much more problems

But upon me Sending letter to both Internal
Affairs Office (SAC/~~central~~ central Region) now Official Here
is going to work something out with me concerning
them 602.

But I'm getting tired And behind in my
Conviction Appeal. Plus you know As I know they isn't
going to directly Rule that he lied. Plus this Facility is
So dishonest And will make life even more difficult for
me. I could of ~~when~~ went back to General Population or
even D-Quad. They mad because I didn't stay silent

A. Ex. 282          Derrick L. Wedge



*(left margin, vertical text):* some of this the really make off of this + keep at a keep on my 3-strike sentence. Also I really don't know if I should Resolve. My 602 problems they going to keep. Plus I don't know of getting. I'm close of getting a response on my 602 problem. I'm afraid that if they don't know or what. I'm close of getting.

February 28, 2007

MAR 0 6 2007

Re: In response to your Protocol
too pass my letter back to CMC-E
Officials - That's consealing the Facts

Dear Office of Internal Affairs,

Please forgive me and my Attitude, because I do Appriciate, your Attempt, that may secertly force Officials here to now investigate them violations I've bought to your Attention - though they may never correct my case.

But I wrote directly to your Office, because just an inmate merely filing a CDC-602 doesn't work here Regardless, which I though your Office was Aware-of. I had Already filed CDC-602s and knew the difficulties just causing me to get it filed/process. I filed the first one back on 12/24/06, but it will not even be Reviewed upon its initial level until 03/13/07 (CMC-E-07-00220). Which I'v Already been found guilty/sentence and completed its 4-months SHU-Teem on 2/21/07 and still in the SHU!!

And still upon this day CMC-E official has yet to justly ask David Lutz V-43875 did I truely fought him or to question Byron Johnson P-51041 of a commendable conduct to kaen not only didn't I fought but I Also prevented him from fighting After he got Assaulted; o Any of the 40 ect... inmate concerning my innocence condu because it would contradictory show one of their Correctional officer dishonesty/corrupt behavior (even when this matter could be manipulated into a honest mistake)

**A. Ex. 283**

But now because I did file a few 602 and written to many legal Agencies - I've been Retaliated/Reprisals Against 8 By still not getting any of my once possessed personal property - to still deprive me of contacting my family or to continue my legal pursuit used to Argue Sufficiently and timely to them next Level; My Bible education Studies ect.., Still no out-side exercise program, I was only given one mitigating Factor the same as many other - though I've been 7yrs perfectly disciplinary-free Still I'm like me all other having to completed the SHU - Teem and still being confine in his SHU under them same Living Condition. And with Counselor assistence my 602 of this matter become screen with it deliberately difference by the 602 Appeal Office - prolonging and making it difficultie severely with plans that everyone be transferred to prevent my actual innocence discovery.

This why I written directly to your Office - stipulating true name witness and evidence of Facts (staff incident Report) ect.., to at least conduct over the phone interview before CMC-E Scatter every one

OR to at least discover that this one black inmate that's being accused of starting this Riot is classified by CDCR/CMC-E (128 g Chrono) using an Active Crip gangmember to participate only with other Crips; which I and many others that's been entrapped in this case I'm not even allowed to eat at his same table (being a Christian) But as cover-up this facility has label me with him. And with every other staff Incident Report (CMC-E-06-12-0516) stating witnessing "only" one whites inmate grouping-up for Attacking - But with Prejudice discrimination this facility refuse to label us (me) as only a victim

Again Please Could your Agency/Office will investigate for discovery and not as here conceiling

ner 602 of this case

g No. CMC-E-07-00398

A. Ex. 284

Sincerely

Derrick G. Sledge

Legal Mail

**CALIFORNIA MENS COLONY STATE PRISON**
**P.O. BOX 8101**
**SAN LUIS OBISPO, CA 93409-8101**
Name: Derrick L Shedge
CDC#: P-43766    CELL: 4288

# STATE PRISON
# GENERATED MAIL

MAR 0 6 2007



**CALIFORNIA MEN'S COLONY**
**STATE PRISON**
**SAN LUIS OBISPO CA 93409**

UNITED STATES POSTAGE
02 1A
000463 2149    $ 00.39°
MAR 01 2007    PITNEY BOWES
MAILED FROM ZIP CODE 93401

Office of Internal Affaies
P.O. Box 3009
Sacramento, Calif 95812

A. Ex. 283-284

We return your original letter
and any docs we received.
*No copies kept.*

RECEIVED
MAR 1 5 2007
By_____

Dear Prison!_____    1/12/07

Each day that I stay housed in CMC-E ASU/SHU when I've completed the SHU-Teem week ago and it seeming to be legal. Convincing me there never been Prison due Process for Justice and Relief, in which I blame Agencys like yours, Instead of you bring to the public Attentio of CDCR dishonest Lawsuits in this case. Everyone of you has been lying severely and Manipulating the public that it was some Kind Justice for Prisoners in CDCR. There is no Justice; At Any time A Officer can lie on you - have you put in ASU just pending A Hearing; And then cause you to be completely denied pre hearing discovery; be totally excluded from the Final Hearing Process; given the same Amount of SHU-Teem As those that live with disciplinary problems though you has been disciplinary free for over 7yrs continuously Still you be allowed only the same Amount of mitigating Facts for An equal SHU-Teem disposition. And even if it was some how Real that I had to be seperate from A Person or group that was Allege to be on one yard why I could Not be Allowed to go to Another yard As D-yard. Why is it rule to make it legal to keep me house under the same condition As the SHU program when I've complete the time.

