Derrick Lee Sledge, P-43766
CTF / CW-134L
P.O. Box 689
Soledad Calif. 93960



In Pro Se:

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Derrick Lee Sledge
                    Plaintiff

V.

DAVID BALKIND, et Al., R. Schnore
J.T. White, N.A Ellis, M. Vela
S.R. Stinson, M. Arfa
And John Marshall
                         Defendants.

No. C 07-4622 CRB-
(PR)

Plaintiff Opposition
Response To Defen-
dants' Motion To
Dismiss; Memor-
Andum of Points And
Authorities in Support

        Plaintiff Respectfully submit this opposition-
Response to defendants Motion to dismiss
plaintiff Complaint- Because defendants has
failed "tremendously" too meet theirs burden
of demonstrating to this Couet, "that it will Appear

PAGE-1

1  "beyond" doubt that this plaintiff can prove
2  No set of facts in support of his claims, which
3  Would entitle him to Relief.
4       Being how the issues of this case having
5  An Abundant of Exhibits presented As evidence
6  in support of the Named defendants unlawfulness
7  plaintiff has still been diligently complied to
8  Fed. R. Civ. P. 8 (a)(2) - Crawford-El v
9  Britton, 523 U.S. 574 (1998); At p.584-94 Id.
10      Plaintiff shouldn't become penalized of
11  having his Civil Rights Violation claims become
12  dismissed, because defendants Are still willing
13  to participate in bad faith by Asking this
14  Court to order A dismissal, while they find ways
15  of conceal theirs multitude of Prejudicials:
16  Deliberately Indifference ect... Misconduct.
17      The facts set forth by plaintiff statement
18  of material facts Along with the Attached
19  evidence produced in both Plaintiff Original
20  And Amended Complaint demonstrate these
21  defendants conduct was both illegal And unlaw-
22  ful, Under the color of Law / Authority.
23      A Civil Rights due process will surely
24  prevail these defendants violation under
25  Clearly established Constitutional Laws.
26      This Court should deny defendants Motion
27  to dismiss; Aswell to count such Motion for its
28  Summary Judgement; And Grant Plaintiff demand

PAGE-2

1  too Jury Trial ect., due process.
2      THIS OPPOSITION - RESPONSE, is based
3  upon this brief and its memorandum of points
4  and Authorities in support; the Original
5  and Amended Complaints, along with its
6  exhibits As evidence on file for this case.
7      Plaintiff Also Respectfully Request that
8  this Court Reconsider his previous Motions
9  to Grant him Appointment of Counsel; Aswell
10 his previously Motion Request Leave to Amended
11 designated for this Court Review too Reinstate
12 All previous Named defendants Constitutional
13 Violation Claims . . .
14
15  MEMORANDUM OF POINTS AND AUTHORITIES
16
17            1. FACTS
18
19      On 12/13/2006, Plaintiff Derrick Lee
20 Sledge, once an inmate at CDCR/CMC-E; C-
21 Quad, under A mental health treatment
22 Program (CCCMS) - Coleman v. Schwarzenegger
23 No. CIV S-90-0520 LKK JFM P; See Coleman
24 v. Wilson 912 F. Supp. 1282, 1297~98 (E.D Cal. 1995)
25 (citing, inter Alia, Farmer v. Brennan 511 U.S.
26 825, 832 (1994) And Helling v McKinney, 509 U.S
27 25, 31-32 (1993)). WAS with prejudice illegally
28 And unlawfully identified as a participant

1  involving An "Officers Control Racial Riot," by
2  present officers only pre-addressing the initiation
3  of the matter, while at the same time being
4  prejudicially negligence to the escalation; As
5  observers (see Original Complaint-(OC)-Exhibit-
6  page 33)
7         Plaintiff then being rehoused in ASU/
8  SHU pending An investigation, to be in isolation
9  purposely having retaliating hardship living
10 condition imposed such As ° Denied completely
11 of All Required Personal Property being deprived
12 for months from family, courts communication;
13 No out-door exercise-(see C.C.R. 15 Article 6.
14 Disciplinary Detention-Section 3331. Conditions
15 of Detention-(C) Personal Items (h) Exercise.
16 (J) Legal Material Aswell for not being Able to
17 continue my Religious Correspondence courses)
18 Along with being deprived to fair law library /
19 material. All to which was not Reasonable
20 Related to legitimate penological interest - Civil
21 Liberties fundamental Rights Violations - Wolff
22 V. McDonnell, 418 U.S. 539, 555-856, 94 S.ct
23 2963 (1974). - Cruel Conditions of the "minimal
24 civilized measure of life's necessities Rhodes V
25 Chapman, 452 U.S 337 (1981) At p. 347; Accord
26 Wilson v Seiter, 501 U.S. 294, 111 S.ct. 2321,
27 2324 (1991). An Eighth Amendment deprivations
28 of basic needs serious enough to Amount to the

PAGE-4

1 " Wanton and unnecessary infliction of pain."
2 Rhodes v Chapman, 452 at 347; Accord Wilson v
3 Seiter 111 S. Ct. At 2324.

