EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
KYLE A. LEWIS, State Bar No. 201041
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5500
  Fax:  (415) 703-5843
  Email:  Kyle.Lewis@doj.ca.gov

Attorneys for Defendants R. Schnorr, M. Vela, and M. Arfa.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DERRICK LEE SLEDGE,<br><br>                              Plaintiff,<br><br>    v.<br><br>DAVID BALKIND, R. SCHNORR, J. T. WHITE, N. A. ELLIS, M. VELA, S. R. STINSON, M. ARFA, and JOHN MARSHALL<br><br>                             Defendants. | C 07-4622 CRB (PR)<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION REQUESTING THE COURT SCREEN PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER 28 U.S.C. § 1915A; REQUEST TO DIRECT THE DEFENDANTS MOTION TO DISMISS TO PLAINTIFF'S FIRST AMENDED COMPLAINT; WAIVER OF REPLY UNDER 42 U.S.C. § 1997e(g) |

TO PLAINTIFF DERRICK LEE SLEDGE IN PRO SE:

PLEASE TAKE NOTICE that Defendants R. Schnorr, M. Vela, and M. Arfa (Defendants) request that this Court screen Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A, apply Defendants' Motion to Dismiss to Plaintiff's First Amended Complaint, and stay proceedings until such screening has been completed.  Defendants waive their rights to reply to

Defs.' Not. Mot. & Mot. Requesting Ct. Screen Pl.'s 1st Am. Comp.                   Sledge v Balkind, et al.
                                                                                              C 07-4622 CRB (PR)

1

the First Amended Complaint under 42 U.S.C. § 1997e(g).[1]

**A. Procedural Background**

Plaintiff filed his Complaint in this case on October 12, 2007. (Court Docket (CD) # 4.) Before filing this Complaint, Plaintiff filed a document titled "Affidavit" on September 6, 2006, containing various reports, correspondence, and materials allegedly related to this matter. (CD # 1.) The Court screened the Complaint under 28 U.S.C. § 1915A and found that Plaintiff stated a cognizable claim for denial of due process in connection with the disciplinary proceedings against him against all named Defendants. (CD # 6 at 2.) The Court dismissed Plaintiff's allegations that he was falsely charged with a disciplinary violation and that his underlying administrative appeals regarding participation in the yard fight were mishandled. (*Id.* at 2-3).

On April 10, 2008, Defendants filed a motion to dismiss Plaintiff's suit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, to dismiss the suit as barred by the prior invalidation rule, for a determination that Defendants are entitled to qualified immunity, and that Plaintiff's request for punitive damages is not supported by the allegations of the Complaint. (CD # 12.) Plaintiff subsequently filed a request for an extension of time to respond to the motion to dismiss (CD # 15), which the Court granted on June 20, 2008. (CD # 17.) In its order granting Plaintiff's request for extension of time, the Court stated that Plaintiff's opposition to the motion to dismiss must be filed by June 20, 2008, and that no further extensions would be granted. (CD # 17 at 1.)

On June 12, 2008, Plaintiff filed a Motion for Leave to File an Amended Complaint (CD # 18.) On June 23, 2008, Plaintiff filed his opposition to Defendants' motion to dismiss. (CD # 20).[2]

---

1. Defendants' recently received the Court's August 18, 2008 order directing the filing of a statement of opposition or non-opposition to Plaintiff's motion for leave to file an amended complaint. (CD # 25.) In response, Defendants respectfully submit the present Motion Requesting the Court Screen Plaintiff's First Amended Complaint Under 28 U.S.C. § 1915A.

2. Defendants' did not reply to Plaintiff's opposition to the motion to dismiss believing that their motion was rendered moot by the Motion for Leave to File an Amended Complaint filed by Plaintiff eleven days earlier. In response to the Court's August 18, 2008 scheduling order directing

Defs.' Not. Mot. & Mot. Requesting Ct. Screen Pl.'s 1stAm. Comp.

*Sledge v Balkind, et al.*
C 07-4622 CRB (PR)

2

1  Plaintiff's First Amended Complaint is substantially similar to his original complaint, and
2  raises no new allegations or facts. Defendants respectfully request that the Court screen
3  Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A, and that while doing so, the
4  Court apply the points raised in Defendants' previously filed Motion to Dismiss to the allegations
5  and claims made in Plaintiffs' First Amended Complaint. Defendants further waive their right
6  to further reply to the First Amended Complaint under 42 U.S.C. § 1997e(g)

**B. Defendants Request that the Court Screen Plaintiff's First Amended Complaint Under 28 U.S.C. § 1915A.**

Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon such review, the Court shall identify cognizable claims or dismiss any or all portions of the complaint if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

Thus, Defendants request that the Court screen Plaintiff's First Amended Complaint and dismiss those claims and Defendants it believes should be dismissed.

