EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
KYLE A. LEWIS, State Bar No. 201041
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5677
 Fax:  (415) 703-5843
 Email:  Kyle.Lewis@doj.ca.gov

Attorneys for Defendants R. Schnorr, M. Vela, and
M. Arfa.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DERRICK LEE SLEDGE,** | Case No. C 07-4622 CRB (PR) |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| **DAVID BALKIND, R. SCHNORR, J. T. WHITE, N. A. ELLIS, M. VELA, S. R. STINSON, M. ARFA, and JOHN MARSHALL** | |
| Defendants. | |

## INTRODUCTION

In his Opposition to Defendants' Motion to Dismiss, Plaintiff appears to argue that his claims should not be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's Complaint meets the threshold requirement for pleadings.  Plaintiff also appears to argue that his Complaint should not be barred by the prior invalidation rule because he is not challenging the action directly affecting the duration of his sentence.  Furthermore, Plaintiff contends that Defendants cannot claim qualified immunity from liability for civil damages under

Defs.' Reply Supp. Mot. to Dismiss

*Sledge v Balkind, et al.*
C 07-4622 CRB (PR)

1    42 U.S.C. § 1983 because they violated clearly established statutory and Constitutional rights.

2    Lastly, Plaintiff claims that his prayer for punitive damages is proper because he is not required

3    to plead a definite dollar amount, only a type of relief requested.

4    However, as more thoroughly discussed below, Plaintiff was not denied due process and

5    his suit fails to state a claim under which relief may be granted. Additionally, Plaintiff's suit is

6    premature and barred by the prior invalidation rule regarding civil claims arising from a criminal

7    conviction. Furthermore, Defendants are entitled to qualified immunity because their conduct

8    was constitutionally valid. Finally, Plaintiff fails to sufficiently allege the basis for an award of

9    punitive damages, and his request for this type of damages must be dismissed. For these reasons,

10    the Court should dismiss Plaintiff's suit.

11    **STATEMENT OF THE CASE**

12    On December 13, 2006, Plaintiff Derrick Lee Sledge, a state prison inmate, was identified

13    as a participant in a large prison yard fight. Plaintiff was subsequently charged with a

14    disciplinary violation, a hearing was conducted, and Plaintiff was found guilty of participating in

15    the fight. Throughout his disciplinary proceedings, Plaintiff was afforded all Constitutionally-

16    mandated due process protections, resulting in a legally sound conviction and sentence.

17    Plaintiff subsequently filed suit against various prison officials alleging that he was denied

18    due process in connection with the disciplinary proceedings against him. However, Plaintiff was

19    not denied due process and his suit fails to state a claim under which relief may be granted. On

20    April 10, 2008, Defendants filed a motion to dismiss Plaintiff's suit under Federal Rule of Civil

21    Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. In the motion to

22    dismiss, Defendants also contend that Plaintiff's suit is premature and barred by the prior

23    invalidation rule regarding civil claims arising from a criminal conviction. Defendants further

24    assert that prison officials are entitled to qualified immunity and Plaintiff's claim for punitive

25    damages against them are without sufficient justification.

26

27

28

Defs.' Reply Supp. Mot. to Dismiss                                    *Sledge v Balkind, et al.*
                                                                      C 07-4622 CRB (PR)

2

1    On June 23, 2008,  Plaintiff filed his Opposition to Defendants' Motion to Dismiss.[1/]

2  (Court Docket (CD) # 20.)  Defendants now submit this reply in support of their Motion to

3  Dismiss Plaintiff's suit.

4                                    **ARGUMENT**

5    **A.    Plaintiff's Due Process Claim Must Be Dismissed as He Fails to State a Claim
           Under Which Relief May Be Granted.**

6

7      Plaintiff's Complaint fails to state a claim that he was denied due process by Defendants in

8  connection with the disciplinary proceedings against him.  To the contrary, the documents

9  referenced in Plaintiff's Complaint and filed with this Court by Plaintiff (CD # 1) demonstrate

10 that Plaintiff was provided with the appropriate due process protections throughout his

11 disciplinary proceedings.  These documents demonstrate that Plaintiff was afforded all

12 Constitutionally-mandated procedures associated with the disciplinary process, resulting in a

13 valid conviction based on sufficient evidence.