And because I write to Agencies As youre I be denied all of my personal property Since 12/13/06 in ways that can not be proven it because its only out of Reprisals Relaliation for filing 602 act... which the Appeal Office purposely cause it difficult that then cause long delays for A investigation if

over    **A. Ex. 285**

8 any, that it Result of not having any meaning.

To this day either the inmate I was falsely Accused to be of fighting or the I/m I prevented from fighting has been interview. None of my 602 are to be answer for month to day I get a notice concerning my first 602 back in Dec 24 because of some kind of complexies which 2nd level was due 3/13/07 (log # CMC-07-0220) Now not until April 19, 2007.

Another 602 because my counselor didn't make copies soon enough the Appeal Office Reject the 602 that concern pre-Hearing irregularitie Investigation by the IE that contain the serious issues but Accept the Final 115 Hearing Disposition which I filed afterward which didn't contain the IE Violation

I wrote to both Office of Internal Affaie All what they did was pass the same letter back to these Officia to find ways to cover-up All their mistake because if they was being of Justice they would had just interview the Above inmates and Release me

Now some Items out my personal property is missing and since R+R change from bed card to computer I never knew until now which I hold no more proof I transfer here with a Brothee 500 6yes Ago with no other documents but my then Transfee Inventory Sheet. Which 602 is being Rejected Agains for Appeal Office hanging the screening Sheet It is so much more. That it has Reach beyond Mental Abuse. I don't know how much I have left in my deterr ination !!

Sincerely

Wennich L. Sledah

5/8

May 01, 2007

Dear Internal Affairs
    Central Region

( Follow-up letter)    5035    O/A·N

Please Know I have also sent many such letter to your
Brothers and Sisters Agencies.

I Know its a ~~most for~~ inmates must first seek CDCR-602
reviews; Though it causes (that inmate) me Hardship living by
DCR Retaliation. Even upon such Agencies had responded back
directly to the Facility. Only for me to witness You-All gives the
Actual Finding back to CDCR Custody; Knowing they conduct
is Finding with pure Prejudice - For its Code of Silent Policy!!

Again I've been (purposely) falsely accused of fighting another
inmate in a staff Controlled Racial Riot, from an Officer whom
response and accusation of it's entirety being severely contradictive
to Real evidences and all other Officers Incident Reports
ect... To purposely confine me in ASU/SHU Isolation to suffer
knowing that facts would then be easily manipulated against me
more ... (To justify punishment already imposed).

I then was given Prejudice CDCR/CMC-E Investigative
employee- (IE); Whom disregarded my precised Rewritten
declaration- Directing Discovery pursuited to my Actual innocence; he
also illegally discarded it from the entire Proceeding and dishonestly
conducted each inmate interviews in the present of many Hostle
inmates Living in ASU/SHU Prison Politics Condition - That forced
them to remain silent ( for safety concerns). Which I submitted a
Re-Hearing IE Violation (my Case- in- Chief) 602. But, through due
Diligence and officials errors theirs Appeal Office Rejected to
process it.

Immediately given my Final 115-Hearing; To be completely denied
a IE Violation Review- Conjunctionally - Allowing theirs Hearing
Official to denyed my every Hearing Right ~~nor~~ with prejudice
it to call witnesses; Address my Accuser nor to stipulate on Real
evidence ect... All initiated by him stating "since his Officer saw
me, then I'm guilty; Appeal It!!." I then Submitted a Final Hearing
Violation- 602.

Their Appeal Office Refused to process my Crucial IE-602 saying
I should of had only submitted one disciplinary 602 (even though
they initially Accepted it before Comprehending its damages).
Corruptfully Allowing their Hearing Official to Fabricate the
entire Hearing to alleged I'd waived Hearing Rights...

Now their Facility 602-Reviewer Ruled I've present no Contrary

vidence from their Hearing Official. Facts in Support I've been legally founded guilty.

With these facts how could this World imagined that inmates are being Allowed fair opportunities to prove their innocence or even Allowed outside just Review?

Seeking CDCR Director level Review with sufficient evidence s my defense Already Established in the Record being purposely ver looked such as conducting A impartial interview with impartial ocumentation of these witnesses, or to impartial Review the File incident Report - has left me no other Choices but Attached now he Rejected IE Violation 602 and many prior Returned Sealed )ate letters I've sent to other outside legal Agencies (As Exhibit ,nd I've Agree to A polygraph Examination- All Substantial vidence Established before I was given my Final 115 Hearing.

But As A result of my fighting for Justices CMC-E fficials Retaliated: I been deprived from All personal property 20m 12/13/06 to 4/2/07 unable to contact families or make Court egal Affairs Deadlines ect... deprived legal Material; Fair Law ibrary Access; Religious Activity; Completely no outside exercise ven having my legal work Typewriter Along with my Receipts And fficial bedcard owner ship proof missing completely missing, And ie 602 be Reject After it was also initially Accepted. Having over )yrs. of disciplinary free mitigating Factors severe Hardship con.sealed in order 1At I would be Adverse Transferred - to A facility that's going to HAt take over 3yrs. for me to be Allowed A Job to survive; After Ready over-coming CDCR initial 2yrs Job waiting list.