4 Such hardship conditions were purposely
5 imposed in this case to severely impaired
6 plaintiff emotionally / mentally to prevent him
7 from successfully Advocating his Actual
8 innocence eel... discovery that initially demon-
9 strated its Officer defendant D. Balkind honest
10 mistake; However has now enhanced in illegal
11 And unlawfulness Activities ¡!.

12 Then, throughout plaintiff entire false
13 imprisonment · ASU/SHU Episode due-process
14 proceeding he were genuinely not given a
15 fair And Just opportunity by way of CDC-602
16 Appeals pursuit to demonstrate (Prove) his
17 complete innocence — Because it Processing is
18 being Operationalized solely by co-workers
19 friends And even lovers of that same mis-
20 conducted Officer. These Officials Assigned
21 As fact-finders true desire is to pass
22 judgement that contradict An inmate Allegations
23 complaints when its Against Another Staff (This
24 Court must please Recognize such Activity is
25 Realization with prior incidence As Corcoran
26 Shooting of prisoners by guards. Pelican Bay prison
27 staff Regularly use excessive force And most
28 presently CDCR manipulation with its over

Page-5

1  Crowding situation to comply with pending court
2  orders under Coleman Plata and Armstrong
3  Violations - To comprehend, had inmate been
4  Receiving impartial CDC-602 due process these issue
5  would of be Readdressed much earilier, such as
6  in this case.
7      So by plaintiff being firmly held of proving
8  his innocence through others Officers incident
9  Report against such Bias sovereignty establish-
10 ment (CDCR), has created both a procedural
11 and substantive due process violation - See
12 Duncan V Louisiana, 391 U.S. 145, 147-48,
13 88 S. Ct. 1444 (1968); Duncan V Poythress, 657-
14 F. 2d 691, 704 (5th Cir. 1981), cert dismissed as
15 improvidently granted, 459 U.S. 1012 (1982)
16     Having no other solution available through
17 CDCR/CMC-E Appeal 602 process, but having the
18 named defendants unlawfulness conduct "ignored".
19     Plaintiff on file Exhibits consisting of
20 multitude of CDCR/CMC-E 602's (over 300 pages)
21 Convincingly demonstrate, "At no time during
22 these 602 Reviews were plaintiff given an
23 impartial with fundamental fairness constitu-
24 tionally mandate due-process protection. (see
25 Young V Selsky, _____ F. 3d ____ (2d Cir. 1994)-
26 Officer Reviewing appeals was not immune from
27 damages liability").
28     It was not one of plaintiff allegations

1  NEVER Redressed out-side the FAbricated
2  initial incident Report producted by defendant
3  D. BALKIND- MORRISON v LeFevre 592 F. Supp,
4  1052, 1073 (S.D.N.Y. 1984)- Due Process conta-
5  minated by the introduction through State Action
6  of false inculpatory evidence.
7       Other Courts have Also Rejected the view
8  that prison personnel Are privileged to make up
9  disciplinary charges - (see Cale v Johnson, 861
10  F.2d 943, 949-50 (6th Cir. 1988). However in
11  Plaintiff Case he became subjected to false
12  charges (After the conceal fact-finding) And severely
13  denied An impartial full-hearing- (See Freeman v.
14  Rideout, 808 F.2d 949 (2d Cir. 1986) cert. denied
15  485 U.S 982 (1988) At p. 952.
16       To Which Now this Court must with
17  fairness Review the initial Eighth Amendment
18  violations - when defendant Stg. Schnore negligent
19  to not called the Yard-Down, A practical decision
20  And Policy concealment convinced defendant D.
21  BALKind to continue supporting his filed Fabricated
22  Report (Winston v Coughlin 789 F. Supp 118, 120-21
23  (W.D.N.Y. 1992).