**C. Defendants' Motion to Dismiss Should Be Directed at the First Amended Complaint.**

The Court must address the effect of Plaintiff's recently filed First Amended Complaint on Defendants' Motion to Dismiss because an amended complaint supersedes the original. *Milsap v U-Haul Truck Rental Co.*, 2006 WL 379731, at *1 (D.Ariz. Dec. 20, 2006). At the time Defendants filed their motion to dismiss, the operative pleading in this case was Plaintiff's original complaint. In response to Defendants' motion to dismiss, Plaintiff filed an amended complaint and a memorandum in opposition to Defendants' Motion to Dismiss. (CD # 18, CD # 20.) The filing of an amended pleading moots a motion to dismiss, unless the amended complaint fails to cure the deficiencies detailed in Defendants' motion to dismiss. *Robinson v.*

---

a reply to the opposition, Defendants will file a reply under separate cover. Defendants appreciate the Court's attention to this case and the opportunity given to file a reply.

Defs.' Not. Mot. & Mot. Requesting Ct. Screen Pl.'s 1stAm. Comp.                *Sledge v Balkind, et al.*
                                                                                C 07-4622 CRB (PR)

*State of California*, 2005 WL 15161524, at *1 (E.D. Cal. June 29, 2005).

Here, Plaintiff's First Amended Complaint does not cure the deficiencies outlined in Defendants' motion to dismiss. Plaintiff repeats the language in his original complaint and adds little new information. Although Plaintiff attaches "Exhibits" exceeding three hundred pages, the allegations against the Defendants in Plaintiff's First Amended Complaint are virtually identical to the allegations contained in Plaintiff's original complaint. (CD # 4, CD # 18.) Therefore, the First Amended Complaint does not cure the failure to state a claim, prior invalidation, qualified immunity, and punitive damages issues as argued in Defendants' Motion to Dismiss.

Moreover, given the substantial similarity between the original and amended complaints, Defendants would be required to file another motion to dismiss specifically directed at the amended complaint on these same issues. Filing a separate motion to dismiss and requiring the court to review additional pleadings would constitute an unnecessary use of judicial resources. Therefore, Defendants request that the Court direct Defendants' motion to dismiss at Plaintiff's Amended Complaint[3]. *Robinson*, 2005 WL 15161524, at *1; *See also* Judge William W. Schwarzer, et al., *Fed. Pro. Before Trial*, § 9:262 (The Rutter Group 2004) ("An amended complaint supersedes the prior complaint as a pleading. Thus, the court will usually treat the motion to dismiss as mooted. It may, however, proceed with the motion if the amendment does not cure the defect.").

**D.  Defendants Waive their Right to Reply to Plaintiff's First Amended Complaint.**

Defendants waive their right to further reply to Plaintiff's First Amended Complaint. Under 42 U.S.C. § 1997e(g), "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under . . . Federal law. Notwithstanding any other law or rule of procedure, such a waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed." However, "the Court may require any defendant to reply to a

---

3. If the Court does not dismiss the First Amended Complaint, Defendants respectfully request the Court not only screen the amended complaint under 28 U.S.C. § 1915A as to any new Defendants, but also as to Defendants R. Schnorr, M. Vela, and M. Arfa..

Defs.' Not. Mot. & Mot. Requesting Ct. Screen Pl.'s 1stAm. Comp.                *Sledge v Balkind, et al.*
                                                                                  C 07-4622 CRB (PR)

4

complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(2).

Assuming that the Court does not dismiss Plaintiff's First Amended Complaint in its entirety, Defendants request that the Court allow sixty (60) days from the date of the Court's order for Defendants to file their responsive pleading. If additional defendants are ordered to be served, Defendants respectfully request that, in the interests of judicial efficiency and the efficiency of the parties, the Court set one responsive pleading date sixty (60) days after the final defendant has been served.

## E. Conclusion

Defendants respectfully request that the Court screen Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A. Defendants also request Defendants' Motion to Dismiss be directed at Plaintiff's First Amended Complaint. Furthermore, in order to allow the Court sufficient time to complete a screening, Defendants waive their right to reply to Plaintiff's First Amended Complaint under 42 U.S.C. § 1997e(g).

Dated: August 28, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

_/s/ Kyle Lewis_
KYLE A. LEWIS
Deputy Attorney General
Attorneys for Defendants R. Schnorr, M. Vela, and M. Arfa.

Sledge--Req Screening Order.wpd
SF2008400524

Defs.' Not. Mot. & Mot. Requesting Ct. Screen Pl.'s 1st Am. Comp.                    *Sledge v Balkind, et al.*
                                                                                      C 07-4622 CRB (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   D. L. Sledge v. D. Balkind, et al.

No.:   C 07-4622 CRB

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 29, 2008**, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION REQUESTING THE COURT SCREEN PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER 28 U.S.C. § 1915A; REQUEST TO DIRECT THE DEFENDANTS MOTION TO DISMISS TO PLAINTIFF'S FIRST AMENDED COMPLAINT; WAIVER OF REPLY UNDER 42 U.S.C. § 1997e(g)**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Derrick L. Sledge  (P-43766)
CTF - Soledad
P.O. Box 689;  XW-132L
Soledad, CA  93960
In Pro Per

Derrick L. Sledge  (P-43766)
Correctional Training Facility
CTF/CW-134L
P. O. Box 686
Soledad, CA 93960

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 29, 2008**, at San Francisco, California.

|  |  |
|---|---|
| R. Panganiban | /S/ R. Panganiban |
| Declarant | Signature |

20137746.wpd