14     In the report of the hearing on Plaintiff's Rules Violation Report (CD # 1, at D2-D3), the

15 Hearing Official stated that "SLEDGE acknowledged receiving copies of the CDC-115 and all

16 other pertinent documentation more than 24 hours prior to the hearing.  A review of the CDC-

17 115 indicates that all of the time constraints have been met."  Regarding witnesses, the Hearing

18 Official noted "that SLEDGE does not request the presence of any staff or inmate witnesses at

19 the hearing."  Furthermore, Plaintiff's Serious Rules Violation Report reflects that he did not

20 request a Staff Assistant be assigned to him during his disciplinary proceedings.  (CD # 1, Ex. 1.)

21 The Rules Violation Report also states that the Hearing Official assessed Plaintiff's mental health

22 and educational level and determined that Plaintiff did not meet the criteria for assignment of a

23 Staff Assistant.  (CD # 1 at D2.)  These actions clearly satisfy the procedural due process

24 requirements for disciplinary proceedings established by the Supreme Court in *Wolff v.*

25 *McDonnell*, 418 U.S. 539, 564-70 (1974), and demonstrate that Defendants did not violate

26 _____

27     1. Plaintiff requested an extension to file an opposition from the Court on May 8, 2008.  (CD
   # 15.)  The Court granted an extension, directing that Plaintiff's opposition must be filed by June 20,

28 2008.  (CD # 17.)

Defs.' Reply Supp. Mot. to Dismiss                                    *Sledge v Balkind, et al.*
                                                                      C 07-4622 CRB (PR)

3

1  Plaintiff's rights in connection with the disciplinary hearings against him.

2          In his Opposition, Plaintiff offers no further information, evidence, or legal support to

3  counter Defendants' argument that he has failed to state a claim under which relief can be

4  granted.  Rather, Plaintiff restates the facts of his case without including any additional material

5  demonstrating how his Constitutional rights to due process in the disciplinary proceedings

6  against him were violated.  (CD # 20, at 3-7.)  Although Plaintiff correctly states the minimum

7  requirements for alleging a claim under Federal Rule of Civil Procedure 8(a), he does not

8  overcome the fatal flaw of his complaint--his own supporting documents demonstrate that he was

9  provided with full procedural due process during his disciplinary proceedings.  Furthermore,

10  Plaintiff's Opposition provides no challenge to Defendants' arguments regarding the Complaint's

11  failure allege that Defendants Schnorr, Vela, and Arfa actually participated in the violation of

12  Plaintiff's due process rights in connection with his disciplinary proceedings.  (CD # 12 at 8-9.)

13          **B.      Plaintiff's Suit is Barred by the Prior Invalidation Rule.**

14          Additionally, Plaintiff's Complaint should be dismissed because the due process claims

15  raised against Defendants are barred by the prior invalidation rule established in *Heck v.*

16  *Humphrey*, 512 U.S. 477 (1994).  As the Supreme Court stated in *Heck*, "when a state prisoner

17  seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of

18  the plaintiff would necessarily imply the invalidity of this conviction or sentence; if it would, the

19  complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence

20  has already been invalidated."  *Id.* at 487.  In this case, Plaintiff lost ninety days of good time

21  credit as a result of the rule violation stemming from his participation in the yard fight.  (CD # 1

22  at D3).  If Plaintiff were to succeed on his civil due process claim against Defendants, it would

23  necessarily imply the invalidity of the punishment imposed as a result of the disciplinary

24  proceeding, thus constituting precisely the situation addressed by the holding in *Heck*.  Therefore,

25  Plaintiff's Complaint is barred, even if Plaintiff did not request expungement of the rule violation

26  or restoration of good time credits in his request for relief.

27          Plaintiffs' Opposition fails to raise any salient argument against the application of the prior

28  invalidation rule to his suit.  (CD # 20 at 8.)  Instead, Plaintiff appears to allege some type of

Defs.' Reply Supp. Mot. to Dismiss                                          *Sledge v Balkind, et al.*
                                                                            C 07-4622 CRB (PR)

1  cruel and unusual punishment incident to his incarceration. (Id.) This is not a valid legal

2  argument against imposition of the prior invalidation rule.[2/]  Where Plaintiff has failed to

3  establish that his rule violation and the punishment imposed have been invalidated, Plaintiff's

4  Complaint must be dismissed. .

5  **C.    Defendants Are Entitled to Qualified Immunity.**

6      Defendants have also moved to dismiss Plaintiff's claims against them on the grounds that

7  insufficient evidence was provided regarding their knowledge of or participation in the alleged

8  constitutional violation committed against the Plaintiff.  In his Opposition, Plaintiff claims that

9  the Defendants' "unlawful action to violated [sic] clearly established statutory and constitutional

10  rights which any reasonable person would have honestly known." (CD # 20 at 9.)  Plaintiff

11  elaborates no further, nor does he offer a reasoned challenge Defendants' arguments regarding

12  their entitlement to qualified immunity.