Though Sufficient evidence Support At worst I was AN ictim of A group whom Acted in self-defense-for staff egligences Safety concerns for them, "To State Black Inmate Can't ecome Victims At CMC-E !!.

I was lied on for this one officers would look good to be quested for a better Job Post. A Customary practice !!.

Sincerely
Derrick L. Sledge
Derrick L. Shedge

RECEIVED
MAY 7 2007
By OIA-CENTRAL

RECEIVED
MAY 1 6 2007
CDCR
Office of Internal Affairs

A. Ex. 288

August 23, 07

Dear Calif. Lifer Newsletter #16

RECEIVED
AUG 3 1 2007
BY:O

Briefly seeing your 07/2007 Artical; page 14 (only); Volume-3; Number-4; "I/m's Challenge Appeal Procedures In Complaints Against Staff." Appeals, "Screened-out (CDC 695)

This problem has became broader then Realized. CMC-E/ CTF- Appeal Coordinators are consistently using this obstruction. First, by forcing I/m's to Attach same legitmates copy documents (115-Repots; Classification Chronos; Copy Propeaty Inventories Forms ect...) To the 602; even though these Original documents are Automatically log, stored in Staff Control Central Files for theies Access upon each interview. Sometime Attaching a copy prevent staff from throwing the entire 602 in the trash to alleged its been lost. But as a whole causes Relief to become severely delayed, until its useless having suffered so long for Justice.

CDCR in torn enforce its staff not to Accept/honor (Favorable documents presented from I/m's even when it's the Original such as (school/work History Transcripts ect...). While easily over-looking how corruptable staff can Remove crucial document for I/m - impairment, later-on...

<u>Propeaty</u>: Being Rehoused (dishonestly) in ASU/SHU. Weeks later I was quickly order to sign-off on my (cell) propeaty inventory Receipt; Noticing items missing, I Refused to sign-off but being promised personally to allow more time to Relocate these items convinced me to sign-off or then become subject of all my propeaty becoming missing. When I couldn't obtain my legal material ect... I submitted a Propeaty-602- The Appeal Office nitially Accepted it, by ordering me to Attach a copy of the inventory Receipt, diligently getting my Counselor to make this copy, And Resubmitting it, the Appeal Office then, "Screen-it-out"

PAGE-1    A. Ex. 289

Alleging A time elapsed of the initial filing limitation Diligently explaining justifiable Reasons was never considered NOR A Fact finding documented; purposely too impair me impartial Court Review . . .

Disciplinary: Conjunctively diligent seeking out-side Assistance Knowing CDCR-602 Procedures is corrupted. CMC-E Appeal Office using same trickery above, initially Accepted my Investigative Employee (IE)- Violation 602 (my Case-in-Chief) Customarily informing me to Attach IE copy Report. Diligently getting counselor to make this copy permitted the Final-115 Hearing to become completed And the Official to Fabricate the entire Hearing, "Falsifying I participated; I waived all Hearing Rights; And he didn't show initially prejudice ect... Forced me to submit now a Disposition-Violation 602; with the same process waiting to Attach Copies; Permitted This Appeal Coordinator whom was part of the IE-602 to screen-out this 602 after the facts saying, "I couldn't filed both type (IE/ Final Disposition) 602 concerning the same case. And now saying I can not submit Citizen Complaints on none of the staff either. For more Court impairment Review'.'.

This corruption Also proceeded to the ICC-Hearing (why CDCR don't Record these committees Hearing Any more).

These Above Violation were before the completion was even Prophesied diligently to such Agencies As: Prison Law Office; Prison Focus; Both Internal Affairs; Inspector General; even to Active Politicians; ect... All whom Stated I must seek Administration 602 Review at the same time the Above 602 was being "Screen-out." Only Allowing CDCR to conduct its own fact finding to continue to cover-up these violation ect...

A. Ex 29(

Page 2

All while being Retaliated Against, As I witness how Scary the above Agencies and more are Against CCOPA OR when the violation won't bring them publicity (Being I'm still Alive) OR granted a Colorful Law Suit they Reject being Prisoners Advocators — But Condoners with CDCR Mental Abuse Procedures until Prisoners are Senior Citizen paralyzed with old-time weakness that impair their Advocacy for Just Due Process— CDCR Ultimate Goal !!

Please give me Assistance/Advocacy For Justice

Sincerely
Derrick L. Sledge

Derrick L. Sledge P-43766
CTF / CW-134 L
P. O. Box 689
Soledad Calif. 93960.

P.S It would be nice if you could see me a full copy of That Case:
In Re Cuellar
CA3 No. C055535 please

CDCR may have stop forwarding my letters now?

A. Ex.    291

# Exhibit Cover Page

Amended-(A), Exhibits (Ex.) Pages (Pgs)

A. Ex. Pgs. 292 To 311

Additional Responses To
Plaintiff Request For Out-side
legal Assistance into CMC-E
Code of Silent / Cover-up Policy

# Prisoners' Rights Research Project

University of Illinois College of Law
504 East Pennsylvania Avenue
Champaign, IL 61820

Dear Sir or Madam:

Thank you for your inquiry to the Prisoners' Rights Research Project at the University of Illinois College of Law. PRRP is a non-profit organization staffed entirely by law students at the University of Illinois College of Law. Its members are not licensed attorneys, and cannot offer legal advice.