24
25       2. OBJECTION TO DEFENDANTS
26          STATEMENT OF ISSUES...
27
28  A. Plaintiff's Due Process Violations Claims

PAGE-7

Must "Not" Be Dismissed For Failing To State A Claim Under Which Relief May Be Granted. . .

Pursuit to Fed. Rules Civ. Proc. Rules 8(a). 28 U.S.C.A. Requiring that A complaint Contain A short And plain statement of Claims being Asserted; And does not Require A civil Rights plaintiff to plead his evidence or specific factual details not ascertainable in Advance of discovery.

B. Plaintiff's Suit is Not Barred By The Prior Invalidation Rule. . .

Plaintiff has never stipulated in neither his original Complaint nor most recently his Amended Complaint statements Challenging the Action directly Affecting the duration of the unlawful sentence (Punishment)

However plaintiff in general do Challenge the cruel And unusual punishment Relaliation imposement of significant hardship living Condition in Relation to the ordinary incident of normal prison living cased by plaintiff being subject to its due process violation (See Sandin v Conner (1995) 515 U.S 472 483; And Wilkinson v Dotson (2005) 544 U.S 74. Under United State Code Title 42 section 1983.

## C. Defendants Are "Not" Entitled To Qualified Immunity....

Plaintiff has set forth with particularity evidence by way of others CDCR/CMC-E Officers Incident Report; upon which he has based Allegations of improper and unlawful Motives from All these defendants. Which qualified immunity protect only Action taken pursuant to discretionary functions (see Groten v Calif. 251 F. 3d 844)

In this case these named defendants function were Acts of malice and sadism under prejudicial deliberate indifferences in theirs individual capacity. Unlawful Action to violated clearly Established Statutory And Constitutional Rights which any Reasonable person would have honestly known. To which disputed their Resolution and determination of credibilty Are manifestly of A Jury — determination (See Martinez v City of Oxnard 270 F. 3d 852. Aswell the Supreme Court has Rejected this Argument. United States V Testan 424 U.S 392, 399, 96 s ct. 948, (1976). Smothers v Gibson 778 F. 2d 470, 473 (8th Cir. 1985).

## D. Defendants Claims That Plaintiff's

Complaints Fails To Plead A Claim For
Puntive Damages is Misleading And should
be interepreted that defendants Admit to theirs
misconduct unlawfulness ect.~

    Plaintiff believed In federal Court
the Rules do not Require a plaintiff to state
a definite dollar Amount At all (see CNW Corp.
V Japonica Partnees L.P 776 F. Supp. 864, 869
(D. Del. 1990). Also see R.S.E Inc. V Pennsy
Supply, Inc 77 F.R.D 702, 703 (M.D. Pa 1977)
Federal Rules Require only A statement of the
type of Relief Requested.

    Adso plaintiff Are in diligence hopes
to obtain An Attorney (see FARRAR V Hobby
506 U.S —— 113 S. Ct. 566. 574-75 (1992).


    3-THROUGH-8 INCORPORATED DUE PROCESS
        VIOLATIONS BY DEFENDANTS

    Plaintiff was completely denied his
due process Rights under Wolff v McDonnell
(1974) 418 U.S, Penal Code Section 2932
subdivision (a)(3) And Title 15, Cal Admin.
Code Section 3315 (e) to have witnesses
present At his hearing. By Defendant S.R
Stinson. Also unlawfully / illegally defendant
Stinson lied falsified A disposition by Fabricating
he waived this Rights away when he did not.

1   Aswell this same defendant initiated the
2   Hearing with malice and prejudice. He Refused
3   to let ~~him/her~~ Plaintiff be present to participate And Refused to
4   let ~~me~~ Plaintiff present true evidence in support of his ~~the~~
5   Actual innocence. Aswell of letting ~~one~~ him question
6   his ~~my~~ Accuser (Defendant David Balkind).