13      In neither the Complaint nor the Opposition has Plaintiff alleged sufficient facts to support

14  a cognizable legal theory that Defendants were involved in the disciplinary proceedings against

15  him, much less violated his due process rights in connection with those disciplinary proceedings.

16  (CD # 12 at 6-11.)  Furthermore, the documents filed by Plaintiff with the Court demonstrate that

17  he was afforded all of the required procedural due process protections.  Where, as here, this is no

18  violation of a constitutional right, Defendants are entitled to qualified immunity. *Saucier v. Katz*,

19  533 U.S. 194, 201 (2001).  Furthermore, Plaintiff's allegations show that Defendants acted as

20  reasonable officials in light of the circumstances.  As demonstrated by Plaintiff's documents,

21  Defendants took actions to ensure that Plaintiff was afforded his due process rights throughout

22  his disciplinary proceedings and Defendants reasonably believed they were providing Plaintiff

23

24

---

25  2.  Plaintiff's assertion of cruel and unusual punishment in his Opposition is likewise
improper.  In the screening order on the Complaint, the Court found only that Plaintiff stated a
26  cognizable claim for denial of due process in connection with the disciplinary proceedings against
him against all named Defendants. (CD # 6 at 2.)  The Court dismissed Plaintiff's allegations that
27  he was falsely charged with a disciplinary violation and that his underlying administrative appeals
regarding participation in the yard fight were mishandled. (Id.)  Plaintiff's Complaint did not allege
28  claims regarding cruel and unusual punishment suffered during his imprisonment.

Defs.' Reply Supp. Mot. to Dismiss                          *Sledge v Balkind, et al.*
                                                            C 07-4622 CRB (PR)

1  with the appropriate due process considerations in connection with the disciplinary proceedings

2  against him.  Thus, under the two-prong test adopted in *Saucier,* 533 U.S. at 205–06, Defendants

3  are entitled to qualified immunity.  Accordingly, Plaintiff's claims against Defendants must be

4  dismissed.

5  **D.    Plaintiff Fails to Sufficiently Plead His Claim for Punitive Damages.**

6      Defendants also moved the Court to dismiss Plaintiff's claim for an award of punitive

7  damages on the grounds that the complaint fails to allege that Defendants acted with the requisite

8  evil motive or callous indifference.  Plaintiff's Opposition does not sufficiently counter this

9  aspect of Defendants' Motion to Dismiss, nor does Plaintiff supply additional information

10  justifying punitive damages against Defendants in either their official or individual capacities.

11  As such, Plaintiff's request for punitive damages should be dismissed.

12

13                              **CONCLUSION**

14      For the reasons mentioned in this reply brief and in Defendants' moving papers,

15  Defendants respectfully request that the Court grant their Motion to Dismiss.

16

17      Dated:  August 28, 2008
                                 Respectfully submitted,

18
                                 EDMUND G. BROWN JR.
19                               Attorney General of the State of California

                                 DAVID S. CHANEY
20                               Chief Assistant Attorney General

21                               ROCHELLE C. EAST
                                 Acting Senior Assistant Attorney General

22                               JONATHAN L. WOLFF
                                 Supervising Deputy Attorney General
23

24                               _____

25                               KYLE A. LEWIS
                                 Deputy Attorney General
26                               Attorneys for Defendants R. Schnorr, M. Vela, and
                                 M. Arfa.

27
    Sledge--Reply to Opposition to MTD.wpd
28  SF2008400524

    Defs.' Reply Supp. Mot. to Dismiss                          *Sledge v Balkind, et al.*
                                                                C 07-4622 CRB (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **D. L. Sledge v. D. Balkind, et al.**

No.:    **C 07-4622 CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made. I am 18 years of age or
older and not a party to this matter. I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service. In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service that same day in the ordinary course of business.

On **August 29, 2008,** I served the attached

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,
in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate
Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

| | |
|---|---|
| Derrick L. Sledge  (P-43766) | Derrick L. Sledge  (P-43766) |
| CTF - Soledad | Correctional Training Facility |
| P.O. Box 689;  XW-132L | CTF/CW-134L |
| Soledad, CA  93960 | P. O. Box 686 |
| In Pro Per | Soledad, CA 93960 |

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on **August 29, 2008,** at San Francisco,
California.

| | |
|---|---|
| R. Panganiban | /S/ R. Panganiban |
| Declarant | Signature |

20137761.wpd