PRRP can provide legal research on specific questions of Illinois or federal law.    If you would like the assistance of the PRRP please mail a letter with specific questions you would like addressed.  Due to the volume of mail received, PRRP cannot answer all letters received.  We apologize if we are unable to answer your questions.  Please do not send documents to the PRRP. We are unable to accept for review any legal documents or court transcripts.  We cannot assist in finding an attorney and cannot represent clients.

Law students at the PRRP will prepare a memorandum under the general supervision of a licensed attorney. The memorandum will represent their best effort to provide an objective analysis of the current state of Illinois or federal law on the issue or issues raised. It also may describe processes that appear to be relevant to your situation. It does not constitute legal advice, and you should not rely upon it as a basis for action. If you wish to pursue any legal action, you should seek the advice of an attorney.

Sincerely,

Prisoners' Rights Research Project

-A. Ex. 29 2



LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

ELIZABETH ALEXANDER
DIRECTOR
ATTORNEY AT LAW

NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500

OFFICERS AND DIRECTORS
NADINE STROSSEN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

RICHARD ZACKS
TREASURER

Dear Friend:

We know that prisoners have great difficulty getting help and regret that we cannot do more than provide you with a list of groups that try to help prisoners in your state, and some general information about the issue you described in your letter. The National Prison Project has only seven staff lawyers and receives about 600 letters each month from prisoners across the country. Any one of these letters can describe an urgent legal need that would take months of a lawyer's time to resolve. Because of our severely limited resources, we do not do advocacy for individual prisoners.

If you are thinking about filing a lawsuit, then you should know about a 1996 law called the Prison Litigation Reform Act (PLRA), which makes it harder for prisoners to file lawsuits in federal court. The PLRA has many parts, but the following five parts are the most important for you to understand.

First, before you file a lawsuit, you must try to resolve your complaint through the prison's grievance procedure. This usually requires that you give a written description of your complaint (often called a "grievance" or "kite") to a prison official. If the prison provides a second step (like letting you appeal the prison official's response to the warden), then you must also take that step. If you file a lawsuit in federal court before using every step of your prison's grievance procedure, it will almost certainly be dismissed.

Second, all prisoners must pay court filing fees. If you do not have the money up front, you can pay the filing fee over time through monthly installments from your prison commissary account, but the filing fee will not be waived.

Third, each lawsuit you file that is dismissed because a judge decides that it is frivolous, malicious, or does not state a proper claim counts as a "strike." After you get three strikes, you cannot file another lawsuit unless you pay the entire court filing fee up front. The only exception to this rule is if you are at risk of having serious physical injury in the immediate future.

Fourth, you cannot file a lawsuit seeking damages for mental or emotional injury unless you can also show physical injury.

Fifth, if you are in a federal prison, you risk losing good time credits

A. Ex. 293



**California Prison Focus**
2940 16th Street, Suite B5 • San Francisco, CA 94103
Phone: (415) 252-9211 • Fax: (415) 252-9311 • www.prisons.org

4/9/07

Dear Derrick Sledge,

I have your letter of 3/8. I can certainly agree that there is much corruption in the prison system and I feel, — think — that prisoners who live through the bad behavior without bitterness will have gained strengths that will serve us all well if not in this life, in the next. It must be very hard to endure with a good grace.

Unfortunately, I do not understand your letter entirely. I don't think we can do anything about your personal property. (I am enclosing a page from the Prisoners Handbook) but if you can get others to write about your denial of yard I would be willing to write to the warden.

I do not understand it when you say you only "suffer from strike". — Nor do I

understand what incident you are referring
to - this office had received fax copies?

I sent a letter in June to Tyrone James
because I thought he might be able to
handle your questions better than I. so
perhaps you sent papers to him? Or did
you send them to Charles Corkone? As
you can see I am answering for him
because I opened your letter by mistake,
and because I know him to be over-
whelmed with work I decided ~~he know~~.
he probably wouldn't ever get to
answer it -

I must apologise if I am causing
confusion.
                    Sincerely
                    Mary Ruback

P.S. C.P.F is having to cut back on its
correspondence. Please don't be surprised
if you do not get a response to a letter.

A. Ex. ~~~~ 296

*Matthew L. Cate, Inspector General*                    *Office of the Inspector General*

April 19, 2007

Derrick Sledge, P-43766
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409

Dear Mr. Sledge:

The Office of the Inspector General has received your correspondence.

As mentioned in our previous letter to you, before this office will consider taking any action, you must first demonstrate your attempts to obtain resolution to your issues by completing the formal administrative process, such as filing a staff misconduct complaint, CDC-602 Inmate/Parolee Appeal, or CDC-1824 Request for Reasonable Accommodation.

Upon completion of the formal process, if you believe the California Department of Corrections and Rehabilitation failed to appropriately address your concerns, you may choose to resubmit your complaint to this office. Include *copies* of the agency's formal response to your concerns, and your reasons for disagreement with that response. You must be as *clear* and *concise* as possible when providing the specific allegations and what action you are requesting this office to take. Do not send original documents, as we will not be able to return them. Upon review of your documents our office will assess what action, if any, we should take.

Please be aware that given the volume and complexity of the complaints we receive, it is not possible for us to fully research and intervene on each complaint we receive. Therefore, we attempt to focus our resources on issues where the greatest needs exist. We believe that in this way we can provide the greatest benefit to those who are affected.

Thank you for bringing your concerns to our attention.