8              4.
9         CDCR/CMC-E Prison Officials denied
10  Plaintiff to impartial and adequate and just
11  Investigative Employee. To violate Plaintiff
12  Rights to a fair hearing as protected by
13  Title 15, Cal. Admin. Code section (d).
14  Defendant N. A. Ellis Assigned as Plaintiff
15  (IE) whom personal unlawfully with malice
16  and sadistic intention discarded Plaintiff
17  Written Declaration to pursuit for his innocent
18  that contain witnesses question to ask ect...
19  All of which IE Ellis Refused to do to
20  Allow Defendant S. R Stinson to Fabricate
21  plaintiff entire Final Hearing.
22         The United States Supreme Court in
23  Wolff v. McDonnell supra at p. 570
24  established that prisoners are entitled to
25  Counsel-Substitute when a particularized need
26  for such can be demonstrated.
27         Section 3315 of the code Reflects a
28  Recognition that a prisoner who is placed in

1  Segregation pending a disciplinary hearing is
2  Seriously disabled in his ability to collect
3  evidence on his behalf.
4      Therefore, subsection (d) of that
5  Section provides for the assignment of an
6  investigative employee ect... where" the inmate's
7  housing status makes it unlikely that he or she
8  can collect and present the evidence neccessary
9  for an adequate comprehension of the case..."
10  Which Plaintiff was denied of in its entirety.
11  (see Clutchette v Enomoto (N.D Cal. 1979)
12  471 F. Supp. 1113, 1117).
13      The Structures thus put upon an accused
14  with no independant means to gather evidence
15  in his behalf due to his "lockup" status are
16  hardly conducive to the kind of "fair hearing"
17  envisioned in Wolff v McDonnell, supra. (Id).
18
19          5.
20      Defendant Schnoer, with malice and
21  prejudice deliberately indifference participated
22  with sadistical negligence toward Plaintiff being
23  completely denied fundamental fairness due process
24  in connection with the Plaintiff Disciplinary Proceeding
25      First, defendant Schnore the head officials
26  was extremely negligence - a person with Reckless
27  Action for not immediately calling the yard down
28  upon learning an inmate became assaulted, whom

PAGE- 12

1  Attempted to try and cover it up; moreso because
2  the injury caused the yard-time activity to become
3  exposure to great amount of "contaminating Blood"
4      Second, defendant was an assigned yard
5  program Sergeant with years of experience under
6  such matter to have known he failed his sole
7  duty to protect prisoners and his staff from
8  violence at the hands of other inmates (See
9  Helling v Mckinney 509 U.S 25 (1993) and
10 Wilson v Seiter 501 u.s. 294 (1991)).
11     Third, due to Sgt. Schwore actual Knowledge
12 standard of clearly establish Law - Farmer v
13 Brenan 511 u.s. 825·(1994) - Prison Officials.
14 duty under the Eighth Amendment to ensure
15 Reasonable Safety - in turn used poor judgement
16 too Coerce his following Officers to Fabricate
17 (Alter) the incident-timing to his. In an attempt
18 to conceal the Ample-time in between to had called
19 the Yard-Down prior to the fighting.
20     All to which unlawfully permitted
21 defendant David Balkind to File False Charge
22 Against Plaintiff that Automatically Forced any
23 Plaintiff to become denied true impartial fundamental fairness
24 to Just due Process Protection Rights.
25     Evidence in support of the Above Actual
26 facts consist with all other Primary and Responders
27 incident Officers incident Report - Convincingly
28 demonstrating that they were much more present observers

PAGE- 13

1  Policy correctly Respondees whom used Appropriately
2  force (Pepper Spray) to stop further assault and too
3  secure and correctly identify. Contrarily to
4  defendant-D. Balkind false Allegation whom was
5  the farthest away with over 60 inmates in his
6  pathway and vision to be the very last to arrived
7  to never Policy standardize to secure and identify.
8         Plaintiff was no where near this fighting
9  zone with two ten-feet high/20 feet long fences
10 preventing an escape pathway. As Stg. Schnore *defendant*
11 Stg. Kethliee and Officer Carlson Also approaching
12 before defendant-D. Balkind. To which Plaintiff
13 was label behind theirrs secure position. Therefore
14 the timing Fabrication initiated by defendant Schnore
15 established Plaintiff to be denied fair/equal impartial
16 due process Rights.
17        Futhermore by defendant Schnore supervisor
18 of this incident to label it ~~its~~ Falsely As an alleged
19 participation Racial Riot and not substantially of
20 its truthfulness that the black inmates were only
21 Acting in self-defense due to Staff negligence to
22 had intervene much earlier- Convincingly show
23 defendant Schnore prejudice/discrimination.
24 Against Blacks inmates As Plaintiff, By Policy
25 Standardardization evidence wasn't product that said
26 Plaintiff was "in" Any way Affiliated to the Black inmate
27 that initiated these individual fighting or do CDCR
28 Record support that Plaintiff is a Crip member

PAGE-14

1  AS with this initiator; Aswell establishment
2  informations was developed that state the
3  initiator acted alone because of a previous
4  altercation where staff was also negligence to
5  follow-up on another standardize policy violation
6          To which Schnoor supervising prejudice
7  discriminating false incident labelling significantly
8  contributed to plaintiff also being denied an faie
9  impartial due process entitlment !!.
10         For additional support review plaintiff
11  Amended Complaint on file.