Sincerely,

ELIZBETH HAWKINS
Deputy Inspector General

EH:sr:07-1184-03

*Arnold Schwarzenegger, Governor*

A. Ev. 297



**California Prison Focus**

2940 16th Street, Suite B5 • San Francisco, CA  94103

Phone: (415) 252-9211 • Fax: (415) 252-9311 • www.prisons.org

5/03/07

Dear Derrick Sledge

I am enclosing pages from the California Prisoners Handbook. Whatever interpretation we put on the administration's and/or guards behavior there are certain courses of action to take. and there is an attitude to it that will serve you well and another which will serve you poorly. I feel sure you know what I am talking about. If you can master the most natural of reactions - fury, resentment bitterness and maintain equanimity they have not touched you and you remain undefeated, if not victorious! I sent you an article by a Fred Janney about 3 years ago, remember? ✳

As far as the outer course of action, I am enclosing a sheet of information & I do not know anything about the not except what you told me i February.

*(left margin, vertical:)* not CPF business.

**A. Ex. 298**

We are quite unable to have the intimate knowledge of what is going on in the non SHU prisons. and you may = the future find that your letters to us are not answered. We know this is very regrettable but we do not have the resources.

Sincerely

Mary Rubach

I have just realised I wrote already!

A. Ex. 299

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**OFFICE OF INTERNAL AFFAIRS**
Headquarters Office
P.O. Box 3009
Sacramento, CA 95812



May 17, 2007

Mr. Derrick L. Sledge, P-43766
P.O. Box 689
Soledad, CA, 93960

Dear Mr. Sledge:

The California Department of Corrections and Rehabilitation (CDCR), Office of Internal Affairs (OIA) is in receipt of your correspondence dated May 1, 2007, requesting that OIA conduct an investigation into your allegations of staff misconduct at the California Men's Colony-East (CMC-E).   You also are also complaining about the inmate appeal process at your former institution.  Your complaint was originally received by the OIA-Central Regional Office.

Your allegations do not rise to the level of an investigation by this office.  As such, our office is not able to pursue an investigation on your behalf.  The issues you are complaining about should be addressed through the inmate appeal process.  Additionally, all staff complaints also shall be filed through the inmate appeals coordinator.  The appeals coordinator will forward all staff complaints to the hiring authority (warden) for review and determination.  If the hiring authority deems that an investigation is warranted, the hiring authority will forward a request for investigation to OIA.

In accordance with the California Code of Regulations (CCR), Title 15, Section 3084.1(a), which states in part, *"Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy, which they can demonstrate as having an adverse effect upon their welfare.  The decisions of the Departmental Review Board, which serve as the director's level decision, are not appealable and conclude the inmate or parolee's departmental administrative remedy pursuant to section 3376.1."*

Please contact your appeals coordinator if you have any further questions regarding this matter.  I am returning your original information back to you.

Sincerely,

WILLIAM WELLS
Special Agent
Office of Internal Affairs – Headquarters·

Enclosures

A, Ex. 300



**ROSEN, BIEN & GALVAN, LLP**
ATTORNEYS AT LAW
POST OFFICE BOX 390
SAN FRANCISCO, CALIFORNIA  94104

May 21, 2007

## CONFIDENTIAL - LEGAL MAIL

Derrick Sledge, P-43766, (CW-134L)
Correctional Training Facility
P.O. Box 689
Soledad, CA  93960

Re:     *Coleman v. Schwarzenegger*
        Our File No. 489-3

Dear Mr. Sledge:

Thank you for contacting us regarding your mental health care concerns.  As you may know, we are one of the law firms representing prisoners in the class action lawsuit *Coleman v. Schwarzenegger*.  The *Coleman* case was brought on behalf of inmates with serious mental illness.  The court ordered the defendants, officials in charge of the California Department of Corrections and Rehabilitation (CDCR), to make extensive changes in their program for delivering mental health services.  The court also appointed a special master to help develop plans to provide adequate mental health care and to monitor the defendant's compliance with those plans.  If you are currently receiving or in need of mental health treatment at a CDCR institution, you are automatically a member of the *Coleman* plaintiff class.

The *Coleman* class currently includes more than 30,000 individuals.  We are actively involved in litigating numerous issues in court on behalf of the class including adequate staffing for mental health treatment, severe overcrowding and its effects on the mental health care provided for inmates throughout the state, suicide prevention policies, and access to higher levels of care for inmates with serious mental illness.  Because of the work required to ensure the best representation for this class, we must reallocate our use of resources in the *Coleman* case.  Our focus at this time is working to achieve changes to improve mental health treatment for the class through litigation in court and negotiation with defendants, as well as to increase the amount of time we are able to spend visiting prisons.  As a result, we will no longer be able to correspond as frequently or in as much detail with individual class members as we have in the past.

We encourage you to talk about your mental health concerns with your case manager and other members of your treatment team.  We understand that accessing appropriate mental health care in the CDCR can be frustrating, but it is very important that you communicate with mental health staff at the institution so that they are aware of how you are doing and any problems  that  you may be experiencing.  As class counsel, we are not able to influence decisions such as level of care and housing on an individual basis.