13              6.
14       Defendant M. Vela assigned as CMC-E
15  Appeal Coordinator with prejudice and a
16  Conflict of interest - by intentionally vague
17  schematic information not being stipulate that
18  identify two Ten feet fences to contradict defen-
19  dant D. Balkind false Allegation and defendant
20  S.R Stinson some evidence that was based on this
21  vague information. Prejudicially impaired plaintiff
22  to Receive a faie due-process review
23          Moreso for not coming forth to clarify the
24  truth, this defendant enhance the unlawful prosecution
25  by not time processing the CDC-602 by personally
26  Review the issues and Refusing to process the 602
27          In the Record by way of Plaintiff
28  Amended Complaint show submitted CDC-602 Post -

Deprivation Violation by way of CDC-602 Review that Mrs. Vela prejudice with deliberately indifference failed to correct and process in support of her liability - See King v Cuyler, 541 F Supp. 1230, 1233-34 (E.D. Pa 1982) and Sheppard v. LeFevre 116 A.D. 2d 867, 498 N.Y S 2d 190 (N.Y. App. Div. 1986).

Moreso defendant M. Vela Refuse to process plaintiff I E Violation CDC-602 upon becoming fully aware that the Policy contain a huge deficiency by forcing ASU/SHU to attach documents either that they haven't Receive yet; in the process or locating to make copies to attach to two differently CDC-602 Review, in which the original document would already be on file for Review by the 602-Reviewer. Which in this case conceal all the Violation from becoming Address until long after being punished

This permitted other Hearing to become Violated and so on ~ Due Process Require a hearing before punishment is imposed (See Walker v Bates 23 F. 3d 652 657-59 (2d Cir. 1994) petition for cert filed (July 25, 1994); See also Chavis v Rowe, 643 F.2d 1281, 1287-88 (7th Cir.), cert. denied, 454 U.S 907 (1981). And that hearing (CDC-602 Appeal due process) must meet due process Standards Gilbert v. Frazier 931 F. 2d 1581, 1582 (7th Cir. 1991). To which Defendant M. Vela Violated Plaintiff due Process Rights in pursuit to establish fair due process within

that present Hearing which also resulted in a due process Hearing Violations.

For Addition Support into defendant M. Vela due process Violation Against plaintiff please Reviewed on file Plaintiff Amended Complaint on file.

7.

Defendant - Arfa being Assigned As CDCR/CMC-E Institution Classification Committee (ICC) Chairperson - Policy designated to Review All pre/post disciplinary Procedure before Confirming Judgement Recommandation And to Redress the Alleged Evidence in support of the finding of Guilt.

Contrarily defendant Arfa deprived ↑ Plaintiff to this Fair/justice, due process Right by not having this ICC Hearing Tape Recorded too permit plaintiff his due process Rights protection to stipulate on Record to the multitude of unlawfulness, due process Rights Violations that Plaintiff now Complaint to this Just Court too Redress.

Contradictively defendant Affiemed the unlawful And due process Violations of its entirety too enhance the unlawfulness in Retaliation by forcing that plaintiff be Adverse transferred to hardship living ectm CTF Facility. For Additional defendant-Arfa due process Violation See Amened Complaint.

PAge 17.

8.

Defendant John Marshall CDCR/CMC-E
Warden. Contribute to the multitude of plaintiff
Actual stated due process violations by using
his Authority to conceal the named defendant
unlawful, prejudice And deliberately indifferences
misconduct ect... By having a partial staff
misconduct investigation conduct by co-work
friendship Official that were prejudice And didn't
honestly Review or Redress Any of plaintiff Claims
of violations.

Plaintiff diligently sought out-side
Assistence As he Also sought Administration
help with no success. Plaintiff believe out-side
overseer Office of Internal Affairs finally
after All the violation occurred contact CMC-E
Official defendant John Marshall whom with
deliberately indifference did ⁿᵒᵗ personal get involved
so other staff could conceal All plaintiff claims.