A. Ex. 300 301

CONFIDENTIAL LEGAL MAIL
May 21, 2007
Page 2

In most cases, this form letter is the only response you will receive to the letter you wrote us. Reducing the number of individual letters we write to class members allows us more time to focus on the urgent mental health treatment issues that have arisen as the population in California prisons has reached record numbers. We regret that we must correspond in such an impersonal manner, and realize that this is a change for some of our class members. Please know that we read every single letter that we receive from class members, whether or not we are able to send back a personal response. We depend upon our class members for crucial information about what is going on inside the prisons, and the information you continue to provide to us through your letters is very useful in our efforts to enforce your constitutional right to mental health treatment in the CDCR.

If you have not previously received a copy of Frequently Asked Questions (FAQ) for the *Coleman* case, we are enclosing one with this letter. We have created this document in order to respond to many of the concerns raised by class members in letters to us, and think it provides information that will be helpful to you.

If you sent original documents to us, we are also returning them with this letter. We thank you for the information you have provided, and we wish you the best of luck.

Sincerely,

ROSEN, BIEN & GALVAN, LLP

By: Jane E. Kahn

JEK:kjs

A. Ex. 302



*Matthew L. Cate, Inspector General*                    *Office of the Inspector General*

May 25, 2007

Derrick Sledge, P-43766
California Training Facility
P.O. Box 686
Soledad, CA 93960

Dear Mr. Sledge:

The Office of the Inspector General has received your correspondence.

As mentioned in our earlier communication with you, the volume and complexity of the complaints received by the Office of the Inspector General prevent us from researching and responding to each complaint individually. We encourage you to pursue your concerns through available administrative remedies.

The Office of the Inspector General considers this matter closed. Thank you for bringing your concerns to our attention.

Sincerely,

KERRY MCCLELLAND
Deputy Inspector General, Senior

KM:sr:07-0001184-04

*Arnold Schwarzenegger, Governor*

P.O. BOX 348780, SACRAMENTO, CALIFORNIA 95834-8780    PHONE (800) 700-5952    FAX (916) 928-5974

A. Ex. ▓▓▓ 303

## SANDERS & ASSOCIATES

3960 INDUSTRIAL BLVD., STE. 100, WEST SACRAMENTO, CA. 95691    (916) 376-8738    FAX (916) 376-8717

June 2, 2007,

Mr. Sledge,

We are sorry for your current plight and don't doubt for a second the notion that this could have happened exactly as you explain.  However, there is nothing our office can do.

Your case would require a level of investigation our firm simply could not provide.  We would not be able to act in your bets interests so far from where intense investigation would need to be immediately conducted.

We recommend that you seek counsel near Soledad, and do not overlook local law schools which may take on such abuse as a class project in due process of law for their students.  When you write them sell it.  Provide proof if you can to entice them. Take your bets shot with that letter.

We are sorry and we do wish you luck fighting for your rights,.

Sincerely,

KEITH CHANDLER
LEGAL ASSISTANT TO STEVEN C. SANDERS, ESQ.

A. Ex. 304

CAPITOL OFFICE
STATE CAPITOL, ROOM 5108
SACRAMENTO, CA 95814
TEL (916) 651-4023
FAX (916) 324-4823

DISTRICT OFFICES
10951 WEST PICO BLVD., SUITE 202
LOS ANGELES, CA 90064
TEL (310) 441-9084
FAX (310) 441-0724

300 WEST THIRD ST., 4TH FLOOR
OXNARD, CA 93030
TEL (805) 486-3776
FAX (805) 486-6865

# California State Senate

### SENATOR
### SHEILA JAMES KUEHL
TWENTY-THIRD SENATE DISTRICT

CHAIR
SENATE COMMITTEE ON HEALTH



COMMITTEES:
AGRICULTURE
APPROPRIATIONS
ENVIRONMENTAL QUALITY
JUDICIARY
LABOR & INDUSTRIAL RELATIONS
NATURAL RESOURCES & WATER
SELECT COMMITTEES:
CHAIR, HEALTH INSURANCE CRISIS
  IN CALIFORNIA
CHAIR, SCHOOL SAFETY
JOINT COMMITTEE:
JOINT COMMITTEE ON RULES

June 27, 2007

Derrick L. Sledge P-43766
Soledad Sate Prison
P.O. Box 689; CW-134L
Soldedad, CA 93960

Dear Mr. Sledge,

Thank you very much for your letter regarding the work incentive program for conservation camps. I share the concern addressed in your letter, and I continue to support the well-being of inmates in the California prisons.

As my office is not equipped to investigate and respond to your specific concerns, I have forwarded a copy of your letter to Ken Hurdle, the lead Ombudsman for the Department of Corrections, and I am requesting that he address your concerns regarding the Fire Safety rehabilitation program, as well as your personal case.

Please feel free to contact my office in the future.

Sincerely,

SHEILA JAMES KUEHL
California State Senate
District 23

CC: Ken Hurdle, Ombudsman, Department of Corrections

Representing the cities of Agoura Hills, Beverly Hills, Calabasas, Hidden Hills, Malibu, Oxnard, Port Hueneme, Santa Monica, West Hollywood and Westlake Village
and the communities of Bel Air, Brentwood, Canoga Park, Encino, Hollywood, Mt. Olympus, Port Hueneme, Pacific Palisades,
Sherman Oaks, Studio City, Tarzana, Topanga, West Los Angeles, West Hills, Westwood and Woodland Hills.