The Fourteenth Amendment Due Process
Clause of the United States Constitution
guarantees that people shall not be deprived of
liberty without due process of Law
Initially CDC Rules were held to place
limits on the discretion of prison Officials And
Require that California prisoners be provided with
procedural Rights protecting Against unjust placement

PAGE-18

1  OR Retention in Segregation (See Toussaint
2  V McCarthy (9th Cir. 1986) 801 F. 2d 1080, 1098
3  Cert. denied, 107 S. Ct. 2462 (1987).
4       Then in Sandin V Conner (1995) 515
5  U.S. 472 - where A State had specific Rules for
6  placing prisoners in segregation, these Rules did
7  Not invoke due process protections unless the
8  Restraint at issue imposed Atypical And significant
9  hardship in relation to ordinary prison life." That
10 has exist in this presented case now."
11      CDC has for years had difficulty in
12 consistently processing prisoners' Appeals within
13 the time limits even when there have Not been
14 Circumstances excusing delay (See In Re Day
15 (Marin Superior Court No. 126836) Interlocutory
16 Order filed March 9, 1987) Which has gotten
17 even worst (Refer. Prison Law Office 2000
18 Study).
19      Now CDCR/CMC-E Appeal Office has
20 enhanced it manipulation deliberately Indifference
21 by forcing its inmates to Attach Already on file
22 Copies CDC 128g chrono's I E-Reports And finial
23 115 disposition Copies that take months for the
24 inmate to obtain And then when a plaintiff finally
25 obtain his copy the next hearing has Already took
26 place in due process violation And as in this case
27 having the Appeal Coordinator deprive plaintiff immediately
28 602 Review to Attach A copy of that documentation Already on

PAGE-19

1  file for official Review And then when plaintiff
2  comply to that order to Resubmitt the COC-602
3  it then become Reject As being to late. That
4  deprivated plaintiff crucial IE-Violation From
5  becoming due process Reviewed...

6
7                CONCLUSION
8
9        For the foregoing Reasons And for
10 good cause shown,
11        1.    Grant Plaintiff Motion For
12 default Against Defendant DAVID BAlkind
13 for failure to comply to this Court order.
14        2.    Grant Plaintiff Motion For
15 this Court to Appoint him legal Representation
16 in the interest of Justice.
17        3.    Grant Plaintiff Motion To Leave
18 To Amend; For Grounds to Reinstate All
19 Named defendants in Plaintiff Original
20 Complaint; His Amended Complaint, Aswell Named
21 in this Responded Brief by plaintiff.
22        4.    Denied Defendants Motion To Dismiss
23 in its entirety. And in Bad faith by defendants
24 denied defendants Request to now submit A Motion
25 For Summary judgment.
26        5.   This Court should Grant partial
27 Summary judgment on liability to the plaintiff on
28 his due process claims. The Amount of damages

due to the plaintiff must be determined at trial.
Patterson V Coughlin, 905 F. 2d 564, 570
(2d Cir. 1990).

Dated: June 18, 2008.

Respectfully submitted.

Derrick Lee Sledge
Derrick Lee Sledge
In Pro Se.

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _Derrick Lee Sledge_____, declare:

I am over 18 years of age and I am party to this action. I am a
resident of CORRECTIONAL TRAINING FACILITY prison, in the County
of Monterrey, State of California. My prison address is:

_Derrick L. Sledge_, CDCR #: _P-43766_
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: _CW-134L_
SOLEDAD, CA 93960-0689.

On _June 19, 2008_____, I served the attached:

_Plaintiff Opposition Response to Defendants Motion
To Dismiss; Memorandum of Points And Authorities in Support._

on the parties herein by placing true and correct copies
thereof, enclosed in a sealed envelope (verified by prison
staff), with postage thereon fully paid, in the United States
Mail in a deposit box so provided at the above-named institution
in which I am presently confined. The envelope was addressed as
follows:

Office of the Clerk
U.S. District Court
North District of Calif.
450 Golden Gate Ave
San Franriso CA. 94102
      3x Copies

Dept. of Justice Office
of the Attorney General
455 Golden Gate Ave
Suite 11000
San Francisco Ca 94102
Attn. Edmund G Brown Jr.
And Is/ Kyle A Lewis
for defendants
            1x Copies

I declare under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.
Executed on _June 19, 2008_ .

_Derrick L Sledge_
Derrick L Sledge
Declarant

Derrick
CTF/CW-134L
P.O. Box 689
Soledad Calif. 93960

Office of the Clerk
U.S District Court
North District of Calif.
450 Golden Gate Ave.
San Francisco Ca 94102