 A Ex. 305

**Lois Ahrens**
**Real Cost of Prisons Project**
5 Warfield Place
Northampton, MA 01060

July 21, 2007

Dear Mr. Sledge,

We are in receipt of your letter sent to us on July 10th which you wrote on May 29th, 2007. Unfortunately, there is nothing that we can do to assist you in your protest against the treatment you have received and probably are still receiving.

Perhaps you might want to try: Prison Law Office, General Delivery, San Quentin, CA 94964. This is <u>an independent organization</u> that offers free legal services to prisoners on various matters including conditions of confinement.

Sincerely yours,

Lois Ahrens,
Director

A. Ex. 306



A Project of Legal Services
For Prisoners with Children

**All of Us or None**
c/o Legal Services for Prisoners with Children
1540 Market Street, #490
San Francisco, CA  94102

415-255-7036 x337 // Fax: 415-552-3150
info@allofusornone.org
www.allofusornone.org

August 6, 2007


Mr. Derrick L. Sledge, #P-43766
CTF/Soledad State Prison
P.O. Box  689; CW-134L
Soledad, CA  93960


Dear Mr. Sledge:

　　　We  received your letter dated July 27th in which you requested legal assistance.  It's good to hear from you.  We are working on a system to be able to respond to all the letters we receive in a more timely manner.  Thank you for your patience.

　　　All of Us or None is a national organizing effort to strengthen the voices of formerly incarcerated people, prisoners, and our families that does not provide direct legal services and cannot assist you in this matter.

　　　I am sorry for the mental anguish you've endured at the hands of the judicial system.  I would encourage you to remain prayerful during these trying times of your life – for prayer changes things!

　　　Enclosed is information on Legal Aid offices or Defender offices within the State of California.  If you have questions, please do not hesitate to contact us again.


Solidarity and Struggle,

Tonya Gordon
All of Us or None



A. Ex. 307

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, *GOVERNOR*

**OFFICE OF INTERNAL AFFAIRS**
Headquarters Office
P.O. Box 3009
Sacramento, CA  95812



August 7, 2007

Mr. Derrick Sledge, P-43766
P.O. Box 689
Soledad, CA, 93960

Dear Mr. Sledge:

The California Department of Corrections and Rehabilitation (CDCR), Office of Internal Affairs (OIA) is in receipt of your correspondence and supporting documentation regarding your complaint about the departmental inmate appeals process. Your complaint was initially received by the OIA Central Regional Office and was forwarded to OIA Headquarters for review and determination.

By sending your complaints directly to OIA you have circumvented the staff complaint and inmate appeal process. Per Administrative Bulletin (AB) 05-03, all inmate complaints which allege any misconduct by a staff member are to be logged by the Appeals Coordinator as a Staff Complaint. The Appeals Coordinator will forward the complaint to the hiring authority or designee for review. The hiring authority or designee will review the complaint and make the appropriate determination. If the hiring authority deems that the allegation warrants an internal affairs investigation, the hiring authority will refer the inmate allegation to the OIA for consideration. Even though you may disagree, the hiring authority makes the determination if a staff complaint by an inmate is investigated by OIA.

Inmate Sledge, you have chosen to circumvent the inmate appeals process and mail your correspondence directly to the OIA. Allowing you to file your complaint not utilizing established procedures would only encourage you, and possibly other inmates to circumvent the procedures as it relates to time constraints and appropriate filing of staff complaints. Inmate Sledge, your failure to follow instructions, or to abide by the California Code of Regulations (CCR), Title 15, Section 3084, does not give you permission to bypass the established appeal and/or staff complaint procedures. CCR Title 15, Section 3084 gives you the guidance necessary for filing appropriate appeals, as well as advises you of the time constraints and appropriate reasons for appeal screen outs. Pursuant to Penal Code Section 832.5, it is the policy of the Department, as an employer of peace officers, to have a procedure for investigating a complaint by a member of the public against its peace officers. You are not a member of the public. All inmate, ward, or parolee complaints against staff shall be processed in accordance with Departmental Operations Manual (DOM) Section 54100.

Please contact your appeals coordinator if you have any further questions regarding this matter.

Sincerely,

WILLIAM WELLS
Special Agent-In-Charge
Office of Internal Affairs – Headquarters

cc: Complaint File

A. Ex. 308

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, *GOVERNOR*

## OFFICE OF INTERNAL AFFAIRS

Headquarters Office
P.O. Box 3009
Sacramento, CA 95812



August 9, 2007

Mr. Derrick Sledge, P-43766
P.O. Box 689
Soledad, CA, 93960

Dear Mr. Sledge:

The California Department of Corrections and Rehabilitation (CDCR), Office of Internal Affairs (OIA) is in receipt of your correspondence and supporting documentation relative to a CDC Form 115, Rules Violation Report (RVR) you received dated December 13, 2006, for "Participation in a Riot". The incident occurred at the California Men's Colony (CMC). You allege that you were denied due process regarding your appeal of the matter. It is noted that you appealed the matter through the Director's level of review.

By sending your complaints directly to OIA you have circumvented the staff complaint and inmate appeal process. Per Administrative Bulletin (AB) 05-03, all inmate complaints which allege any misconduct by a staff member are to be logged by the Appeals Coordinator as a Staff Complaint. The Appeals Coordinator will forward the complaint to the hiring authority or designee for review. The hiring authority or designee will review the complaint and make the appropriate determination. If the hiring authority deems that the allegation warrants an internal affairs investigation, the hiring authority will refer the inmate allegation to the OIA for consideration. Even though you may disagree, the hiring authority makes the determination if a staff complaint by an inmate is investigated by OIA.

Inmate Sledge, you have chosen to circumvent the inmate appeals process and mail your correspondence directly to the OIA. Allowing you to file your complaint not utilizing established procedures would only encourage you, and possibly other inmates to circumvent the procedures as it relates to time constraints and appropriate filing of staff complaints. Inmate Sledge, your failure to follow instructions, or to abide by the California Code of Regulations (CCR), Title 15, Section 3084, does not give you permission to bypass the established appeal and/or staff complaint procedures. CCR Title 15, Section 3084 gives you the guidance necessary for filing appropriate appeals, as well as advises you of the time constraints and appropriate reasons for appeal screen outs. Pursuant to Penal Code Section 832.5, it is the policy of the Department, as an employer of peace officers, to have a procedure for investigating a complaint by a member of the public against its peace officers. You are not a member of the public. All inmate, ward, or parolee complaints against staff shall be processed in accordance with Departmental Operations Manual (DOM) Section 54100.

Additionally, your appeal of this issue was denied at the Director's Level of Review, which exhausts the administrative remedy available to you within the CDCR.

Please contact your appeals coordinator if you have any further questions regarding this matter.

Sincerely,

WILLIAM WELLS
Special Agent-In-Charge
Office of Internal Affairs -- Headquarters

cc: Complaint File

A. Ex. 300 309

**FAMM**

Families Against Mandatory Minimums

## LEGAL MAIL: PRIVILEGED AND CONFIDENTIAL

September 5, 2007

Mr. Derrick L. Sledge
# P-43766
Soledad State Prison
PO Box 689 - CW-134L
Soledad, CA 93960

Dear Mr. Sledge:

Thank you for sending us information about your case.

Regrettably, FAMM is unable to provide you with the assistance you request. FAMM does not have attorneys on its staff that can provide legal advice or representation to individuals. Rather, our efforts are focused on changing sentencing laws and educating the public on the need for sentencing reform. FAMM's intervention in litigation is limited to a very small number of cases that challenge the interpretation of particular sentencing laws in the federal appellate courts and the United States Supreme Court. Other prison and criminal law issues are beyond the scope of our mission, even though they are undoubtedly important.

We have enclosed the pages of the exhibits which you sent to us and kept a copy of them for our file. We wish you success in finding the assistance you are seeking.

Sincerely,

Mary Price
Vice President and General Counsel

Enclosures

1612 K Street, NW • Suite 700 • Washington, D.C. 20006 • (202) 822-6700 • fax (202) 822-6704 • FAMM@famm.org • http://www.famm.org

A. Ex. 310



Matthew L. Cate, Inspector General                                      Office of the Inspector General

September 28, 2007

Derrick Sledge, P-43766
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

Dear Mr. Sledge:

The Office of the Inspector General has received your correspondence.

After reviewing your correspondence, we determined that the issues you raise could be more
effectively addressed through a general approach rather than individually.  Given the volume and
complexity of the complaints we receive, it is not possible for us to fully research and respond
separately to each complaint.  Therefore, we attempt to focus our audit and investigative
resources on issues where the greatest needs exist.  We believe that in this way we can provide
the greatest benefit to you and others who have been affected.  If we conduct an audit or
investigation of the issues you raise, you may be contacted later.

The Office of the Inspector General considers this matter closed.  Thank you for bringing your
concerns to our attention.

Sincerely,

KERRY MCCLELLAND
Deputy Inspector General, Senior

KM:sr:07-0001184-07


Arnold Schwarzenegger, Governor

P.O. Box 348780, Sacramento, California 95834-8780    Phone (800) 700-5952    Fax (916) 928-5974

A. Ex. 302 311

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ 1013(A), 2015,5)

I, Derrick Lee Sledge _____, declare:

I am over 18 years of age and I am party to this action.  I am a

resident of CORRECTIONAL TRAINING FACILITY prison, in the County

of Monterrey, State of California.  My prison address is:

Derrick L. Sledge , CDCR #: P-43766

CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: CW- 134L
SOLEDAD, CA  93960-0689.

On June 01, 2008 _____, I served the attached:

Motion For Leave To File An Amended
Complaint.

on the parties herein by placing true and correct copies

thereof, enclosed in a sealed envelope (verified by prison

staff), with postage thereon fully paid, in the United States

Mail in a deposit box so provided at the above-named institution

in which I am presently confined.  The envelope was addressed as

follows:

Office of the Clerk
U.S. District Court
North District of
Calif.
450 Golden Gate Ave
San Franciso Ca 94102

3x Copies

Dept. OF Justice
Office of the Attorney General
455 Golden Gate Ave
Suite 11000
San Francisco, Ca 94102
Attn: Edmund G. Brown Jr.
And Is/Kyle A Lewis
For defendants
1x Copies

I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on June 01, 2008 .

Derrick L. Sledge
Derrick L. Sledge
Declarant

Derrick L. Sledge, P-43766
CTF/CW-134L
P.O. Box 689
Soledad, CA 93960-0689

RECEIVED

JUN 9 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Office of the Cl'
U.S District Court
Northern District
San Francisco Div.
450 Golden Gate A
San Francisco CA.
Attn Part-1 of 2 or



UNITED STATES POSTAGE
$ 05.200